Filed
D.C. Superior Court
02/24/2022 17:57PM
Clerk of the Court

## THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE DOE** | * |
| **c/o Jackson and Associates Law Firm** | * |
| **1300 Caraway Court #100** | * |
| **Upper Marlboro, MD 20774** | * |
| | * |
| **Plaintiff,** | * |
| | * CASE NO.: |
| **VS** | * |
| | * |
| **DUKE ELLINGTON SCHOOL** | * |
| **OF THE ARTS PROJECT** | * |
| **3500 R St NW** | * |
| **Washington, DC 20007** | * |
| | * |
| **And** | * |
| | * |
| **RORY PULLENS,** *Principal* | * |
| **c/o DUKE ELLINGTON SCHOOL OF** | * |
| **THE ARTS PROJECT** | * |
| | * |
| **MITZI YATES,** *Principal* | * |
| **c/o DUKE ELLINGTON SCHOOL OF** | * |
| **THE ARTS PROJECT** | * |
| | * |
| **MARK A. WILLIAMS,** *Teacher* | * |
| **c/o DUKE ELLINGTON SCHOOL OF** | * |
| **THE ARTS PROJECT** | * |
| | * |
| ***Serve All Duke Ellington Staff and School*** | * |
| ***Officials On*** *Registered Agent:* | * |
| | * |
| **Cliff Bowen** | * |
| **3500 R St. NW** | * |
| **Washington, DC 20007** | * |
| | * |
| **DISTRICT OF COLUMBIA** | * |
| **PUBLIC SCHOOL SYSTEM** | * |
| **1200 First Street, NE** | * |
| **Washington, DC 20002** | * |
| | * |

1

*Serve On*:                                         *
                                                    *
   **Chancellor, Dr. Lewis Ferebee**                *
   **1200 First Street, NE, 10th Floor**            *
   **Washington, DC 20002**                         *
                                                    *
**And**                                             *
                                                    *
**DISTRICT OF COLUMBIA**                            *
**A MUNICIPAL CORPORATION**                         *
**1350 PENNSYLVANIA AVENUE, NW**                    *
**WASHINGTON, DC 20004**                            *
                                                    *
*Serve on the Mayor & Mayor's Designee:*            *
**The Honorable Muriel Bowser**                     *
**Mayor, District of Columbia**                     *
   *or Designees*                                   *
   *Chad Copeland, Stephanie Litos or*              *
   *Tonia Robinson*                                 *
   *John Wilson Building*                           *
   *1350 Pennsylvania Avenue, NW*                   *
   *Washington, DC 20004*                           *
                                                    *
**The Honorable Karl Racine**                       *
**Attorney General, District of Columbia**          *
*or Designees*                                      *
   *Chad Copeland, Stephanie Litos or*              *
   *Tonia Robinson*                                 *
   **441 4th St. NW RM 600 S**                      *
   **Washington, DC 20001**                         *
                                                    *
   **Defendants.**                                  *

---

## COMPLAINT

Plaintiff Jane Doe, by and through Dawn Jackson, Esquire, and Jackson & Associates Law Firm, LLC, and Howard Haley, Esquire, and the Haley Firm, PC hereby sues Defendants Duke Ellington School of the Arts Project (hereinafter referred to as "DESAP" or "Duke Ellington"), Acting Principal Rory Pullens (hereinafter referred to as "Pullens"), Principal

2

Mitzi Yates (hereinafter "Yates") and Mark Williams (hereinafter referred to as "Williams") and District of Columbia Public School System (hereinafter referred to as "DCPS"), and District of Columbia (hereinafter "District") states as follows:

## Parties

1. Defendant District of Columbia (District) is a municipal corporation responsible for the administration of governmental functions affecting the District of Columbia, and was at all times relevant to this cause of action responsible for the Plaintiff minor child as a public school student at the Duke Ellington School of the Arts Project (DESAP).

2. At all times relevant, Defendant District was responsible for the education, discipline, welfare and safety, and the supervision of students, and for establishing the operational rules, regulations and policies, including non-discrimination standards, guidelines and rules and for enforcing the rules, regulations, standards, guidelines and policies at the schools. The Defendant District was also responsible for training and supervising teachers and for ensuring that its teachers, counselors and officers and personnel obey the rules, regulations and policies and the laws of the District of Columbia and the United States. The Defendant was also responsible for creating a welcoming, safe, and educationally appropriate environment for all students.

3. Defendant District of Columbia Public Schools (DCPS) is the agency within the District of Columbia responsible for the education and welfare of students in the District of Columbia who, operate and manage K-12 schools in the District and its

3

Chancellor is in charge of the schools (including their affiliates), their students and staff discipline, welfare and safety, and the supervision of students, teachers and other personnel. Defendant is directly responsible for establishing and implementing policies, managing, supervising, and maintaining all of the public schools within the school system.

4. The Defendant DCPS is the official policy making body of the District of Columbia's Public Schools System and was at all times relevant to this cause of action, responsible for the administration of the public school system in the District of Columbia, and it executes this responsibility through its agent, the Chancellor.

5. In 1999, the Duke Ellington School of the Arts Project (DESAP), an independent 501(c)(3) organization governed by its own board of directors and comprised of the DC Public Schools (DCPS), the Ellington Fund, the John F. Kennedy Center for the performing Arts (The Kennedy Center) and The George Washington University (GWU) was created. The board includes a member from each entity. The Board governs all operations of DESAP pursuant to the sole source contracts administered by DCPS.

6. Defendant DESAP is a public secondary school located in the District of Columbia that receives federal funding. Defendants DCPS managed, operated, maintained, and controlled the subject property known as "Duke Ellington School of the Arts" located at 3500 R St NW, Washington, DC 20007 and its common areas.

7. Defendant DCPS managed the contracts for DESAP that employed agents, teachers, educators, employees, officers, staff, administrators, representatives and servants; DCPS policy bound DESAP agents, teachers, educators, employees, officers, staff,

administrators, representatives, and/or servants pursuant to the contracts; DCPS policy determined the qualifications or lack of qualifications of said agents, employees, officers, staff, administrators, representatives, and servants pursuant to the contracts.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331.

9. Venue is proper in this Court since the events giving rise to the Plaintiff's claims occurred in the District of Columbia.

10. Notice pursuant to DC Code 12-309 was provided by virtue of a District Police Report filed November 15, 2004

## ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff was a minor who was the victim of unlawful intentional sexual battery, statutory rape and other acts of sexual misconduct, sexual harassment and is being identified by this pseudonym to protect her privacy.

12. The actual identity of the Plaintiff is known to the Defendants.

13. Defendants devised all policies, programs, and/or activities for the aforementioned agents, teachers, educators, employees, staff, administrators, representatives and servants, and/or residents of the community, and said agents, teachers, educators, employees, staff, administrators, representatives and servants, worked in a common effort for the benefit for the aforementioned Defendants.

5

14. Defendants Pullens and Yates were employed as Principal/Acting Principal for Defendant Duke Ellington – all staff, teachers, and educators at DESAP are mandatory reporters per the student handbook.

15. Defendant Williams was also employed by Defendant DESAP as a teacher at Duke Ellington.

16. Defendants (DESAP and DCPS) did not require Defendant Williams to undergo a background check as all other public-school teachers in the District of Columbia are required to complete.

17. Defendants (DESAP and DCPS) did not require Defendant Williams to possess or obtain a teaching license. Defendant Williams was an educator who taught at DESAP for more than 18 yrs.

18. DESAP has publicly acknowledged that they failed to keep any HR records (including, but not limited to: reports of misconduct, internal reprimands, investigations, or sanctions) for personnel prior to 2017.

19. Due to the unique relationship between DESAP and DCPS, Defendant Williams was able to avoid scrutiny for his inappropriate acts.

20. During the 2001-2005, school year, Defendant Williams was the Literary Media & Communications (then Literary Media Arts) Department Chair at Duke Ellington while Plaintiff was a student.

21. In late spring before Plaintiff's junior year, she approached Defendant Williams about joining his department and was subsequently accepted.

6

22. Prior to Plaintiff's acceptance to the department, Defendant Williams asked, "Will I have any angry parents to deal with?" as a condition of her acceptance to the department.

23. Defendant Williams suggested that Plaintiff work with him over the summer for private sessions to bring her current with the curriculum in his department before the school year commenced.

24. Defendant Williams met with Plaintiff alone at a local Starbucks during the summer private sessions. Plaintiff was unsure if the meetings were appropriate but understood that it was a requirement for her to graduate.

25. Once Plaintiff started her junior year, she continued to receive special attention and additional assignments from Defendant Williams. There were meetings in his office after school as well.

26. Soon thereafter, Defendant Williams began to speak and write about personal matters to Plaintiff under the pretense that it was consistent with her independent study/ "schoolwork."

27. There was one occasion that Defendant Williams used his position as a teacher to have Plaintiff try on outfits for a theatrical production privately in his office at Duke Ellington. Defendant Williams was the only faculty present in direct violation of DCPS policy.

28. At the end of Plaintiff's junior year, Defendant Williams sent Plaintiff his writing about his personal experiences and fantasies that were sexually explicit.

29. During the summer before Plaintiff's senior year, Plaintiff and Defendant Williams,

would regularly have extensive phone conversations late into the night (sometimes until 4:00 a.m.) – having phone sex while Defendant Williams drank alcohol and smoked cigarettes on his front porch.  These inappropriate calls were in direct violation of DCPS policy.

30. In addition, Plaintiff's summer before her senior year, Plaintiff started to drink heavily because she was upset and confused about the relationship with Defendant Williams. She was inconsolable about her feelings and confused because she believed that she was "in love" with her teacher who was married.

31. Defendant Williams would provide strong alcoholic drinks (mostly gin and tonics) to the Plaintiff at his home.

32. At one point, Plaintiff became suicidal. One of her friends called 911 and Plaintiff initially was taken to Sibley Hospital and later admitted to Psychiatric Institute of Washington (PIW) in Washington, D.C.

33. During her stay in the hospital, Defendant Williams was on the approved call log but some of the staff noticed and witnessed their inappropriate conversations (i.e. that they were not "teacher-student" in nature) and immediately removed him from her approved callers list, effectively stopping the communication between the parties to help Plaintiff's mental health and stability.

34. Plaintiff missed the first day of school as a result of her admission to PIW.  However, she was forced to return to Defendant Williams' classes after her discharge. Defendant Williams used his position of authority and persuaded Plaintiff to

participate in inappropriate sexual activities while on and off Duke Ellington's premises.

35. Defendant Williams would take Plaintiff on "dates" to a local restaurant and pub located in Arlington, VA.

36. Defendant Williams also transported Plaintiff to his brother's home in VA for the purpose of having sexual relations with Plaintiff.

37. During this time period, Defendant Williams was ineffectively supervised and ineffectively monitored in accordance with DESAP and DCPS policies.

38. A parent of a student informed Defendant Yates that Plaintiff and Defendant Williams were involved in a sexual relationship.

39. Additionally, other staff members have revealed that they also heard of an inappropriate relationship between Defendant Williams and Plaintiff which was subsequently reported to Defendant Yates.

40. That, Defendant Yates shared this information with Father Payne of Duke Ellington on November 15, 2004,  The next day, November 16, 2014, Father Payne filed a complaint with the DC police (MPD) regarding the inappropriate relationship.  *See* Exhibit A.

41. As a result of the police being notified, Defendant Williams was placed on Administrative Leave by Defendant Yates.

42. A male arrived at Plaintiff's home, who questioned her in front of her parents and brother, and as a result of being "in love" and embarrassed in front of her family,

Plaintiff felt compelled to deny the allegations.  It is currently unclear who sent this individual to the home of the Plaintiff.

43. Defendants District, DCPS, and DESAP, records related to the events alleged have been requested from all Defendants; however, all have stated they have no records regarding any investigation.

44. It has since been reported that Defendant Williams was placed on Administrative Leave on more than one occasion by DESAP for the same or similar behavior.

45. Soon thereafter, Defendant Williams instructed Plaintiff to immediately delete all phone, email, and text messages.

46. During this time, Defendant Williams forced Plaintiff to communicate with him *via* pay phone to protect Defendant Williams during the alleged investigation.

47. Once the other students discovered the Defendant Williams was on Administrative Leave, the students began to harass Plaintiff and made her life at school unbearable.

48. The harassment intensified to the point that Plaintiff emailed her poetry teacher, Kenneth Carroll, and begged him to stop his "pet students" from harassing her (e.g., threatening to jump her, overall physical harm), to no avail.

49. Unfortunately, the hostile classroom environment remained for Plaintiff in each of her arts block classes until her graduation.

50. Plaintiff was never interviewed by Defendant Duke Ellington about the sexual relationship with Defendant Williams.

51. Plaintiff is not aware if Defendant Duke Ellington ever interviewed any teachers or any of her friends about the sexual allegations with Defendant Williams.

52. There is no evidence that any formal investigation pursuant to Title IX was ever conducted by DESAP.  *It is believed that an internal DESAP review was conducted that resulted in an "inconclusive" decision – with no interview of the Plaintiff, her friends, or other faculty who had relevant information.

53. Following the alleged investigation, Plaintiff was not removed from Defendant Williams' classes, but was forced to maintain classes with her abuser – this was a direct violation of Title IX.  His harassment continued until Plaintiff was a junior in college.

54.  Pursuant to D.C. Code Ann. § 4-1321.02, **a mandated reporter** is someone "who knows or has reasonable cause to suspect that a child known to him or her in his or her professional or official capacity has been or is in immediate danger of being a mentally or physically abused or neglected child."

55. Even though this abuse was reported to DESAP and DC officials, Defendant Williams was never completely and thoroughly investigated pursuant to the Anti-Sexual Abuse Act of 1994 (D.C. Law 10-257; D.C. Official Code § 22-3020.51(4)).

56. Sometime in 2020, Duke Ellington students Shanya Taylor and Makayla Hyatt started an online petition intended to expose and bring awareness to Duke Ellington's policies and behaviors that created or encouraged a hostile environment with a prevalence of sexual abuse. *See* https://www.change.org/p/daaa-we-need-justice-for-victims-of-sexual-assault-at-duke-ellington-school-of-arts?redirect=false

57. A number of students detailed their own sexual abuse and harassment and identified Duke Ellington and key faculty members as being influential in the coverups of sexual assaults on the aforementioned petition.

58. During the pattern of grooming and the escalation of Defendant Williams' sexual advances, Plaintiff, as a minor, did not understand the severity of Defendant Williams' behavior, felt helpless and believed that allowing Defendant Williams' sexual advances was in her best interests.

59. Defendant Williams' exploited the opportunities created by Defendants DCPS and Duke Ellington to complete his grooming, sexual harassment, and sexual abuse of Plaintiff, some of which occurred on school grounds.  Each of these acts were in direct violation of DESAP policy, in direct violation of DC Law, and direct violation of Title IX.

60. Defendants DCPS and Duke Ellington are responsible for providing public education to minor female students, including Plaintiff, through (a) oversight and supervision of all school functions, school property and school student programs; and (b) the hiring, supervision, management, assignment, control and regulation of individuals who serve as staff members, including but not limited to school teachers and educators, as well as the review and supervision of curricula developed by the District of Columbia, schools and teachers as well as those who contract with the District.

61. Pursuant to the contractual partnership between DESAP and DCPS they are collectively responsible for all policies and procedures within the school. This

charge and responsibility includes supervision and discipline of teachers, educators, contractors, and administrators, including but not limited to, Defendant Williams.

62. Plaintiff's sexual abuse occurred while Plaintiff was under the control and direction of Defendant Williams, in areas of the school to which Defendant Williams had access by virtue of his employment.  Defendant Williams was bound by the policies of DCPS pursuant to the contract that includes those who contract with the District.

63. Duke Ellington fostered a culture where teachers sexually groomed and abused students over the years.   See the attached police reports. *See* Exhibit B.

64. In 2020, Plaintiff and former Principal Yates had Facebook exchanges where Yates admitted and acknowledged Defendant Williams had been a problem in 2004 but due to confidentially she couldn't give all the details.

65. Despite allegations of Defendant Williams' inappropriate relationship with Plaintiff, Defendant Duke Ellington nevertheless: (a) permitted Defendant Williams to have unsupervised access to various rooms and areas of the school; (b) permitted Defendant Williams to have unsupervised contact with students after school hours; (c) did not competently investigate the complaints of students and others about Defendant Williams' conduct; (d) did not disclose to the students, including Plaintiff, the concerns about Defendant Williams; (e) failed to comply with the duties set forth in District policies and procedures and federal law; (f) failed to remove Plaintiff from Defendant Williams' classes after being made aware of Plaintiff's sexual abuse by Defendant Williams; (g) were deliberately indifferent to the safety, security and well-being of students at Duke Ellington, including but not limited to

Plaintiff; (j) prevented students, including Plaintiff, from receiving an education without a condition of such education being sexual harassment, sexual grooming and sexual abuse; and, (k) promoted school policies that fostered a climate to flourish where innocent students, including Plaintiff, were victims of sexual abuse.

## COUNT I
### (Title IX, 20 U.S.C. §1681, et seq. - All Defendants)

66. Plaintiff incorporates her previous allegations as if fully rewritten herein.

67. Title IX of the Education Amendments of 1972 requires that "No person...shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance..."

68. At least by November 15, 2004, Defendants District of Columbia, DCPS, Duke Ellington and Yates (and subsequently Pullens) possessed actual notice of liability under Title IX for teacher-on-student sexual harassment, sexual grooming, sexual discrimination, and sexual abuse.

69. At least by November 15, 2004, Defendants District of Columbia, DCPS, Duke Ellington and Yates (and subsequently Pullens) possessed actual knowledge of Williams' sexual harassment, sexual grooming, sexual discrimination and sexual abuse of students.

70. At least by November 15, 2004, Defendants District of Columbia, DCPS, Duke Ellington and Yates (and subsequently Pullens) possessed actual knowledge that Williams had a high potential to sexually abuse female students.

14

71. Plaintiff in 2003-2005, was subjected to discrimination in her education at Duke Ellington based on her gender in that she suffered teacher-on-student sexual harassment, sexual grooming and sexual abuse as a condition of her receipt of education at Duke Ellington.

72. Duke Ellington failed to take appropriate corrective action, thereby acting with deliberate indifference to the rights and safety of Plaintiff.

73. Defendants possessed actual knowledge of the allegations of Defendant Williams' sexual harassment, sexual grooming, sexual discrimination, and sexual abuse of students.

74. Defendants District of Columbia, DCPS, Duke Ellington Yates (and subsequently Pullens) possessed actual knowledge that Defendant Williams had ample opportunity to sexually abuse students when there was a noted lack of other faculty present in remote areas of the school or during events after school hours.

75. Plaintiff between 2003-2005, was subjected to discrimination in her education at Duke Ellington based on her gender in that she suffered teacher-on-student sexual harassment, sexual grooming, sexual abuse, and inappropriate contact as a condition of her receipt of an education at Duke Ellington.

76. Defendants District of Columbia, DCPS, Duke Ellington and Yates (and subsequently Pullens) failed to take appropriate corrective action, thereby acting with deliberate indifference to the rights and safety of Plaintiff in one or more of the following ways: (a) failing to report teacher-on-student sexual harassment, sexual grooming and sexual abuse to appropriate authorities; (b)

failing to cure or even attempt to cure obvious and known risks to minor female students at Duke Ellington placed under Defendant Williams' supervision and authority; (c) failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify inappropriate conduct that occurred between any student and adult, whether generally or specifically in relation to Defendant Williams; and, (d) allowing Defendant Williams to have unsupervised contact with minor female students, including Plaintiff, without conducting, documenting and concluding a competent investigation into the allegations and specific facts brought to light prior to that time.

77. The deliberate indifference, actions and omissions described above caused Plaintiff to suffer criminal sexual harassment and abuse by Defendant Williams.

78. Title IX requires Defendants DCPS, and Duke Ellington to provide educational opportunity on an equal basis to all students regardless of their gender.

79. Defendants DCPS failed to comply with Title IX in that despite prior allegations of misconduct, Defendants continued to allow Defendant Williams unsupervised access to minor female students and access to certain rooms and areas where Defendant Williams had the privacy to carry out the sexual abuse of minor female students, including Plaintiff.

80. 20 U.S.C. § 1981 affords Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 20 U.S.C. § 1981.

81. As a direct and proximate result of the conduct of Defendants District of Columbia, DCPS, Duke Ellington and Pullens as described herein, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, posttraumatic stress disorder, fatigue, social anxiety, anger, panic attacks, mood disorder, and as a result thereof she has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; and (e) lost wages.

**WHEREFORE**, Plaintiff, Jane Doe, sues the Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

## <u>COUNT II</u>
(42 U.S.C. § 1983- Pullens & Yates)

82. Plaintiff incorporates her previous allegations as if fully rewritten herein.

83. Duke Ellington is a quasi-governmental entity due to its partnership with DCPS (an agency with the District of Columbia) that has a governing interest in its supervisory board.

84. Duke Ellington exists as a public school that has a majority of its funding from the District of Columbia through contracts with DCPS that govern its management and administration.

17

85. Anti-Sexual Abuse Act of 1994, effective May 23, 1995 (D.C. Law 10-257; D.C. Official Code § 22-3020.51(4)) governed the actions of all educational entities in the District of Columbia including those who contract with the District of Columbia or its agencies until the passage of the School Safety Omnibus Amendment Act of 2018. D.C. ACT 22-624, enacted 2019 and effective School Year 2020. Defendant Yates and subsequently Pullens failed to take any appropriate action to remove the Plaintiff from the scope of immediate danger and forced her to remain in the harmful cone of danger with her alleged abuser in direct violation of these laws.

86. Pursuant to law, all teachers and staff of Duke Ellington are required to act pertaining to the safety and security of students.  Administration is charged with ensuring that all faculty comply with DCPS policies, regulations, and school handbook policy.

87. Defendants Pullens and Yates were acting under the color of these statutes and policies in their capacity as an official(s) with the authority to take action against Defendant Williams.

88. During Plaintiff's abuse by Defendant Williams, Defendants Pullens and Yates knew or reasonably should have known (based on the allegations they had received) that Defendant Williams exhibited dangerous propensities and was a threat of harm to students, including Plaintiff.

89. Upon information and belief, Defendants Pullens and Yates were uniquely aware of Defendant Williams' propensity to commit acts of sexual harassment, sexual

grooming, sexual abuse and/or misconduct against Plaintiff. Therefore, Defendant Williams' continued misconduct – and the harm that was likely to result from that misconduct – was foreseeable.

90. Defendants Pullens and Yates were uniquely aware that Defendant Williams had used Duke Ellington's property to perpetuate acts of sexual harassment, sexual grooming, sexual abuse and misconduct against students to which Defendant Williams had access by and through his employment with the school.

91. Defendants Yates and Pullens turned a blind eye to allegations of sexual harassment, sexual grooming, and sexual abuse, along with ignoring complaints and failing to respond to allegations of misconduct in accordance with the law, Title IX, and DCPS policy, in addition to acting with deliberate indifference to the rights of minor female students, including Plaintiff.

92. Plaintiff was deprived of her constitutional liberty and equal protection interests under the Fourteenth Amendment by Defendants Yates' and Pullens' failure to restrict, reduce, or report Defendant Williams' actions that fostered a hostile educational climate where minor female students, including Plaintiff, were left vulnerable and subject to sexual abuse, sexual grooming and sexual harassment by Defendant Williams, an agent, servant and/or employee of Duke Ellington through the contracts with DCPS. *It is noted that Father Payne did make a report to DC Metropolitan Police Department on November 15, 2004.

93. The conduct of Defendants Yates and Pullens was arbitrary and offensive, shocking the conscience and interfering with minor female students' rights and

liberties granted by the constitution and protected by law, including the Plaintiff's.

94. 42 U.S.C. § 1983 affords Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 42 USC § 1983.

95. As a direct and proximate result of the conduct of Defendants Yates and Pullens as described herein, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, post-traumatic stress disorder, fatigue, social anxiety, anger, panic attacks and as a result thereof she has and will continue to experience to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; and (e) lost wages.

96. The conduct of Defendants Yates and Pullens constituted a violation of trust or confidence, showing complete indifference to or conscious disregard for the safety and well-being of Plaintiff and other minor female students.

97. Justice and the public good require an award of punitive or exemplary damages in such sum which will serve to punish Defendants Yates and Pullens and to deter similar conduct by others.

**WHEREFORE**, Plaintiff, Jane Doe, sues the Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus pre-judgment and post-judgment interest to the

extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

## COUNT III
### (42 U.S.C § 1983- Duke Ellington)

98. Plaintiff incorporates her previous allegations as if fully rewritten herein.

99. Duke Ellington is a quasi-governmental entity due to its partnership with the DCPS (an agency with the District of Columbia) that has a governing interest in its supervisory board.

100. Duke Ellington exists as a public school that has a majority of its funding from the District of Columbia through contracts with DCPS that govern its management and administration.

101. Upon information and belief, Duke Ellington receives approximately 75% of its funding via sole source contracts with DCPS.  According to the Kennedy Center – a partner of DESAP – "the school is managed and operated by The Kennedy Center, George Washington University and the Ellington Fund under a contract with District of Columbia Public Schools (DCPS) titled the Duke Ellington School of the Arts Project."

102. Duke Ellington established, through both action and inaction, a widespread policy, practice or custom of allowing sexual harassment, sexual grooming, sexual abuse and misconduct to continue to occur without corrective action.

103. Such policy, practice or custom includes, but is not limited to: (a) failing to report teacher-on-student sexual harassment, sexual grooming and sexual abuse

21

and to appropriate authorities as required by law and policy; (b) failing to cure or even attempt to cure obvious and known risks to minor female students at Duke Ellington placed under Defendant Williams' supervision and authority; (c) failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify inappropriate conduct that occurred between any student and adult, whether generally or specifically in relation to Defendant Williams; (d) allowing Defendant Williams to have unsupervised contact with minor female students, including Plaintiff, without conducting, documenting and concluding a competent investigation into the allegations and specific facts brought to light prior to that time; (e) allowing Defendant Williams to have unsupervised access to various rooms and areas at Duke Ellington while having absolutely no effective plan for supervision or surveillance of Defendant Williams.

104. Defendants Duke Ellington employed policies, practices and customs which fostered a climate facilitating sexual abuse of minor female students by Defendant Williams.  This evidenced a reckless disregard and/or a deliberate indifference to the consequences that such policies had on minor female students at Duke Ellington, including Plaintiff.

105. Duke Ellington board of Directors (which include DCPS Officials and Defendant Williams) and administrators, had final policymaking authority of Duke Ellington and exercised that granted authority to Defendants Yates and Pullens in particular, in making decisions that perpetuated and/or allowed the sexual

abuse of Plaintiff by Defendant Williams and caused Plaintiff's harm to occur and/or continue.

106. Duke Ellington and all of its faculty are mandated reporters pursuant to D.C. Code Ann. § 4-1321.02, and are required to report allegations and suspicions of child abuse to the Child and Family Services Agency or Metropolitan Police Department. The student handbook fosters a special relationship between Duke Ellington faculty and the students because they are advised that mandatory reporting will occur.

107. The Duke Ellington faculty are mandatory reporters under the law; therefore, they are acting under the color of law in their capacity as educators of the District of Columbia.

108. Pursuant to Anti-Sexual Abuse Act of 1994, effective May 23, 1995 (D.C. Law 10-257; D.C. Official Code § 22-3020.51(4)) and School Safety Omnibus Amendment Act of 2018. D.C. ACT 22-624, all educational entities in the District of Columbia were charged with the duty to protect all students from any potential sexual abuse.  They were effectively mandated agents of the District of Columbia as a condition of their existence within the city's border.  Every action or failure to act under these statutes were actions under the color of law.

109. Plaintiff was deprived of her constitutional liberty interest and equal protection under the Fourteenth Amendment by Duke Ellington by Duke Ellington's creation and promotion of policies, customs, or practices that fostered a climate to flourish where minor female students, including Plaintiff, were left vulnerable

to and actually were subject to sexual abuse by Defendant Williams, an agent, servant and/or employee of Duke Ellington.

110. Duke Ellington's conduct was arbitrary and offensive, shocking the conscience and interfering with minor female students', including Plaintiff's, rights and liberties granted by the Constitution and protected by law.

111. 42 U.S.C. § 1983 affords Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 42 U.S.C § 1983.

112. As a direct and proximate result of the conduct of Duke Ellington as described herein, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, posttraumatic stress disorder, mood disorder, fatigue, social anxiety, anger, panic attacks and as a result thereof she has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of normal life; (d) medical and counseling expenses; and (e) lost wages.

113. The conduct of Duke Ellington constitutes a violation of trust or confidence, showing complete indifference to or conscious disregard for the safety and well-being of Plaintiff and other minor female students.

114. Justice and the public good require an award of punitive or exemplary damages in such sum that will serve to punish Duke Ellington and to deter like conduct.

**WHEREFORE**, Plaintiff, Jane Doe, sues the Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus pre-judgment and post-judgment interest to the

extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

## **COUNT IV**
### (Negligent Hiring, Training, Supervision and Retention- DCPS and Duke Ellington)

115. Plaintiff incorporates her previous allegations as if fully rewritten herein.

116. While Duke Ellington actually employed Defendants Williams, Pullens and Yates, DCPS instituted and mandated the policy that governed their employment via the contracts which bound the school.

117. At all times material, Defendants DCPS and Duke Ellington owed a duty to the public and specifically to Plaintiff, Jane Doe, to employ qualified and competent teachers and educators to work within its schools. This duty is even greater in the context of a public school where parents have a trust and faith in the leaders, a reliance on those who are chosen to lead, and the school acts *in loco parentis*.

118. There are no records that indicate that Defendant Williams was ever a licensed teacher in the District of Columbia.

119. There are no records that indicate that Defendant Williams was ever subjected to any background check in the District of Columbia.

120. Accordingly, there are reports that educators in the arts departments of Duke Ellington are not required to have background checks or licenses to teach students at Duke Ellington.

121. At all times material, Defendants DCPS and Duke Ellington owed a duty to the public and specifically Plaintiff to supervise its employees, servants, and/or agents with access to its minor female students, including Plaintiff.

122. At all times material, Defendant DCPS and Duke Ellington owed a duty to properly and effectively supervise its faculty and staff, including Defendant Williams.

123. At all times material, Defendants DCPS and Duke Ellington owed a duty to the public and Plaintiff to make an appropriate investigation of its employees, servants, and/or agents who were in or would be placed in a position to come in contact with minor female students of DCPS and Duke Ellington.

124. At all times material, Defendants DCPS and Duke Ellington owed a duty to Plaintiff, to terminate any and all employees, servants and/or agents that it knew or should have known, had engaged or sought to engage in inappropriate communication and/or unlawful sexual activities with its minor female students.

125. At all times material, Defendants DCPS and Duke Ellington owed a duty to the public and Plaintiff to train its employees, servants and/or agents to identify when an inappropriate sexual relationship with a minor female student is ongoing or is potentially sought and report it accordingly.

126. At all times material, Defendants DCPS and Duke Ellington owed a duty to the public and the Plaintiff to thoroughly investigate any and all reports of inappropriate sexual relationships between students and faculty members or staff.

127. Defendants knew, or in the exercise of reasonable care should have known, that by allowing Defendant Williams to have unfettered access to female students, privacy in his classroom, and no supervision, female students at Duke Ellington were at grave risk for sexual abuse.

128. At all times material, Defendants DCPS and Duke Ellington breached its duty to Plaintiff in the following ways:

a. Failing to hire competent and qualified employees, servants and/or agents without proclivities to engage in inappropriate sexual conduct against/with its minor female students;

b. Failing to hire competent and qualified employees, servants and/or agents with knowledge and training needed to accurately identify sexual predators like Defendant Williams and act accordingly;

c. Failing to investigate the fitness for employment of Defendant Williams;

d. Failing to train its employees, servants and/or agents to identify and report when a member of the Duke Ellington staff is engaging in unlawful sexual behavior with its minor female students;

e. Failing to supervise Defendant Williams in a proper manner to prevent any inappropriate sexual conduct toward its minor female students including Plaintiff;

f. Failing to train its employees, servants and/or agents to identify when an inappropriate sexual relationship with another employee, servant and/or agent and a minor female student is ongoing and report it accordingly;

g. Failing to terminate or reassign those employees, servants and/or agents who were aware of the actions of Defendant Williams against Plaintiff and others but did nothing to stop or report it;

h. Failing to terminate and/or provide remedial measures to ensure the safety of students once Defendant Duke Ellington knew or should have known of

Defendant Williams' propensities for inappropriate contact with female students;

i.  Failing to properly investigate and reasonably warn students once Defendant Williams' propensities were made abundantly clear when he was accused of having a sexual relationship with Plaintiff;

j.  Failing to procure or develop policies and procedures to prohibit sexual relationships between agents or employees and minor students.

129. As a direct and proximate result of Defendant DCPS and Duke Ellington's negligence, Defendant Williams committed sexual battery on Plaintiff, causing her serious and permanent injuries.

130. As a direct and proximate result of the negligence of DCPS and Duke Ellington, Plaintiff was sexually battered, raped, traumatized, and caused to suffer mental pain and suffering, psychological injuries, and the loss of capacity for the enjoyment of life.

131. As a further direct and proximate cause of the negligence of Defendants DCPS and Duke Ellington, Plaintiff has incurred in the past medical and psychological expenses for the treatment of her injuries and will continue to incur such expenses in the future.

132. As a further direct and proximate cause of the negligence of Defendants DCPS and Duke Ellington, it is expected that the Plaintiff will also incur lost future earning capacity as a result of these acts. All of said damages are chronic, permanent and, thus, continuing in nature.

**WHEREFORE**, Plaintiff, Jane Doe, sues the Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus pre-judgment and post-judgment interest to the

extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

## COUNT V
(Intentional Infliction of Emotional Distress – All Defendants)

133. Plaintiff incorporates her previous allegations as if fully rewritten herein.

134. To establish a claim for Intentional Infliction of Emotional Distress Plaintiff must assert that the Defendants conduct was outrageous, that the conduct was intentional, and that the plaintiff suffered emotional distress as a result.

135. While acting as an agent, employee, staff, administrator, representative, and/or servant of the Defendants Duke Ellington and DCPS, Defendant Williams committed sexual misconduct and sexually assaulted Plaintiff his minor female student.

136. After being notified of Defendant Williams' sexual abuse of Plaintiff, Defendant Yates and Pullens willfully and knowingly failed to report the allegations of sexual abuse to the appropriate agencies as required by law and Title IX.

137. Defendants knowingly, intentionally, and continuously placed Plaintiff Jane Doe in classes with her abuser Defendant Williams allowing him further access to abuse her.

138. Moreover, after being informed of the abuse, Defendant Yates and Pullens, as faculty members tasked with facilitating student emotional development, not only failed to report as mandated but also failed to simply speak with Plaintiff

regarding the allegations of sexual abuse or arrange for counseling to ensure her mental well-being.

139. Defendant Williams' sexual assault and continuous harassment of Plaintiff and Defendant Yates' and Pullens' failure to report were intentional, willful and constitute outrageous behaviour.

140. As a direct and proximate result of Defendants' outrageous conduct, Plaintiff has suffered severe emotional distress with physical manifestations, which will be substantiated by her medical records and the testimony of medical professionals.

**WHEREFORE**, Plaintiff, Jane Doe, sues the Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus punitive damages, pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

## COUNT VI

(**Negligence** - Against All Defendants)

141. Plaintiff incorporates her previous allegations as if fully rewritten herein.

142. At all times material, Defendants DCPS and Duke Ellington, were required to comply with Anti-Sexual Abuse Act of 1994, effective May 23, 1995 (D.C. Law 10-257; D.C. Official Code § 22-3020.51(4)) and subsequently, School Safety Omnibus Amendment Act of 2018. D.C. ACT 22-624, enacted 2019 and effective School Year 2020. It appears that the Defendant Duke Ellington employed a new

Title IX Coordinator who has implemented new training and education of faculty, staff, and students after reports surfaced in 2022.

143. At all times material, Defendants DCPS and Duke Ellington, were required to comply with Title IX and ensure that no student was discriminated against on the basis of gender and that all received an equal educational opportunity under law.

144. At all times material, Defendants DCPS and Duke Ellington owed a duty to the public and specifically to Plaintiff, Jane Doe, to employ qualified and competent teachers and staff to work within its schools.

145. At all times material, Defendants DCPS and Duke Ellington owed a duty to the public and specifically to Plaintiff, Jane Doe, to properly supervise and monitor its teachers, staff, and educators, and their access and interactions with students.

146. At all times material, Defendants DCPS and Duke Ellington owed a duty to the public and Plaintiff to train its employees, servants and/or agents to identify when an inappropriate sexual relationship with a minor female student is ongoing or is potentially sought and report it accordingly.

147. At all times material, Defendants DCPS and Duke Ellington breached its duty to Plaintiff in the following ways:

a. Failing to hire competent and qualified employees, servants and/or agents without proclivities to engage in sexual battery against its minor female students;

b. Failing to hire competent and qualified employees, servants and/or agents with knowledge and training needed to accurately identify sexual predators like Defendant Williams and act accordingly;

c. Failing to investigate the fitness for employment of Defendant Williams;

d. Failing to train its employees, servants and/or agents to identify and report when a member of the Duke Ellington staff is engaging in unlawful sexual behavior with its minor female students;

e. Failing to supervise Defendant Williams in a proper manner to prevent the sexual battery against its minor female students including Plaintiff;

f. Failing to train its employees, servants and/or agents to identify when an inappropriate sexual relationship with another employee, servant and/or agent and a minor female student is ongoing and report it accordingly;

g. Failing to terminate or reassign those employees, servants and/or agents who were aware of the actions of Defendant Williams against Plaintiff but did nothing to stop or report it;

h. Failing to terminate and/or provide remedial measures to ensure the safety of students once Defendant Duke Ellington knew or should have known of Defendant Williams' propensities for inappropriate contact with female students;

i. Failing to properly investigate and reasonably warn students once Defendant Williams' propensities were made abundantly clear when he was accused of having a sexual relationship with Plaintiff;

j. Failing to procure or develop policies and procedures to prohibit sexual relationships between agents or employees and minor female students.

148. It was foreseeable to Defendants Duke Ellington and DCPS, that Defendant Williams' conduct would cause Plaintiff harm.  Defendants continued to place

Plaintiff in Defendant Williams' classes; therefore, causing more harm in direct violation of Title IX.

149. As a direct, foreseeable and proximate result of the negligence of Defendants Duke Ellington, DCPS, Yates, and Pullens, Plaintiff Jane Doe sustained serious injuries, suffered emotional harm and torment and the loss of the capacity for the enjoyment of life, and continues to receive psychological and medical treatment.

**WHEREFORE**, the Plaintiff Jane Doe sues Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

## <u>COUNT VII</u>
### (Civil Assault and Battery- Williams)

150. Plaintiff incorporates her previous allegations as if fully rewritten herein.

151. The elements of an assault are (1) of an intentional act (2) to cause an apprehension of harmful or offensive contact that causes (3) apprehension of such contact in the victim.

152. The elements of battery are: (1) an act by a defendant; (2) an intent to cause harmful or offensive contact on the part of the defendant; and (3) harmful or offensive contact to the victim.

153. Defendant Williams, without privilege to do so, committed an assault and a battery upon Plaintiff as described above when he had sexual contacts with the Plaintiff.

154. Plaintiff was a minor who was unable to provide consent under law.

155. As a direct and proximate result of Defendant Williams' assault and battery, Plaintiff has suffered the damages outlined above.

**WHEREFORE**, Plaintiff, Jane Doe, sues the Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus punitive damages, pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

### <u>COUNT VIII</u>
(Gross Negligence – Principals)

156. Plaintiff incorporates her previous allegations as if fully rewritten herein.

157. Gross negligence is defined as "such an extreme deviation from the ordinary standard of care as to support a finding of wanton, willful and reckless disregard or conscious indifference for the rights and safety of others." *D.C. v. Walker*, 689 A.2d 40 (D.C. App. 1997).

158. The ordinary standard of care for educators such as Defendant Yates and Pullens is to report any suspicion of child abuse or neglect to either Metropolitan Police Department or Child and Family Services as mandated by DC Code.D.C. Code Ann. § 4-1321.02.

159. Further, DC has statutory requirements for all education professionals to safeguard the students and protect them from any form of sexual harm. *See* Anti-Sexual Abuse Act of 1994, effective May 23, 1995 (D.C. Law 10-257; D.C. Official Code § 22-3020.51(4)) and subsequently, School Safety Omnibus Amendment Act of 2018. D.C. ACT 22-624, enacted 2019 and effective School Year 2020.

160. At all times material, Defendants Yates and Pullens, were required to comply with Title IX and ensure that no student was discriminated against on the basis of gender and that all received an equal educational opportunity under law.

161. Defendants Yates and Pullens deviated from that standard of care by failing to report Defendant Williams' actions to the authorities and failing to remove Plaintiff from Defendant Williams' classroom and authority and protect her from further sexual abuse by Defendant Williams in direct violation of Title IX.

162. Defendants  Yates and Pullens, knowingly and intentionally forced the Plaintiff to attend classes taught by Defendant Williams after they knew or had reason to believe that Defendant Williams was alleged to have committed and continued to commit sexual abuse of a minor Plaintiff.

163. Defendants Yates and Pullens knowing that minor Plaintiff was incapable of defending herself or having the knowledge to get assistance had possibly been or was possibly being abused and their failure to report as mandated was wanton, willful and reckless in disregard of rights and safety of Plaintiff.

164. As a direct and proximate result of Defendant's wanton and reckless conduct, Plaintiff has suffered the damages outlined above.

**WHEREFORE**, Plaintiff, Jane Doe, sues the Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus punitive damages, pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

Respectfully submitted,

_____/S/_____

Dawn Jackson, Esq. (Bar No. 485118)
Jackson & Associates Law Firm, LLC
1300 Caraway Court
Suite 100
Largo, MD 20774
301 883 0800 Tel.
301 883 0801 Fax
djackson@jacksonassociateslawfirm.com
**Counsel for Plaintiff**

_____/s/_____

Howard Haley, Esq. (Bar No. 999376)
The Haley Firm, PC
7600 Georgia Ave, NW #416
Washington, DC 20012
V: (202) 810-6329
F: (202) 706-7375
HaleyFirm@gmail.com
**Counsel for Plaintiff**

**VERTIFICATION**

**I, JANE DOE, HEREBY VERIFY UNDER THE PENALTY OF PERJURY THAT THE INFORMATION CONTAINED IN THIS COMPLAINT IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE AND BELIEF**

_____     _____

**Jane Doe**                                    **Date**

## **JURY DEMAND**

Plaintiff demands trial by a jury on all issues so triable.

_____/s/_____
Dawn Jackson (485118)

# EXHIBIT A

Metropolitan Police Department

## Incident-Based Event Report

Washington, D.C.

| TYPE OF REPORT | DATE AND TIME OF EVENT | | DATE OF REPORT | TIME OF REPORT | | | BEAT | COMPLAINT NUMBER |
|---|---|---|---|---|---|---|---|---|

Start Date / Start Time / End Date / End Time

15 04 14 30 ... 16 04 13 00

EVENT NO. 1

EVENT NO. 2

EVENT NO. 3

| FORCED ENTRY | POINT OF ENTRY | a. Method Used | b. Tools Used | WEATHER CONDITIONS |
|---|---|---|---|---|

SUSPECTED HATE CRIME?

SECURITY SYSTEM (Mark all that apply)

LOCATION TYPE (Mark only one)

DESIGNATED AREAS (Mark all that apply)

NAME OF VICTIM, ORGANIZATION/REPORTING PERSON NO. 1

NAME OF COMPLAINANT/VICTIM/REPORTING PERSON NO. 1

VICTIM TYPE

RACE/ETHNICITY (Mark all that apply)

BUSINESS ADDRESS/SCHOOL

Duke Ellington School of Arts

OCCUPATION: Student

IS EVENT RELATED TO OCCUPATION?  Yes  No  Unknown

IF VICTIM #1 THE REPORTING PERSON IS NO.
ENTER THE NAME, ADDRESS AND PHONE
IF NONE OF THE REPORTING PERSON.

Name: ▮▮▮▮▮

Address: Duke Ellington School

Phone-Area Code: ▮▮▮▮▮

| DID THE REPORTED EVENT OCCUR AS A RESULT OF AN INTRA-FAMILY MATTER? | WAS PD FORM 379A ISSUED? | IS CPO/TPO OUTSTANDING? | IF YES, ENTER CPO/TPO # |
|---|---|---|---|

INJURIES   Use the following codes
to describe injuries.
(Mark all that apply)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | Victim | | | | Admitted |
| | | | | | | Yes | Released |
| | | | | | | Yes | Admitted |
| | | | | | | Yes | Released |
| | | | | | | No | Admitted |
| | | | | | | Yes | Released |
| | | | | | | No | Admitted |
| | | | | | | Yes | Released |

STOLEN PROPERTY

Codes   A = Stolen        L = Lost
        E = Evidence      S = Stolen
        R = Recovered     then recovered
        F = Found         O = Other

| Code | Description of Item(s) | Serial Number/ Operation ID No. | Model No. | Color | Size | Quantity | Comp. Value | Age | MPOC Value |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | TOTAL VALUE | | |

VEHICLE INFORMATION

| Code | Year | Make | Model | Color | Style | Tag No./State/Year | | VIN |
|---|---|---|---|---|---|---|---|---|

PROBABLE CAUSE OF ABSENCE AND DESTINATION

COMPLAINT NUMBER

IF MISSING PERSON HAS RUN AWAY BEFORE, GIVE DATE AND WHERE LOCATED

CLASSIFICATION
☐ Critical
☐ Non-critical

CLASSIFIED BY

PHYSICAL/MENTAL CONDITION
(i.e., diabetic)

DESCRIBE ARTICLES OF JEWELRY WORN AND IDENTIFICATION CARRIED

NAME OF PARENT/GUARDIAN

ADDRESS OF PARENT/GUARDIAN

IF JUVENILE, ENTER MOTHER'S MAIDEN NAME

MISSING PERSON SECTION NOTIFIED (Name)

NARRATIVE  Describe event and action taken. If additional narrative space is needed, use PD Form 251-A.

Item Number Continued

On 11.16.04, it was reported that C1 was in a sexual relationship with
S1. S1 is C1's school teacher. There were no specific details about
the relationship, only that it was sexual. S1 is white as and a1 is at criminal
age.

EVIDENCE TECHNICIAN/CEB #

NAME OF NOTIFICATION NOTIFIED

TELETYPE NOTIFIED (Name)

NOTIFICATION ALSO
MISSING UNIDENTIFIED
MISSING PERSON LOCATED

TELETYPE #

REPORTING OFFICER'S SIGNATURE / ELEMENT

OTHER POLICE AGENCY
☐ Record Processing & Identification Division
☐ USCP
☐ USSS
☐ METRO TRANSIT
☐ OTHER

SECOND OFFICER'S NAME / BADGE

SIGNATURE OF SUPERVISOR / ELEMENT

# EXHIBIT B

**2020 CRW 0 1 4 7 1**

## Superior Court of the District of Columbia

CRIMINAL DIVISION

**AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT**          USW NO:

| DEFENDANT NAME: | NICKNAME: N/A | | ALIASES: N/A | | CCN: | PDID: None |
|---|---|---|---|---|---|---|
| SEX:   RACE:     DOB: | HGT: | WGT: | EYES: | COMP: | SCARS, MARKS, TATOOS: None visible | |
| DEFENDANT'S ADDRESS: | | | | | HOME PHONE NUMBER: N/A | |
| DEFENDANT'S BUSINESS ADDRESS: | | | | | CELLULAR PHONE NUMBER: | |
| COMPLAINANT'S NAME: Minor Victim (16 year old Male) | | | | | TELEPHONE NUMBER: On File | |
| LOCATION OF OFFENSE: | | | | | DATE OF OFFENSE January 21, 2018 | TIME OF OFFENSE @0010 hours |

CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.
```
__ 00 = Armed and Dangerous        __ 25 = Escape Risk                    __ 55 = Alcoholic        __ 20 = Known to abuse drugs
__ 05 = Violent Tendencies         __ 30 = Sexually Violent Predator      __ 60 = Allergies        __ 80 = Medication Required
__ 10 = Martial Arts Expert        __ 50 = Heart Condition                __ 65 = Epilepsy         __ 90 = Diabetic
__ 15 = Explosive Expertise        __ 85 = Hemophiliac                    __ 70 = Suicidal        __ 01 = Other – Mental Health Conditions
```
**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

#### Report:

On October 28, 2019, the Child and Family Services Agency (CFSA) hotline received a report from a Duke Ellington School of Arts staff member. The staff member reported that the school received an anonymous email alleging inappropriate sexual contact between the sender of the email and a current teacher, Mr. ▊▊▊▊▊

#### Investigation:

On October 29, 2019, your affiant received the allegation for investigation.

Your affiant elicited assistance in locating all identifiable information pertaining to the email address used to send the email to the school, ▊▊▊▊▊▊▊▊

On November 13, 2019, your affiant was provided information based on the email request. Your affiant learned that the email was registered to a specific phone number, with a specific IP address. The email address was created on October 22, 2019, which is also the same day that the original email was sent to the school.

Your affiant conducted a search of the registered phone number and learned it was registered to Witness #1. The IP address was also searched and it yielded a location that was ultimately determined to be where the complainant and Witness #1 currently reside.

Your affiant conducted an interview with the reporting person, who stated that upon learning of the allegation, school officials met with the named teacher Mr. ▊▊▊▊▊ herein referred to as the defendant. The officials advised the defendant of the email and allegations against him but he did not respond.

AFFIANT'S SIGNATURE:

X _____

**TO: WARRANT CLERK**
PLEASE ISSUE WARRANT FOR:

Charge With: _____

**First Degree Sexual Abuse of a Minor**
ASSISTANT UNITED STATES ATTORNEY
Shauen Marris-Khur

SUBSCRIBED AND SWORN BEFORE ME THIS
16 DAY OF March 2020

Neale K

(JUDGE) ~~DEPUTY CLERK~~ SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

NCIC Approved

2020 CRW 01 471

## Superior Court of the District of Columbia

CRIMINAL DIVISION

### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT

USW NO:

| DEFENDANT NAME: | NICKNAME: N/A | ALIASES: N/A | | | | CCN: | PDID: None |
|---|---|---|---|---|---|---|---|
| SEX:    RACE:    DOB: | HGT:    WGT: | EYES: | | COMP: | | SCARS, MARKS, TATOOS: None visible | |
| DEFENDANT'S ADDRESS: | | | | | | HOME PHONE NUMBER: N/A | |
| DEFENDANT'S BUSINESS ADDRESS: | | | | | | CELLULAR PHONE NUMBER: | |
| COMPLAINANT'S NAME: Minor Victim (16 year old Male) | | | | | | TELEPHONE NUMBER: On File | |
| LOCATION OF OFFENSE: | | | | | | DATE OF OFFENSE January 21, 2018 | TIME OF OFFENSE @0010 hours |

CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.
___ 00 = Armed and Dangerous  ___ 25 = Escape Risk  ___ 55 = Alcoholic  ___ 20 = Known to abuse drugs
___ 05 = Violent Tendencies  ___ 30 = Sexually Violent Predator  ___ 60 = Allergies  ___ 80 = Medication Required
___ 10 = Martial Arts Expert  ___ 50 = Heart Condition  ___ 65 = Epilepsy  ___ 90 = Diabetic
___ 15 = Explosive Expertise  ___ 85 = Hemophiliac  ___ 70 = Suicidal  ___ 01 = Other - Mental Health Conditions

### GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:

The reporting person and school Principal responded to the anonymous email and requested additional information from the sender. The sender responded that he or she was enrolled at the school during the time of the conduct but did not wish to elaborate any further.

Your affiant requested information regarding Witness #1 from the reporting person, who confirmed that he did attend the school and now attends a university located outside of the District of Columbia.

Your affiant attempted to contact Witness #1 via text message to the registered phone number of the email and also sending an email to the anonymous email address.

The following day, your affiant received a text message from another number, which ~~text message~~ stated that he was the sender of the email and it was not Witness #1. The individual identified himself as the complainant, which was later confirmed through a search of the phone number. The complainant advised that he wished to remain anonymous but was willing to meet in person.

Your affiant searched the defendant's class rosters and identified the complainant as a previous student of the school where [ ] taught (also during the same time period).

On December 4, 2019, your affiant and another Youth and Family Services Division detective responded to the complainant's school to conduct an interview. The complainant reported that he attended Duke Ellington School of Arts from September 2015 to his graduation in June 2019. The complainant advised that the defendant was the Show Choir Assistant from the complainant's freshman to junior years in high school. The defendant was also the complainant's Sight Signing teacher beginning his junior year of high school, September 2017.

AFFIANT'S SIGNATURE:

X _____

TO: WARRANT CLERK
PLEASE ISSUE WARRANT FOR:

Charge With: _____

**First Degree Sexual Abuse of a Minor**
ASSISTANT UNITED STATES ATTORNEY

SUBSCRIBED AND SWORN BEFORE ME THIS
_16_ DAY OF _March_ 20___

_Neale. K_____

(JUDGE) ~~DEPUTY CLERK~~ SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

ncic approved

**2020 CRW 01471**

## Superior Court of the District of Columbia

CRIMINAL DIVISION

**AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT**          USW NO:

| DEFENDANT NAME: | NICKNAME: N/A | ALIASES: N/A | | CCN: | PDID: None |
|---|---|---|---|---|---|
| SEX:    RACE:    DOB: | HGT:    WGT: | EYES: | COMP: | SCARS, MARKS, TATOOS: None visible | |
| DEFENDANT'S ADDRESS: | | | | HOME PHONE NUMBER: N/A | |
| DEFENDANT'S BUSINESS ADDRESS: | | | | CELLULAR PHONE NUMBER: | |
| COMPLAINANT'S NAME: Minor Victim (16 year old Male) | | | | TELEPHONE NUMBER: On file | |
| LOCATION OF OFFENSE: | | | | DATE OF OFFENSE: January 21, 2018 | TIME OF OFFENSE: @0010 hours |

CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.

| | | | |
|---|---|---|---|
| __ 00 = Armed and Dangerous | __ 25 = Escape Risk | __ 55 = Alcoholic | __ 20 = Known to abuse drugs |
| __ 05 = Violent Tendencies | __ 30 = Sexually Violent Predator | __ 60 = Allergies | __ 80 = Medication Required |
| __ 10 = Martial Arts Expert | __ 50 = Heart Condition | __ 85 = Epilepsy | __ 90 = Diabetic |
| __ 15 = Explosive Expertise | __ 55 = Hemophiliac | __ 70 = Suicidal | __ 01 = Other – Mental Health Conditions |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

The complainant stated that the defendant was his teacher and a mentor to him and that he trusted the defendant, and confided in him about school and personal issues. The complainant advised that in November or December of 2017 things got "more serious" between the two of them and they began to flirt with one another. They would text and talk on the phone as well as message one another on Snap Chat.

The complainant disclosed that in January, 2018, things became physical between the two of them. The complainant, the defendant, and several other students performed at a show at the Kennedy Center, in front of the musical artist Babyface. After the show, the entire group went to watch a movie at the AMC Hoffman Theater in Alexandria, VA.

After the movie was over, the group took several Ubers to go home, and the complainant, the defendant, and the later learned to be Witness #2, shared an Uber. The plan was to drop the complainant off at his house and then the defendant would go home. In the initial interview, the complainant advised that on the way home, and after entering Washington, DC, he reached over and removed the defendant's penis from his pants, and performed oral sex on him. The complainant specifically stated that he gave the defendant "head." The complainant could not recall what, if anything, was said prior to the act or during the act.

In a subsequent interview, the complainant stated that he performed oral sex on the defendant after dropping Witness #2 off at her house and prior to arriving at his residence.

The complainant advised that this was the only sexual act between the two of them but they stayed flirty with one another. He also stated that he did not disclose the act to anyone during the school year except his friend, herein referred to as Witness #3.

TO: WARRANT CLERK
PLEASE ISSUE WARRANT FOR:

Charge With:_____

**First Degree Sexual Abuse of a Minor**
ASSISTANT UNITED STATES ATTORNEY

AFFIANT'S SIGNATURE:

X _____

SUBSCRIBED AND SWORN BEFORE ME THIS
_16_ DAY OF _March_ 20_20_

_____
(JUDGE) ~~DEPUTY CLERK~~) SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

**2020CRW01471**

## Superior Court of the District of Columbia

CRIMINAL DIVISION

**AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT**          USW NO:

| DEFENDANT NAME: | NICKNAME: N/A | ALIASES: N/A | | CCN: | PDID: None |
|---|---|---|---|---|---|
| SEX:   RACE:   DOB: | HGT:   WGT: | EYES:   COMP: | | SCARS, MARKS, TATOOS: None visible | |
| DEFENDANT'S ADDRESS: | | | | HOME PHONE NUMBER: N/A | |
| DEFENDANT'S BUSINESS ADDRESS: | | | | CELLULAR PHONE NUMBER: | |
| COMPLAINANT'S NAME: Minor Victim (16 year old Male) | | | | TELEPHONE NUMBER: On File | |
| LOCATION OF OFFENSE: | | | | DATE OF OFFENSE January 21, 2018 | TIME OF OFFENSE @0010 hours |

CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.

| | | | |
|---|---|---|---|
| 00 = Armed and Dangerous | 25 = Escape Risk | 55 = Alcoholic | 20 = Known to abuse drugs |
| 05 = Violent Tendencies | 30 = Sexually Violent Predator | 60 = Allergies | 80 = Medication Required |
| 10 = Martial Arts Expert | 50 = Heart Condition | 65 = Epilepsy | 90 = Diabetic |
| 15 = Explosive Expertise | 85 = Hemophiliac | 70 = Suicidal | 01 = Other – Mental Health Conditions |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

The complainant stated that in October, 2019, he was with friends in a dorm room, to include Witness #1 and Witness #3, and disclosed what occurred with the defendant. Witness #1 generated an anonymous email address and, along with the complainant, sent an email to the school from Witness #1's laptop.

The complainant was asked when the last time was that he was in contact with the defendant. He advised that he had not spoken with the defendant since graduation in June, 2019, but received a text message and phone call from him on October 23, 2019. This was also the same day that the defendant was advised of the allegation and placed on leave at school. The defendant texted the complainant and asked when he was going to be home from school because he wanted him to record vocals for a few songs the defendant had written. The two began to speak on the phone and, while speaking on the phone, the defendant sent a text message to the complainant asking him if he still had the phone application, Snap Chat, as he wished to ask him a question. When the complainant responded that he did have the application, the defendant sent him a message asking if he had ever told anyone about what occurred between them. The complainant responded that he had not.

The complainant provided your affiant with additional text messages, which occurred after your affiant contacted him in reference to an interview. On November 19, 2019, the complainant texted the defendant and told him that he had to call him later. The defendant responded Ok and asked if something was wrong. The complainant said that there was but could not talk about it at that time. Later in the evening, the complainant called the defendant and told him that he was contacted by your affiant and that he was going to talk to your affiant. The complainant stated that he did not feel as though he could lie about what happened. The defendant asked the complainant to "help him," said that "this could ruin" him, and asked him "not to tell the truth." The complainant said that he was not going to lie but let him think about it. The following day, the defendant texted the complainant and asked if he was going to call the defendant back, the complainant responded that he was not ready.

TO: WARRANT CLERK
PLEASE ISSUE WARRANT FOR:

Charge With:

First Degree Sexual Abuse of a Minor
ASSISTANT UNITED STATES ATTORNEY
_Sharon Marcus_

AFFIANT'S SIGNATURE:

X _____

SUBSCRIBED AND SWORN BEFORE ME THIS
_16_ DAY OF _March_ 20 _20_

_Neale Kurst_

(JUDGE) DEPUTY CLERK SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

NCIC APPROVED

**2020CR#01471**

## Superior Court of the District of Columbia

CRIMINAL DIVISION

### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT        USW NO:

| DEFENDANT NAME: | NICKNAME: N/A | ALIASES: N/A | | CCN: | PDID: None |
|---|---|---|---|---|---|
| **SEX:  RACE:    DOB:** | **HGT:    WGT:** | **EYES:** | **COMP:** | **SCARS, MARKS, TATOOS:** None visible | |
| **DEFENDANT'S ADDRESS:** | | | | **HOME PHONE NUMBER:** N/A | |
| **DEFENDANT'S BUSINESS ADDRESS:** | | | | **CELLULAR PHONE NUMBER:** | |
| **COMPLAINANT'S NAME:** Minor Victim (16 year old Male) | | | | **TELEPHONE NUMBER:** On File | |
| **LOCATION OF OFFENSE:** | | | | **DATE OF OFFENSE** January 21, 2018 | **TIME OF OFFENSE** @0010 hours |

CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.

| | | | |
|---|---|---|---|
| 00 = Armed and Dangerous | 25 = Escape Risk | 55 = Alcoholic | 20 = Known to abuse drugs |
| 05 = Violent Tendencies | 30 = Sexually Violent Predator | 60 = Allergies | 80 = Medication Required |
| 10 = Martial Arts Expert | 50 = Heart Condition | 65 = Epilepsy | 90 = Diabetic |
| 15 = Explosive Expertise | 85 = Hemophiliac | 70 = Suicidal | 01 = Other – Mental Health Conditions |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

Your affiant conducted an interview with Witness #3 who reported that in May or June, 2018, he was told by the complainant that he had physical contact with the defendant. The complainant told him that he "did something with ▇▇▇▇" Witness #3 asked him what occurred and the complainant told him that he "gave him head." Witness #3 does not recall speaking with the complainant about it again until toward the end of October, 2019. He stated that he was with the complainant and Witness #1, and another friend, when the complainant disclosed the incident to them. The complainant told the group about "giving head" to "▇▇▇▇" Witness #1 stated that it was not right and they should do something about it. They all decided to make the anonymous email address and send an email to the school.

On February 5, 2020, your affiant received information relating to the defendant's Uber activity during the time frame of the reported abuse. Your affiant located a ride on January 20, 2018, that began at 229 Swamp Fox Road, Alexandria, VA, which is next to the AMC Hoffman Theater, and ended at ▇▇▇▇▇▇▇ which is the defendant's address. The ride began at 11:38PM and ended at 12:27AM on January 21, 2018. A GPS picture was provided with the information that indicates the driver took an exit off of 295 Northbound that would deviate from a direct path to the defendant's residence. The exit would also coincide with the Uber first going to Witness #2's residence and then the complainant's residence before ending at the defendant's residence.

Your affiant confirmed that on January 20, 2018, there was a show at the Kennedy Center and the aforementioned musical artist Babyface was in attendance.

On March 9, 2020, your affiant conducted an interview with Witness #2. Witness #2 stated that she used to be close with the complainant when they were in school but they no longer speak to one another. She reported that the defendant was her 10th and 11th grade Sight Singing teacher as well as the Music Director for Show Choir and Director of Concert Choir, both of which she was a member of.

**TO: WARRANT CLERK**
PLEASE ISSUE WARRANT FOR:

Charge With: _____

**First Degree Sexual Abuse of a Minor**
ASSISTANT UNITED STATES ATTORNEY
_Sharon Marcus Kr_

**AFFIANT'S SIGNATURE:**

X _____

SUBSCRIBED AND SWORN BEFORE ME THIS
_16_ DAY OF _March_ 20 _20_

_Neale Kr_

(JUDGE) DEPUTY CLERK SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

NCIC ARRAIGNED

## Superior Court of the District of Columbia 2020 CRW 01 471
### CRIMINAL DIVISION
### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT          USW NO:

| DEFENDANT NAME: | NICKNAME: N/A | ALIASES: N/A | | CCN: | PDID: None |
|---|---|---|---|---|---|
| SEX: | RACE: | DOB: | HGT: | WGT: | EYES: | COMP: | SCARS, MARKS, TATOOS: None visible |

| DEFENDANT'S ADDRESS: | HOME PHONE NUMBER: N/A |
|---|---|
| DEFENDANT'S BUSINESS ADDRESS: | CELLULAR PHONE NUMBER: |

| COMPLAINANT'S NAME: | TELEPHONE NUMBER: |
|---|---|
| Minor Victim (16 year old Male) | On File |

| LOCATION OF OFFENSE: | DATE OF OFFENSE: January 21, 2018 | TIME OF OFFENSE: @0010 hours |
|---|---|---|

CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.

| | | | |
|---|---|---|---|
| __ 00 = Armed and Dangerous | __ 25 = Escape Risk | __ 55 = Alcoholic | __ 20 = Known to abuse drugs |
| __ 05 = Violent Tendencies | __ 30 = Sexually Violent Predator | __ 60 = Allergies | __ 80 = Medication Required |
| __ 10 = Martial Arts Expert | __ 50 = Heart Condition | __ 65 = Epilepsy | __ 90 = Diabetic |
| __ 15 = Explosive Expertise | __ 85 = Hemophiliac | __ 70 = Suicidal | __ 01 = Other – Mental Health Conditions |

GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:

Witness #2 recalled performing at the Kennedy Center in front of the artist Babyface but at first believed that she went home directly after the show. When asked about a possible trip to the movies in Virginia, she stated that she did not recall if this was the same date not but did not believe so. Witness #2 then looked at pictures and videos on her phone and observed pictures from January 20, 2018, that were marked with the tag AMC Hoffman logo.

Witness #2 stated that she took an Uber home but could not recall if she was in an Uber with the complainant and the defendant.

Your affiant obtained Witness #2's address and found it to be directly on the Uber GPS route provided for the defendant for January 20, 2018. The complainant's residence is approximately 2.4 miles from Witness #2's residence, and would take approximately 10-11 minutes.

At the time of the offense, the defendant was 25 years old and in a significant relationship, the complainant's teacher, with the minor complainant, who was 16 years old at the time of the offense.

On March 11, 2020, your affiant presented the complainant a single confirmation photograph which depicted the defendant. This process was conducted via Face Time and audio recorded. Your affiant read the complainant the viewing sheet instructions and then showed him the photograph on the page. Your affiant asked the complainant three questions that are located at the bottom of the page. The complainant responded that he knew the individual in the photograph, has since 2015, and refers to him as ▇▇▇▇▇ Your affiant asked if this was the same individual with whom he has been speaking to your affiant about and he responded that it is.

Based on the aforementioned set of facts and circumstances, your affiant believes that probable cause exists and respectfully requests a DC Superior Court arrest warrant be issued for the defendant.

AFFIANT'S SIGNATURE:

X _____

**TO: WARRANT CLERK**
PLEASE ISSUE WARRANT FOR:

_____

Charge With: _____

**First Degree Sexual Abuse of a Minor**
ASSISTANT UNITED STATES ATTORNEY

SUBSCRIBED AND SWORN BEFORE ME THIS
16 DAY OF March 20 20

(JUDGE) DEPUTY CLERK) SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA
NJC APPROVED

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CRIMINAL DIVISION

DCTN: ................................

Lockup No: ................................

## COMPLAINT

Case No: ................................

District of Columbia ss:

Defendant's Name: ███████████                    ███████████

                  (First)        (MI)    (Last)         (PDID)      (CCNO)

Also Known As: _____

               (First)      (Middle)      (Last)

Address: ███████████████████████

Between on or about May 1, 2015, and on or about August 30, 2015, within the District of Columbia, ███████, being more than four years older than S. C., a child under sixteen years of age, that is, 15 years of age, and being in a significant relationship with S. C., engaged in a sexual act with that child and caused that child to engage in a sexual act, that is penetration of S. C.'s vulva by ███████ penis. **(First Degree Child Sexual Abuse, in violation of 22 D.C. Code, Section 3008**, with Aggravating Circumstances, in violation of 22 D.C. Code Section 3020(a)(2) (2001 ed.)

Co-Defendants:

*Tilley, Kiel D21701*

Affiant's Name

Subscribed and sworn to before me this ___23___ day of ___March, 2021___

_____

(Judge) (Deputy Clerk)

## WARRANT

*To The United States Marshal or any other authorized federal officer or the Chief of Police of the District of Columbia:*
  **WHEREAS** the foregoing complaint and affidavit supporting the allegations thereof have been submitted, and there appearing probable cause and reasonable grounds for the issuance of an arrest warrant for                                            *Mark Walker*
**YOU ARE THEREFORE COMMANDED TO BRING THE DEFENDANT BEFORE SAID COURT OR OTHER PERSON ENUMERATED IN 18 U.S.C. 3041** forthwith to answer said charge.

Issued _____    _____

                                    Judge - Superior Court of the District of Columbia

Title 16: ☐          Rule 105: ☐  Judge: _____

| Sex: ███ | DOB: ███████ | CCN: ███████ | PDID: |
|---|---|---|---|
| **Papering Officer:** Kiel Tilley | | | **Badge No.:** D21701 |

### OFFICER MUST EXECUTE RETURN

| Officer's Name: | Date / Time: March 23, 2021 |
|---|---|
| AUSA Signature: | Fel. I ☐   AFTC ☐   Fel. II ☐ |

ncic approved/3/23/21

## Superior Court of the District of Columbia

### CRIMINAL DIVISION
### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT    USW NO:

| DEFENDANT NAME: | | NICKNAME: | ALIASES: | | CCN: | | PDID: |
|---|---|---|---|---|---|---|---|
| SEX: | RACE: | DOB: | HGT: | WGT: | EYES: | COMP: | SCARS, MARKS, TATTOOS: |
| DEFENDANT'S ADDRESS: | | | | | | HOME PHONE NUMBER: | |
| DEFENDANT'S BUSINESS ADDRESS: | | | | | | CELLULAR PHONE NUMBER: | |
| COMPLAINANT'S NAME: S.C. | | | | | | TELEPHONE NUMBER: On file | |
| LOCATION OF OFFENSE: | | | | | | DATE OF OFFENSE May 2016 | TIME OF OFFENSE PM Hours |

**CAUTION AND MEDICAL CONDITIONS (CMC)** Select a valid CMC code below for wanted person when using the caution indicator.

| | | | |
|---|---|---|---|
| ___ 90 = Armed and Dangerous | ___ 25 = Escape Risk | ___ 55 = Alcoholic | ___ 20 = Known to abuse drugs |
| ___ 05 = Violent Tendencies | ___ 30 = Sexually Violent Predator | ___ 60 = Allergies | ___ 80 = Medication Required |
| ___ 10 = Martial Arts Expert | ___ 50 = Heart Condition | ___ 65 = Epilepsy | ___ 90 = Diabetic |
| ___ 15 = Explosive Expertise | ___ 85 = Hemophiliac | ___ 70 = Suicidal | ___ 01 = Other – Mental Health Conditions |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

On June 22, 2020, an investigator within DC Public Schools (DCPS) Comprehensive Alternative Resolution and Equity (CARE) team filed a report with the DC Child and Family Services Agency that Witness-1 had filed a complaint against a former teacher. The former teacher was identified as ▮▮▮▮▮, who taught at Witness-1's school. The complaint alleged that Witness-1 had been "groomed" by ▮▮▮▮▮ during their time in the school. The grooming behavior resulted in Witness-1 engaging in a sexual act with ▮▮▮▮▮.

In the initial complaint to the CARE team, Witness-1 reported that ▮▮▮▮▮ bought them gifts, meals and a special crystal for their birthday. A personal relationship ensued between the student and ▮▮▮▮▮, which included visits by Witness-1 to the home of ▮▮▮▮▮. On the third visit, Witness-1 reported engaging in sexual intercourse with ▮▮▮▮▮, who told Witness-1 that they should not be engaging in such behavior due to the age of Witness-1. Witness-1 reported that they only engaged in sexual activity ▮▮▮▮▮ on the third visit, the other occasions only involved "hanging out and cuddling."

Witness-1 reported the level of attention shown by ▮▮▮▮▮ was unique and not shown to all students by ▮▮▮▮▮. Witness-1 identified two other students with whom ▮▮▮▮▮ had close, personal relationships with: the complainant and Witness-5.

Your affiant, Detective Kiel Tilley, conducted an interview with Witness-1 in reference to the complaint filed with the CARE team.

Witness-1 identified ▮▮▮▮▮ as the teacher in the complaint and that he was originally the photography teacher, although his roles changed while Witness-1 was a student. Witness-1 described ▮▮▮▮▮ as different from other staff with regard to his vocabulary (using language more age appropriate for students) and due to the amount of personal information he would share with students. Witness-1 reported ▮▮▮▮▮ sought to gain the trust of the

**TO: WARRANT CLERK**
PLEASE ISSUE WARRANT FOR: ▮▮▮▮▮

Charge With: First Degree Child Sexual Abuse with Aggravating Circumstances

_Susan Kennedy_    3/23/21 ncic approved
**ASSISTANT UNITED STATES ATTORNEY**

**AFFIANT'S SIGNATURE:**
X _[signature]_

SUBSCRIBED AND SWORN BEFORE ME THIS
_____ DAY OF _____ 20___

_____
(JUDGE) DETPUTY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## Superior Court of the District of Columbia
CRIMINAL DIVISION
### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT      USW NO:

| DEFENDANT NAME: | | NICKNAME: | ALIASES: | | CCN: | PDID: |
|---|---|---|---|---|---|---|
| SEX: | RACE: | DOB: | HGT: | WGT: | EYES: | COMP: | SCARS, MARKS, TATTOOS: | |

| DEFENDANT'S ADDRESS: | HOME PHONE NUMBER: |
|---|---|
| DEFENDANT'S BUSINESS ADDRESS: | CELLULAR PHONE NUMBER: |

| COMPLAINANT'S NAME: S.C. | TELEPHONE NUMBER: On file |
|---|---|
| LOCATION OF OFFENSE: | DATE OF OFFENSE: May 2015 | TIME OF OFFENSE: PM Hours |

CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.

| ___ 00 = Armed and Dangerous | ___ 25 = Escape Risk | ___ 55 = Alcoholic | ___ 20 = Known to abuse drugs |
|---|---|---|---|
| ___ 05 = Violent Tendencies | ___ 30 = Sexually Violent Predator | ___ 60 = Allergies | ___ 80 = Medication Required |
| ___ 10 = Martial Arts Expert | ___ 50 = Heart Condition | ___ 65 = Epilepsy | ___ 90 = Diabetic |
| ___ 15 = Explosive Expertise | ___ 85 = Hemophiliac | ___ 70 = Suicidal | ___ 51 = Other - Mental Health Conditions |

### GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:

students and bought gifts for a small number of selected students. Witness-1 reported that ▮▮▮▮▮▮ bought general items for the class, but bought very specific items for others. Witness-1 stated the general gifts were intended to distract from the personal gifts provided for certain students. ▮▮▮▮▮▮ would buy food, drinks and candy for two female students based on their preference but would then buy general community food for the rest of class.

Witness-1 reported that ▮▮▮▮▮▮ would give them money for food and lunch, as well as birthday presents and rock specimens for their birthday. Witness-1 stated this was due to their interest in geology. Witness-1 reported that while ▮▮▮▮▮▮ was still their teacher, he would speak of plans post-graduation often to include visits to his house and museums. After Witness-1 graduated, they reported visiting ▮▮▮▮▮▮ house and spending time as friends as opposed to a normal teacher-student relationship. Witness-1 reported ▮▮▮▮▮▮ house as being located near Turkey Thicket Recreation Center and the Brookland Metro Station. These visits included conversation, drinking and smoking THC cartridges from ▮▮▮▮▮▮ vape.

Witness-1 reported this relationship resulted in sexual intercourse on one occasion with ▮▮▮▮▮▮ after Witness-1 had graduated; Witness-1 was 17 years of age at that time. Witness-1 reported that ▮▮▮▮▮▮ spoke of their age during the act and acknowledging Witness-1's status of a former student, but the sexual act occurred. The complainant stated that they were enthusiastic during the act as Witness-1 "really idolized" ▮▮▮▮▮▮ and sought his affection, but regretted the act after its completion. Witness-1 described the act as ▮▮▮▮▮▮ "inserting his penis into me."

Witness-1 reported that no sexual acts occurred while Witness-1 was a student, but identified two other students who had similar relationships with ▮▮▮▮▮▮. Witness-1 identified Witness-5 as a student that ▮▮▮▮▮▮ bought numerous gifts for, and reported that ▮▮▮▮▮▮ discussed his relationship with Witness-5 with Witness-1. Witness-1 believed that ▮▮▮▮▮▮ also visited Witness-5 after graduation at their college.

TO: WARRANT CLERK
PLEASE ISSUE WARRANT FOR: ▮▮▮▮▮▮

Charge With: _____ First Degree Child Sexual Abuse with Aggravating Circumstances

_3/23/21 ncic approved_

ASSISTANT UNITED STATES ATTORNEY

AFFIANT'S SIGNATURE:
X _____

SUBSCRIBED AND SWORN BEFORE ME THIS
_____ DAY OF _____ 20 ___

_____
(JUDGE) DEPUTY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## Superior Court of the District of Columbia

### CRIMINAL DIVISION
### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT          USW NO:

| DEFENDANT NAME: | | NICKNAME: | ALIASES: | | CCN: | | PDID: |
|---|---|---|---|---|---|---|---|
| SEX: | RACE: | DOB: | HGT: | WGT: | EYES: | COMP: | SCARS, MARKS, TATTOOS: |

| DEFENDANT'S ADDRESS: | HOME PHONE NUMBER: |
|---|---|
| DEFENDANT'S BUSINESS ADDRESS: | CELLULAR PHONE NUMBER: |

| COMPLAINANT'S NAME: S.C. | TELEPHONE NUMBER: On file |
|---|---|
| LOCATION OF OFFENSE: | DATE OF OFFENSE: May 2016 · TIME OF OFFENSE: PM Hours |

**CAUTION AND MEDICAL CONDITIONS (CMC)** Select a valid CMC code below for wanted person when using the caution indicator.

| | | | | | |
|---|---|---|---|---|---|
| 00 = Armed and Dangerous | 25 = Escape Risk | 55 = Alcoholic | 20 = Known to abuse drugs | | |
| 05 = Violent Tendencies | 30 = Sexually Violent Predator | 60 = Allergies | 80 = Medication Required | | |
| 10 = Martial Arts Expert | 50 = Heart Condition | 65 = Epilepsy | 90 = Diabetic | | |
| 15 = Explosive Expertise | 85 = Hemophiliac | 70 = Suicidal | 01 = Other – Mental Health Conditions | | |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

Witness-1 also identified the complainant, who directly disclosed a romantic relationship with ███████ to Witness-1. The complainant disclosed to Witness-1 that during their sophomore year the complainant developed a romantic relationship with ███████, who fell in love with the complainant. The complainant disclosed going to ███████ house where they would engage in oral sex, but ███████ allegedly did not wish to engage in other acts because of their status as a student. Witness-1 believes these events took place in either 2014 or 2015. The complainant disclosed this in a classroom setting during their senior year, possibly 2016. The complainant began by speaking with a small group of friends but addressed the whole class as the complainant noticed their attention. The complainant stated she wanted to address the rumors about ███████ and to confirm them. The complainant stated that ███████ would "definitely always love me" and they stopped talking because the complainant's family would not understand.

Your affiant was able to contact the complainant via telephone in reference to the allegations, who agreed to speak about her time at the school attended by Witness-1 and the complainant. The complainant confirmed that she attended Witness-1's school from 2013-2017. Your affiant explained the scope of the investigation and the complainant stated that they understood why they contact was made. The complainant reported that during high school a person took advantage of the complainant, that person was a visual arts teacher. The complainant reported that at the time, she was 14 years old and the teacher was 33 years old. The complainant identified the teacher as ███████.

The complainant reported that ███████ began sending the complainant letters and began taking her home from school. ███████ also began inviting the complainant over to his home, and on one occasion attempting to have sexual intercourse with the complainant. The complainant reported that she was a virgin at that time. This incident occurred over the summer at his home, in his bedroom. ███████ attempted to penetrate the complainant, which frightened the complainant and made the complainant cry. This occurred while the complainant was a student in the summer of 2015 or 2016.

**TO: WARRANT CLERK**
PLEASE ISSUE WARRANT FOR: ███████

Charge With:  First Degree Child Sexual Abuse with Aggravating Circumstances

3/23/21 ncic approved

**ASSISTANT UNITED STATES ATTORNEY**

**AFFIANT'S SIGNATURE:**
X _____

SUBSCRIBED AND SWORN BEFORE ME THIS
_____ DAY OF _____ 20___

_____
(JUDGE) DEPUTY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

# Superior Court of the District of Columbia

### CRIMINAL DIVISION

## AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT          USW NO:

| DEFENDANT NAME: | | NICKNAME: | ALIASES: | | CCN: | | PDID : |
|---|---|---|---|---|---|---|---|
| SEX: | RACE: | DOB: | HGT: | WGT: | EYES: | COMP: | SCARS, MARKS, TATTOOS: |
| DEFENDANT'S ADDRESS: | | | | | HOME PHONE NUMBER: | | |
| DEFENDANT'S BUSINESS ADDRESS: | | | | | CELLULAR PHONE NUMBER: | | |

| COMPLAINANT'S NAME: | |
|---|---|
| S.C. | TELEPHONE NUMBER: |
| LOCATION OF OFFENSE: | On file |

| LOCATION OF OFFENSE: | DATE OF OFFENSE | TIME OF OFFENSE |
|---|---|---|
| | May 2015 | PM Hours |

CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.

| | | | | | |
|---|---|---|---|---|---|
| ___ 00 = Armed and Dangerous | ___ 25 = Escape Risk | ___ 55 = Alcoholic | ___ 20 = Known to abuse drugs | | |
| ___ 05 = Violent Tendencies | ___ 30 = Sexually Violent Predator | ___ 60 = Allergies | ___ 80 = Medication Required | | |
| ___ 10 = Martial Arts Expert | ___ 50 = Heart Condition | ___ 65 = Epilepsy | ___ 90 = Diabetic | | |
| ___ 15 = Explosive Expertise | ___ 85 = Hemophiliac | ___ 70 = Suicidal | ___ 01 = Other – Mental Health Conditions | | |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

The complainant began demonstrating an emotional response to the interview, audibly crying. Your affiant then offered to conduct the interview in person and the complainant agreed. Your affiant met the complainant in person on a later date.

The complainant reported the relationship with ▮▮▮▮ began in 2015 while attending an afterschool program coordinated by ▮▮▮▮ Students would watch movies and do coursework; ▮▮▮▮ also would drive a group of students home after the program each night- dropping the complainant off last of the group. On one such occasion, in May of 2015, before the complainant turned 16, ▮▮▮▮ kissed the complainant.

The complainant reported that this kiss occurred in ▮▮▮▮ vehicle near the complainant's home. The complainant disclosed telling ▮▮▮▮ the complainant had never been kissed before and he replied that he would show her. The complainant described the kiss as "on the mouth with tongue," inside of his red sport utility vehicle. ▮▮▮▮ then drove the complainant home.

▮▮▮▮ began buying the complainant random items at school, prompting classmates to notice. ▮▮▮▮ would also touch the complainant's knee under the table during classes and would routinely meet individually with her to discuss their relationship under the guise of instruction. This relationship, which the complainant described as "romantic," continued for a year.

The complainant reported ▮ summer she visited ▮▮▮▮ home on multiple occasions, describing its location in Northeast DC, near Turkey Thicket Recreation Center (of note ▮▮▮▮ registered DMV address is 0.1 miles from Turkey Thicket Recreation Center). These visits included movies and food, which ▮▮▮▮ would buy for the complainant. ▮▮▮▮ would routinely walk her home from school and they would frequent parks along the

**TO: WARRANT CLERK**
**PLEASE ISSUE WARRANT FOR:** ▮▮▮▮

Charge With: First Degree Child Sexual Abuse with Aggravating Circumstances

▮▮▮▮ 3/23/21 ncic approved

ASSISTANT UNITED STATES ATTORNEY

**AFFIANT'S SIGNATURE:**
X ▮▮▮▮

SUBSCRIBED AND SWORN BEFORE ME THIS
_____ DAY OF _____ 20 ____

_____
(JUDGE) DETPUTY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## Superior Court of the District of Columbia
### CRIMINAL DIVISION
### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT          USW NO:

| DEFENDANT NAME: | | NICKNAME: | ALIASES: | | CCN: | | PDID: |
|---|---|---|---|---|---|---|---|
| SEX: | RACE: | DOB: | HGT: | WGT: | EYES: | COMP: | SCARS, MARKS, TATTOOS: |
| DEFENDANT'S ADDRESS: | | | | | HOME PHONE NUMBER: | | |
| DEFENDANT'S BUSINESS ADDRESS: | | | | | CELLULAR PHONE NUMBER: | | |

| COMPLAINANT'S NAME: S.C. | | TELEPHONE NUMBER: On file |
|---|---|---|
| LOCATION OF OFFENSE: | DATE OF OFFENSE: May 2015 | TIME OF OFFENSE: PM Hours |

CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.

| ___ 00 = Armed and Dangerous | 26 = Escape Risk | 55 = Alcoholic | 20 = Known to abuse drugs |
|---|---|---|---|
| ___ 05 = Violent Tendencies | 30 = Sexually Violent Predator | 60 = Allergies | 80 = Medication Required |
| ___ 10 = Martial Arts Expert | 50 = Heart Condition | 65 = Epilepsy | 90 = Diabetic |
| ___ 15 = Explosive Expertise | 85 = Hemophiliac | 70 = Suicidal | 01 = Other = Mental Health Conditions |

### GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:

way. The complainant's school in 2015 was located in a different location than its current location, allowing the complainant to walk home.

The complainant described one specific day she spent with ███████. On this day, they were discussing their relationship status as ███████ indicated his wishes to marry and meet her family. ███████ discussed how their relationship would look when she turned 18 because he did not want people to know how it began, wanting to be discreet. The complainant then told him that she was a virgin, and she did not want to have intercourse with him. The complainant told ███████ that she did not want to give him her virginity due to his age, position as her teacher, and how she felt it would affect her mentally. ███████ questioned her resistance to having intercourse but acknowledged her concerns.

On the same day, they returned to the home of ███████. Late into the night, they were laying on a futon and were kissing each other. The complainant reported that he "forced himself" upon her by penetrating her vagina with his penis. This occurred inside of ███████ bedroom. The complainant reported that she had recently told ███████ she did not want to engage in vaginal intercourse, as she was a virgin. The complainant stated she was wearing a "blue t-shirt dress" that ███████ removed, as well as his own clothing. ███████ was touching her breasts, vagina, her lips, and neck. The complainant reported they were both nude at this time, with ███████ wearing boxer shorts.

The complainant reported she was "following his lead" during this incident as she was unsure what to do in this situation. The complainant reported that ███████ digitally penetrated her and then penetrated her vagina with his penis. The complainant reported that ███████ had penetrated her for approximately 10 seconds, felt pain, then pushed ███████ off of her. The complainant instantly began crying and described experiencing a "wave of emotions." The complainant questioned why he would penetrate her despite explicitly telling him she did not want that

TO: WARRANT CLERK
PLEASE ISSUE WARRANT FOR: ███████

Charge With:   First Degree Child Sexual Abuse with Aggravating Circumstances

*Ashley Swartzbaugh*                    3/23/21 ncic approved
ASSISTANT UNITED STATES ATTORNEY

AFFIANT'S SIGNATURE:
X

SUBSCRIBED AND SWORN BEFORE ME THIS
_____ DAY OF _____ 20___

_____
(JUDGE) DEPUTY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## Superior Court of the District of Columbia

CRIMINAL DIVISION

### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT          USW NO:

| DEFENDANT NAME: | | NICKNAME: | ALIASES: | | CCN: | | PDID: |
|---|---|---|---|---|---|---|---|
| SEX: ▇ | RACE: ▇ | DOB: ▇ | HGT: | WGT: | EYES: ▇ | COMP: ▇ | SCARS, MARKS, TATTOOS: |

| DEFENDANT'S ADDRESS: | HOME PHONE NUMBER: |
|---|---|
| ▇ | ▇ |
| DEFENDANT'S BUSINESS ADDRESS: ▇ | CELLULAR PHONE NUMBER: |

| COMPLAINANT'S NAME: | TELEPHONE NUMBER: |
|---|---|
| S.C. | On file |
| LOCATION OF OFFENSE: ▇ | DATE OF OFFENSE — May 2015 | TIME OF OFFENSE — PM Hours |

CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.

| ___ 00 = Armed and Dangerous | ___ 25 = Escape Risk | ___ 55 = Alcoholic | ___ 20 = Known to abuse drugs |
|---|---|---|---|
| ___ 05 = Violent Tendencies | ___ 30 = Sexually Violent Predator | ___ 60 = Allergies | ___ 80 = Medication Required |
| ___ 10 = Martial Arts Expert | ___ 50 = Heart Condition | ___ 65 = Epilepsy | ___ 90 = Diabetic |
| ___ 15 = Explosive Expertise | ___ 85 = Hemophiliac | ___ 70 = Suicidal | ___ 01 = Other – Mental Health  Conditions |

### GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:

to happen, ▇ then held her to attempt to console her, and they both then took a shower together. ▇ ▇ apologized and took the complainant home after the shower.

The complainant reported this incident, and all the home visits, occurred in the summer of 2015; the complainant would have been 15-years-old at this time. The complainant disclosed further that on the first visit to ▇ home, he performed oral sex by licking her vagina with his mouth.

The complainant disclosed that she engaged in numerous romantic encounters with ▇ ranging from kissing, to "feeling her up" in his car and oral sex. Due to the high number of events, the complainant had trouble differentiating between events. The complainant reported that on one occasion, while ▇ performed oral sex on the complainant, she reciprocated and performed oral sex on ▇ in his bedroom.

▇ routinely told the complainant to avoid documenting any evidence of their relationship in writing. ▇ told the complainant that she was the youngest girl he had talked to but began talking to a classmate soon after their relationship ended. The complainant believed this relationship to be romantic and similar to her own and identified the classmate as Witness-5. The complainant also reported hearing of rumors that other students who were involved with ▇ after she graduated, but those rumors could not be substantiated.

The complainant identified Witness-2 and Witness-3 as close friends in which she confided about her romantic relationship with ▇ The complainant stated she confided in them while the relationship was active.

At the conclusion of the interview, the complainant was presented with a single color photograph of ▇ , with a date of birth of ▇ . The complainant identified ▇ and stated she has known him for 6 years. Hereinafter, ▇ shall be referred to as Defendant ▇

TO: WARRANT CLERK
PLEASE ISSUE WARRANT FOR: ▇

Charge With:  First Degree Child Sexual Abuse with Aggravating Circumstances

_Lucy Crawley_         3/23/21 ncic approved
ASSISTANT UNITED STATES ATTORNEY

AFFIANT'S SIGNATURE:
X _[signature]_

SUBSCRIBED AND SWORN BEFORE ME THIS
_____ DAY OF _____ 20 ____

_____
(JUDGE) DEPTUTY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## Superior Court of the District of Columbia
### CRIMINAL DIVISION
**AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT**          USW NO:

| DEFENDANT NAME: | | NICKNAME: | ALIASES: | | CCN: | | PDID: |
|---|---|---|---|---|---|---|---|
| SEX: | RACE: | DOB: | HGT: | WGT: | EYES: | COMP: | SCARS, MARKS, TATTOOS: |

| DEFENDANT'S ADDRESS: | HOME PHONE NUMBER: |
|---|---|
| DEFENDANT'S BUSINESS ADDRESS: | CELLULAR PHONE NUMBER: |

| COMPLAINANT'S NAME: S.C. | TELEPHONE NUMBER: On file |
|---|---|
| LOCATION OF OFFENSE: | DATE OF OFFENSE May 2015 | TIME OF OFFENSE PM Hours |

**CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.**

| | | | |
|---|---|---|---|
| 00 = Armed and Dangerous | 25 = Escape Risk | 55 = Alcoholic | 20 = Known to abuse drugs |
| 05 = Violent Tendencies | 30 = Sexually Violent Predator | 60 = Allergies | 80 = Medication Required |
| 10 = Martial Arts Expert | 50 = Heart Condition | 65 = Epilepsy | 90 = Diabetic |
| 15 = Explosive Expertise | 85 = Hemophiliac | 70 = Suicidal | 01 = Other - Mental Health Conditions |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

The complainant provided personal photographs she had taken of Defendant ▮, one of which appears to show him sitting in close proximity to the phone/camera on a park bench and another appears to depict Defendant ▮ in a classroom setting with the caption "love of my life." The individual in the pictures appears to be Defendant ▮.

The complainant also provided screen shots of messages between the complainant's device and "sir leo" and "▮." The complainant identified Defendant Walker as the person of which both communication threads were corresponding. Various messages from "sir leo" request photographs and speak of the complainant's features. One message states, "your eyes are amazing, I just wonder how they look after you cry." Another thread discusses Defendant ▮ moving to Italy and the complainant accompanying him. Defendant ▮ asks, "so you really want to be with me? You want me to wait for you?" The complainant replies "yes & yes," and Defendant ▮ responded "I know, it means more now. Especially with you telling me."

The complainant also provided a hand-written letter to your affiant and identified ▮ as its author. The letter discusses the complainant's "beauty" and one line reads, "you exude beauty, sometimes it's overwhelming." The handwriting on the letter appears to be similar with handwriting contained in the employee files completed by ▮ during his employment at the complainant's school.

Your affiant had occasion to speak with Witness-2 on a later date. Witness-2 confirmed having a friendship with the complainant and attending the same school from 2013-2017.

Witness-2 reported observing the complainant getting close with a teacher, identified as Defendant ▮ who wrote the complainant letters and would buy the complainant small gifts. The complainant began to speak openly about going on "dates" with Defendant ▮ as well. The complainant spoke about going to a park with Defendant ▮ where they would kiss and do "other stuff." Witness-2 described one incident that the complainant disclosed about Defendant

| TO: WARRANT CLERK PLEASE ISSUE WARRANT FOR: ▮ | AFFIANT'S SIGNATURE: X _____ |
|---|---|
| Charge With: First Degree Child Sexual Abuse with Aggravating Circumstances | SUBSCRIBED AND SWORN BEFORE ME THIS _____ DAY OF _____ 20___ |
| _____   3/23/21 ncic approved ASSISTANT UNITED STATES ATTORNEY | (JUDGE) DEPUTY CLERK) SUPERIOR COURT OF THE DISTRICT OF COLUMBIA |

## Superior Court of the District of Columbia
### CRIMINAL DIVISION
### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT                USW NO:

| DEFENDANT NAME: | | NICKNAME: | ALIASES: | | CCN: | | PDID: |
|---|---|---|---|---|---|---|---|
| SEX: | RACE: | DOB: | HGT: | WGT: | EYES: | COMP: | SCARS, MARKS, TATTOOS: |

| DEFENDANT'S ADDRESS: | HOME PHONE NUMBER: |
|---|---|
| DEFENDANT'S BUSINESS ADDRESS: | CELLULAR PHONE NUMBER: |

| COMPLAINANT'S NAME: S.C. | TELEPHONE NUMBER: On file |
|---|---|

| LOCATION OF OFFENSE: | DATE OF OFFENSE May 2015 | TIME OF OFFENSE PM Hours |
|---|---|---|

**CAUTION AND MEDICAL CONDITIONS (CMC)** Select a valid CMC code below for wanted person when using the caution indicator.

| ___ 00 = Armed and Dangerous | ___ 25 = Escape Risk | ___ 55 = Alcoholic | ___ 20 = Known to abuse drugs |
|---|---|---|---|
| ___ 05 = Violent Tendencies | ___ 30 = Sexually Violent Predator | ___ 60 = Allergies | ___ 85 = Medication Required |
| ___ 10 = Martial Arts Expert | ___ 50 = Heart Condition | ___ 65 = Epilepsy | ___ 90 = Diabetic |
| ___ 15 = Explosive Expertise | ___ 85 = Hemophiliac | ___ 70 = Suicidal | ___ 91 = Other - Mental Health Conditions |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

Walker lifting the complainant's shirt and touching her breasts in his vehicle.  The complainant also spoke to Witness-2 about staying the night at Defendant [redacted] house and describing their relationship as romantic in nature.  Witness-2 believed the relationship ended in 2016 at the request of the complainant.

Witness-2 reported that after the relationship between Defendant [redacted] and the complainant ended, he became close with another student who was identified as Witness-5.  Witness-2 reported that Defendant [redacted] began a romantic relationship with Witness-5, but it was unclear if their relationship began before Witness-5's graduation.  Witness-5 spoke to Witness-2 of the relationship and reported that Defendant [redacted] did not want it to be romantic until after Witness-5 graduated.  Witness-2 reported that Defendant [redacted] acted similarly to Witness-5 as he did to the complainant, but Witness-2 had no knowledge of any sexual encounters prior to Witness-5's graduation.

Your affiant had occasion to speak with Witness-3 on a later date.  Witness-3 confirmed attending the same school as the complainant and maintaining a friendship with the complainant and others named in this investigation.  Witness-3 confirmed that Defendant [redacted] was a teacher at the school Witness-3 had attended, but Witness-3 reported having no knowledge of a romantic relationship he may have had with any student.

Your affiant had conducted a separate investigation involving the school that employed Defendant [redacted] and attended by the above witnesses.  Witness-4 was interviewed in reference to the separate investigation and provided information relating to Defendant [redacted].

Witness-4 reported maintaining a relationship with Defendant [redacted] after graduating and considered him a friend and mentor.  Witness-4 reported that Defendant [redacted] was close with students and would often take groups out for dinner and routinely had students visit his home.  Witness-4 reported hearing that Defendant [redacted] had been sexually involved with a student before the student graduated.  Witness-4 reported that Defendant [redacted] had used his age and

---

**TO: WARRANT CLERK**
**PLEASE ISSUE WARRANT FOR:** [redacted]

Charge With:  First Degree Child Sexual Abuse with Aggravating Circumstances

[signature]                3/23/21 ncic approved
**ASSISTANT UNITED STATES ATTORNEY**

**AFFIANT'S SIGNATURE:**
X [signature]

**SUBSCRIBED AND SWORN BEFORE ME THIS**
_____ DAY OF _____ 20 ___

_____
**(JUDGE) DETPUTY CLERK)**
**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

# Superior Court of the District of Columbia

### CRIMINAL DIVISION
**AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT**          USW NO:

| DEFENDANT NAME: | | NICKNAME: | ALIASES: | | CCN: | | PDID: |
|---|---|---|---|---|---|---|---|
| SEX: | RACE: | DOB: | HGT: | WGT: | EYES: | COMP: | SCARS, MARKS, TATTOOS: |
| DEFENDANT'S ADDRESS: | | | | | HOME PHONE NUMBER: | | |
| DEFENDANT'S BUSINESS ADDRESS: | | | | | CELLULAR PHONE NUMBER: | | |
| COMPLAINANT'S NAME: S.C | | | | | TELEPHONE NUMBER: On file | | |
| LOCATION OF OFFENSE: | | | | | DATE OF OFFENSE May 2015 | TIME OF OFFENSE PM Hours | |

**CAUTION AND MEDICAL CONDITIONS (CMC)** Select a valid CMC code below for wanted person when using the caution indicator.

| | | | | | |
|---|---|---|---|---|---|
| ___ 00 = Armed and Dangerous | ___ 25 = Escape Risk | ___ 55 = Alcoholic | ___ 20 = Known to abuse drugs | | |
| ___ 05 = Violent Tendencies | ___ 30 = Sexually Violent Predator | ___ 60 = Allergies | ___ 80 = Medication Required | | |
| ___ 10 = Martial Arts Expert | ___ 50 = Heart Condition | ___ 65 = Epilepsy | ___ 90 = Diabetic | | |
| ___ 15 = Explosive Expertise | ___ 35 = Hemophiliac | ___ 70 = Suicidal | ___ 01 = Other - Mental Health Conditions | | |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

status to manipulate the student, who was now coming to terms with the past and addressing what had transpired. Witness-4 stated that Defendant ▓▓ had frequently driven this student home as part of their relationship.

Your affiant made contact with Witness-5 in reference to the investigation of Defendant ▓▓. Witness-5 affirmed attending the school where Defendant ▓▓▓ was a teacher. Your affiant explained to Witness-5 that the scope of the investigation involved interactions between students and faculty during Witness-5's time at the school.   Upon learning of the scope of the investigation, Witness-5 declined to speak with law enforcement any further.

Your affiant attempted to provide Defendant ▓▓▓ an opportunity to provide a statement in reference to the investigation. Your affiant traveled to the listed residence of Defendant ▓▓ and encountered an individual who stated they lived at the location with Defendant ▓▓. The individual accepted your affiant's contact information and agreed to provide it to Defendant ▓▓. Defendant ▓▓ contacted the undersigned via telephone later and stated that due to having faced accusations previously, he was unsure about providing a statement to your affiant. Defendant ▓▓ has not yet provided a statement in reference to this investigation.

At the time of the reported offenses, the complainant was 15 years old and Defendant ▓▓ was 35 - 36 years old. Defendant ▓▓ employee records indicated that he was employed at the complainant's school between 2014 and 2019, when Defendant ▓▓ resigned.   The complainant attended the school between 2013 and 2017 and reported that Defendant ▓▓ was her visual arts teacher at the school.

Defendant ▓▓ was in a significant relationship with the complainant and over the age of 18 when he engaged in sexual acts with the complainant, a child per DC Code. Your affiant believes there to be sufficient probable cause for the arrest of Defendant ▓▓ for the appropriate charges.

**AFFIANT'S SIGNATURE:**
X _____

**TO: WARRANT CLERK**
**PLEASE ISSUE WARRANT FOR:** ▓▓▓▓

Charge With:  First Degree Child Sexual Abuse with Aggravating Circumstances

_____      3/23/21      ncic approved
**ASSISTANT UNITED STATES ATTORNEY**

SUBSCRIBED AND SWORN BEFORE ME THIS
_____ DAY OF _____ 20____

(JUDGE) DETPUTY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

JANE DOE                                      *
                                              *
            Plaintiff,                        *
                                              *
v.                                            *
                                              *      CASE NO.:
DUKE ELLINGTON SCHOOL                         *      Judge-in-Chambers
OF THE ARTS PROJECT, *et al.*                 *
                                              *
            Defendants.                       *
                                              *

## ORDER

Plaintiff's Motion to Proceed under Pseudonym, having been read, considered and this Court having determined that the request is for good cause;

it is this __16th__ day of __February_____, 2022,

It is **ORDERED**, that the Plaintiff's Motion to Proceed under Pseudonym is hereby,

**GRANTED**;

_Joan Zeldon_
Judge-in-Chambers
Joan Zeldon, Senior Judge

Copies to:

Dawn R. Jackson, Esq.
Duke Ellington School of the Arts
District of Columbia
DC Public School System
Mitzi Yates
Rory Pullens

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Jane Doe

vs

Duke Ellington School of the Arts Project, et al.

Case Number: _____

Date: 02-17-2022

☑ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>Dawn Jackson, Esq.<br>Firm Name:<br>Jackson and Associates Lawfirm<br>Telephone No.:                Six digit Unified Bar No.:<br>301-XX-XXXX               485118 | Relationship to Lawsuit<br>☑ Attorney for Plaintiff<br>☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury      ☐ 6 Person Jury      ☑ 12 Person Jury
Demand: $ $10,000,000 _____      Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.:_____   Judge: _____   Calendar #:_____

Case No.:_____   Judge: _____   Calendar#:_____

---

**NATURE OF SUIT:**     *(Check One Box Only)*

## A. CONTRACTS

**COLLECTION CASES**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
        Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
        Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
        Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
        Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
        Under $25,000 Consent Denied

## B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

## C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
        Not Malpractice)

☑ 17 Personal Injury- (Not Automobile,
        Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE          IF USED

# Information Sheet, Continued

## C. OTHERS

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

## II.

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

## D. REAL PROPERTY

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

**02-17-2022**
_____
Date



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Jane Doe
_____
                                                    Plaintiff

                    vs.                                                    Case Number _____

Duke Ellington School of the Arts Project
_____
                                                    Defendant

### SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Dawn Jackson, Esq.
_____            _Clerk of the Court_
Name of Plaintiff's Attorney

1300 Caraway Court, Ste. 100
_____            By _____
Address                                                                          Deputy Clerk
Upper Marlboro, MD  20774

301-883-0800
_____            Date _____
Telephone
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오.    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                          Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Jane Doe
_____
                                    Demandante

        contra

Duke Ellington School of the Arts Project          Número de Caso: _____
_____
                                    Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Dawn Jackson, Esq.                              *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante

1300 Caraway Court, Ste. 100                Por: _____
_____                     Subsecretario
Dirección
Upper Marlboro, MD  20774
_____

301-883-0800                                Fecha _____
_____
Teléfono

如需翻譯,請打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

만일 번역을 원하시면 (202)879-4828 로 전화주십시요          የአማርኛ ትርጉም ለማግኘት (202) 879-4828   ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                    Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Jane Doe
_____
                                    Plaintiff

                    vs.

Rory Pullens                                          Case Number _____
_____
                                    Defendant

## SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Dawn Jackson, Esq.                               _Clerk of the Court_
_____
Name of Plaintiff's Attorney

1300 Caraway Court, Ste. 100               By _____
_____
Address                                                            Deputy Clerk
Upper Marlboro, MD 20774

301-883-0800                                       Date _____
_____
Telephone
如需翻译，请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

Jane Doe
_____
                                   Demandante

             contra

Rory Pullens                                        Número de Caso: _____
_____
                                   Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Dawn Jackson, Esq.                                  _SECRETARIO DEL TRIBUNAL_
_____
Nombre del abogado del Demandante

1300 Caraway Court, Ste. 100              Por: _____
_____
Dirección                                                        Subsecretario
Upper Marlboro, MD  20774
_____

301-883-0800                                   Fecha _____
_____
Teléfono

如需翻譯,請打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을원하시면(202)879-4828로전화해주세요         የትርጉም እርዳታ ከፈለጉ (202) 879-4828  ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                              Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Jane Doe
_____
                                    Plaintiff
              vs.
                                                         Case Number _____

Mitzi Yates
_____
                                    Defendant

**SUMMONS**

To the above named Defendant:

     You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

     You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Dawn Jackson, Esq.
_____
Name of Plaintiff's Attorney

1300 Caraway Court, Ste. 100
_____
Address
Upper Marlboro, MD  20774

301-883-0800
_____
Telephone

*Clerk of the Court*

By _____
                        Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오.      የአማርኛ ትርጉም ለማግኘት (202) 879-4828  ይደውሉ

     IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

     If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Jane Doe
_____
                    Demandante

           contra

Mitzi Yates                                    Número de Caso: _____
_____
                    Demandado

**CITATORIO**

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Dawn Jackson, Esq.                              *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante

1300 Caraway Court, Ste. 100                    Por: _____
_____
Dirección                                            Subsecretario
Upper Marlboro, MD 20774

301-883-0800                                    Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dich, hãy goi (202) 879-4828

번역을 원하시면 (202)879-4828 로 전화주십시오      ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

    Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                    Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
Telephone: (202) 879-1133 Website: www.dccourts.gov

Jane Doe
_____
                          Plaintiff

                vs.

Mark A. Williams                          Case Number _____
_____
                          Defendant

### SUMMONS

To the above named Defendant:

     You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

     You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Dawn Jackson, Esq.
_____
Name of Plaintiff's Attorney

1300 Caraway Court, Ste. 100
_____
Address
Upper Marlboro, MD 20774
_____

301-883-0800
_____
Telephone

*Clerk of the Court*

By _____
                     Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시오          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

     IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

     If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Jane Doe
_____
                    Demandante

        contra

Mark A. Williams                                    Número de Caso: _____
_____
                    Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Dawn Jackson, Esq.
_____          *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

1300 Caraway Court, Ste. 100
_____          Por: _____
Dirección                                                    Subsecretario
Upper Marlboro, MD  20774
_____

301-883-0800
_____          Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

만일 번역이 필요하시면(202) 879-4828 로 전화주십시오          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Jane Doe
_____
                                    Plaintiff
        vs.                                             Case Number _____

District of Columbia Public School System
_____
                                    Defendant

## SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Dawn Jackson, Esq.
_____                    _Clerk of the Court_
Name of Plaintiff's Attorney

1300 Caraway Court, Ste. 100                    By _____
Address                                                            Deputy Clerk
Upper Marlboro, MD  20774

301-883-0800                                        Date _____
Telephone
如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시요.    ያማርኛ ተርጓሚ ለማግኘት (202) 879-4828  ይደውሉ

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

Jane Doe
_____
                                    Demandante
            contra

District of Columbia Public School System                Número de Caso: _____
_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Dawn Jackson, Esq.
_____                *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

1300 Caraway Court, Ste. 100
_____          Por: _____
Dirección                                              Subsecretario
Upper Marlboro, MD  20774
_____

301-883-0800
_____          Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

만일 번역을 원하시면 (202)879-4828 로 전화주십시오      የአማርኛ  ትርጉም  ለማግኘት  (202) 879-4828  ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Jane Doe
_____
                                    Plaintiff

                    vs.

District of Columbia                                    Case Number _____
_____
                                    Defendant

**SUMMONS**

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Dawn Jackson, Esq.
_____                    _Clerk of the Court_
Name of Plaintiff's Attorney

1300 Caraway Court, Ste. 100
_____        By _____
Address                                                        Deputy Clerk
Upper Marlboro, MD 20774
_____

301-883-0800
_____        Date _____
Telephone
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시요        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                        Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Jane Doe
_____
Demandante

contra

District of Columbia
_____                    Número de Caso: _____
Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Dawn Jackson, Esq.
_____                    *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

1300 Caraway Court, Ste. 100
_____     Por: _____
Dirección                                                       Subsecretario
Upper Marlboro, MD 20774
_____

301-883-0800
_____     Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

만약에 번역을 원하시면 (202) 879-4828 로 연락하십시오      ㅏ ㄲ ㅏ ㄲ ㅏ ㄱ ㅏㅆ ㅏ ㄲ ㅏ  (202) 879-4828  ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

Filed
D.C. Superior Court
02/25/2022 15:57PM
Clerk of the Court

## THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE DOE** | * |
| **c/o Jackson and Associates Law Firm** | * |
| **1300 Caraway Court #100** | * |
| **Upper Marlboro, MD 20774** | * |
| | * |
| **Plaintiff,** | * |
| | * **CASE NO.:**   **2022 CA 000814 B** |
| **VS** | * |
| | * |
| **DUKE ELLINGTON SCHOOL** | * |
| **OF THE ARTS PROJECT** | * |
| **3500 R St NW** | * |
| **Washington, DC 20007** | * |
| | * |
| **And** | * |
| | * |
| **RORY PULLENS,** *Principal* | * |
| **c/o DUKE ELLINGTON SCHOOL OF** | * |
| **THE ARTS PROJECT** | * |
| | * |
| **MITZI YATES,** *Principal* | * |
| **c/o DUKE ELLINGTON SCHOOL OF** | * |
| **THE ARTS PROJECT** | * |
| | * |
| **MARK A. WILLIAMS,** *Teacher* | * |
| **c/o DUKE ELLINGTON SCHOOL OF** | * |
| **THE ARTS PROJECT** | * |
| | * |
| ***Serve All Duke Ellington Staff and School*** | * |
| ***Officials On*** *Registered Agent:* | * |
| | * |
| **Cliff Bowen** | * |
| **3500 R St. NW** | * |
| **Washington, DC 20007** | * |
| | * |
| **DISTRICT OF COLUMBIA** | * |
| **PUBLIC SCHOOL SYSTEM** | * |
| **1200 First Street, NE** | * |
| **Washington, DC 20002** | * |
| | * |

1

*Serve On*:                                      *
                                                 *
    **Chancellor, Dr. Lewis Ferebee**      *
    **1200 First Street, NE, 10th Floor**  *
    **Washington, DC 20002**               *
                                                 *
**And**                                          *
                                                 *
**DISTRICT OF COLUMBIA**                         *
**A MUNICIPAL CORPORATION**                      *
**1350 PENNSYLVANIA AVENUE, NW**                 *
**WASHINGTON, DC 20004**                         *
                                                 *
*Serve on the Mayor & Mayor's Designee:*         *
**The Honorable Muriel Bowser**                  *
**Mayor, District of Columbia**                  *
    *or Designees*                         *
    *Chad Copeland, Stephanie Litos or*    *
    *Tonia Robinson*                       *
    *John Wilson Building*                 *
    *1350 Pennsylvania Avenue, NW*         *
    *Washington, DC 20004*                 *
                                                 *
**The Honorable Karl Racine**                    *
**Attorney General, District of Columbia**       *
*or Designees*                                   *
    *Chad Copeland, Stephanie Litos or*    *
    *Tonia Robinson*                       *
**441 4th St. NW RM 600 S**                      *
**Washington, DC 20001**                         *
                                                 *
    **Defendants.**                        *

---

## COMPLAINT

Plaintiff Jane Doe, by and through Dawn Jackson, Esquire, and Jackson & Associates Law Firm, LLC, and Howard Haley, Esquire, and the Haley Firm, PC hereby sues Defendants Duke Ellington School of the Arts Project (hereinafter referred to as "DESAP" or "Duke Ellington"), Acting Principal Rory Pullens (hereinafter referred to as "Pullens"), Principal

2

Mitzi Yates (hereinafter "Yates") and Mark Williams (hereinafter referred to as "Williams") and District of Columbia Public School System (hereinafter referred to as "DCPS"), and District of Columbia (hereinafter "District") states as follows:

### Parties

1. Defendant District of Columbia (District) is a municipal corporation responsible for the administration of governmental functions affecting the District of Columbia, and was at all times relevant to this cause of action responsible for the Plaintiff minor child as a public school student at the Duke Ellington School of the Arts Project (DESAP).

2. At all times relevant, Defendant District was responsible for the education, discipline, welfare and safety, and the supervision of students, and for establishing the operational rules, regulations and policies, including non-discrimination standards, guidelines and rules and for enforcing the rules, regulations, standards, guidelines and policies at the schools. The Defendant District was also responsible for training and supervising teachers and for ensuring that its teachers, counselors and officers and personnel obey the rules, regulations and policies and the laws of the District of Columbia and the United States. The Defendant was also responsible for creating a welcoming, safe, and educationally appropriate environment for all students.

3. Defendant District of Columbia Public Schools (DCPS) is the agency within the District of Columbia responsible for the education and welfare of students in the District of Columbia who, operate and manage K-12 schools in the District and its

3

Chancellor is in charge of the schools (including their affiliates), their students and staff discipline, welfare and safety, and the supervision of students, teachers and other personnel. Defendant is directly responsible for establishing and implementing policies, managing, supervising, and maintaining all of the public schools within the school system.

4. The Defendant DCPS is the official policy making body of the District of Columbia's Public Schools System and was at all times relevant to this cause of action, responsible for the administration of the public school system in the District of Columbia, and it executes this responsibility through its agent, the Chancellor.

5. In 1999, the Duke Ellington School of the Arts Project (DESAP), an independent 501(c)(3) organization governed by its own board of directors and comprised of the DC Public Schools (DCPS), the Ellington Fund, the John F. Kennedy Center for the performing Arts (The Kennedy Center) and The George Washington University (GWU) was created. The board includes a member from each entity. The Board governs all operations of DESAP pursuant to the sole source contracts administered by DCPS.

6. Defendant DESAP is a public secondary school located in the District of Columbia that receives federal funding. Defendants DCPS managed, operated, maintained, and controlled the subject property known as "Duke Ellington School of the Arts" located at 3500 R St NW, Washington, DC 20007 and its common areas.

7. Defendant DCPS managed the contracts for DESAP that employed agents, teachers, educators, employees, officers, staff, administrators, representatives and servants; DCPS policy bound DESAP agents, teachers, educators, employees, officers, staff,

4

administrators, representatives, and/or servants pursuant to the contracts; DCPS policy determined the qualifications or lack of qualifications of said agents, employees, officers, staff, administrators, representatives, and servants pursuant to the contracts.

## **JURISDICTION AND VENUE**

8. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331.

9. Venue is proper in this Court since the events giving rise to the Plaintiff's claims occurred in the District of Columbia.

10. Notice pursuant to DC Code 12-309 was provided by virtue of a District Police Report filed November 15, 2004

## **ALLEGATIONS COMMON TO ALL COUNTS**

11. Plaintiff was a minor who was the victim of unlawful intentional sexual battery, statutory rape and other acts of sexual misconduct, sexual harassment and is being identified by this pseudonym to protect her privacy.

12. The actual identity of the Plaintiff is known to the Defendants.

13. Defendants devised all policies, programs, and/or activities for the aforementioned agents, teachers, educators, employees, staff, administrators, representatives and servants, and/or residents of the community, and said agents, teachers, educators, employees, staff, administrators, representatives and servants, worked in a common effort for the benefit for the aforementioned Defendants.

5

14. Defendants Pullens and Yates were employed as Principal/Acting Principal for Defendant Duke Ellington – all staff, teachers, and educators at DESAP are mandatory reporters per the student handbook.

15. Defendant Williams was also employed by Defendant DESAP as a teacher at Duke Ellington.

16. Defendants (DESAP and DCPS) did not require Defendant Williams to undergo a background check as all other public-school teachers in the District of Columbia are required to complete.

17. Defendants (DESAP and DCPS) did not require Defendant Williams to possess or obtain a teaching license. Defendant Williams was an educator who taught at DESAP for more than 18 yrs.

18. DESAP has publicly acknowledged that they failed to keep any HR records (including, but not limited to: reports of misconduct, internal reprimands, investigations, or sanctions) for personnel prior to 2017.

19. Due to the unique relationship between DESAP and DCPS, Defendant Williams was able to avoid scrutiny for his inappropriate acts.

20. During the 2001-2005, school year, Defendant Williams was the Literary Media & Communications (then Literary Media Arts) Department Chair at Duke Ellington while Plaintiff was a student.

21. In late spring before Plaintiff's junior year, she approached Defendant Williams about joining his department and was subsequently accepted.

6

22. Prior to Plaintiff's acceptance to the department, Defendant Williams asked, "Will I have any angry parents to deal with?" as a condition of her acceptance to the department.

23. Defendant Williams suggested that Plaintiff work with him over the summer for private sessions to bring her current with the curriculum in his department before the school year commenced.

24. Defendant Williams met with Plaintiff alone at a local Starbucks during the summer private sessions. Plaintiff was unsure if the meetings were appropriate but understood that it was a requirement for her to graduate.

25. Once Plaintiff started her junior year, she continued to receive special attention and additional assignments from Defendant Williams. There were meetings in his office after school as well.

26. Soon thereafter, Defendant Williams began to speak and write about personal matters to Plaintiff under the pretense that it was consistent with her independent study/ "schoolwork."

27. There was one occasion that Defendant Williams used his position as a teacher to have Plaintiff try on outfits for a theatrical production privately in his office at Duke Ellington. Defendant Williams was the only faculty present in direct violation of DCPS policy.

28. At the end of Plaintiff's junior year, Defendant Williams sent Plaintiff his writing about his personal experiences and fantasies that were sexually explicit.

29. During the summer before Plaintiff's senior year, Plaintiff and Defendant Williams,

7

would regularly have extensive phone conversations late into the night (sometimes until 4:00 a.m.) – having phone sex while Defendant Williams drank alcohol and smoked cigarettes on his front porch.  These inappropriate calls were in direct violation of DCPS policy.

30. In addition, Plaintiff's summer before her senior year, Plaintiff started to drink heavily because she was upset and confused about the relationship with Defendant Williams. She was inconsolable about her feelings and confused because she believed that she was "in love" with her teacher who was married.

31. Defendant Williams would provide strong alcoholic drinks (mostly gin and tonics) to the Plaintiff at his home.

32. At one point, Plaintiff became suicidal. One of her friends called 911 and Plaintiff initially was taken to Sibley Hospital and later admitted to Psychiatric Institute of Washington (PIW) in Washington, D.C.

33. During her stay in the hospital, Defendant Williams was on the approved call log but some of the staff noticed and witnessed their inappropriate conversations (i.e. that they were not "teacher-student" in nature) and immediately removed him from her approved callers list, effectively stopping the communication between the parties to help Plaintiff's mental health and stability.

34. Plaintiff missed the first day of school as a result of her admission to PIW.  However, she was forced to return to Defendant Williams' classes after her discharge. Defendant Williams used his position of authority and persuaded Plaintiff to

participate in inappropriate sexual activities while on and off Duke Ellington's premises.

35. Defendant Williams would take Plaintiff on "dates" to a local restaurant and pub located in Arlington, VA.

36. Defendant Williams also transported Plaintiff to his brother's home in VA for the purpose of having sexual relations with Plaintiff.

37. During this time period, Defendant Williams was ineffectively supervised and ineffectively monitored in accordance with DESAP and DCPS policies.

38. A parent of a student informed Defendant Yates that Plaintiff and Defendant Williams were involved in a sexual relationship.

39. Additionally, other staff members have revealed that they also heard of an inappropriate relationship between Defendant Williams and Plaintiff which was subsequently reported to Defendant Yates.

40. That, Defendant Yates shared this information with Father Payne of Duke Ellington on November 15, 2004,  The next day, November 16, 2014, Father Payne filed a complaint with the DC police (MPD) regarding the inappropriate relationship.  *See* Exhibit A.

41. As a result of the police being notified, Defendant Williams was placed on Administrative Leave by Defendant Yates.

42. A male arrived at Plaintiff's home, who questioned her in front of her parents and brother, and as a result of being "in love" and embarrassed in front of her family,

Plaintiff felt compelled to deny the allegations. It is currently unclear who sent this individual to the home of the Plaintiff.

43. Defendants District, DCPS, and DESAP, records related to the events alleged have been requested from all Defendants; however, all have stated they have no records regarding any investigation.

44. It has since been reported that Defendant Williams was placed on Administrative Leave on more than one occasion by DESAP for the same or similar behavior.

45. Soon thereafter, Defendant Williams instructed Plaintiff to immediately delete all phone, email, and text messages.

46. During this time, Defendant Williams forced Plaintiff to communicate with him *via* pay phone to protect Defendant Williams during the alleged investigation.

47. Once the other students discovered the Defendant Williams was on Administrative Leave, the students began to harass Plaintiff and made her life at school unbearable.

48. The harassment intensified to the point that Plaintiff emailed her poetry teacher, Kenneth Carroll, and begged him to stop his "pet students" from harassing her (e.g., threatening to jump her, overall physical harm), to no avail.

49. Unfortunately, the hostile classroom environment remained for Plaintiff in each of her arts block classes until her graduation.

50. Plaintiff was never interviewed by Defendant Duke Ellington about the sexual relationship with Defendant Williams.

51. Plaintiff is not aware if Defendant Duke Ellington ever interviewed any teachers or any of her friends about the sexual allegations with Defendant Williams.

52. There is no evidence that any formal investigation pursuant to Title IX was ever conducted by DESAP.  *It is believed that an internal DESAP review was conducted that resulted in an "inconclusive" decision – with no interview of the Plaintiff, her friends, or other faculty who had relevant information.

53. Following the alleged investigation, Plaintiff was not removed from Defendant Williams' classes, but was forced to maintain classes with her abuser – this was a direct violation of Title IX.  His harassment continued until Plaintiff was a junior in college.

54. Pursuant to D.C. Code Ann. § 4-1321.02, **a mandated reporter** is someone "who knows or has reasonable cause to suspect that a child known to him or her in his or her professional or official capacity has been or is in immediate danger of being a mentally or physically abused or neglected child."

55. Even though this abuse was reported to DESAP and DC officials, Defendant Williams was never completely and thoroughly investigated pursuant to the Anti-Sexual Abuse Act of 1994 (D.C. Law 10-257; D.C. Official Code § 22-3020.51(4)).

56. Sometime in 2020, Duke Ellington students Shanya Taylor and Makayla Hyatt started an online petition intended to expose and bring awareness to Duke Ellington's policies and behaviors that created or encouraged a hostile environment with a prevalence of sexual abuse. *See* https://www.change.org/p/daaa-we-need-justice-for-victims-of-sexual-assault-at-duke-ellington-school-of-arts?redirect=false

11

57. A number of students detailed their own sexual abuse and harassment and identified Duke Ellington and key faculty members as being influential in the coverups of sexual assaults on the aforementioned petition.

58. During the pattern of grooming and the escalation of Defendant Williams' sexual advances, Plaintiff, as a minor, did not understand the severity of Defendant Williams' behavior, felt helpless and believed that allowing Defendant Williams' sexual advances was in her best interests.

59. Defendant Williams' exploited the opportunities created by Defendants DCPS and Duke Ellington to complete his grooming, sexual harassment, and sexual abuse of Plaintiff, some of which occurred on school grounds.  Each of these acts were in direct violation of DESAP policy, in direct violation of DC Law, and direct violation of Title IX.

60. Defendants DCPS and Duke Ellington are responsible for providing public education to minor female students, including Plaintiff, through (a) oversight and supervision of all school functions, school property and school student programs; and (b) the hiring, supervision, management, assignment, control and regulation of individuals who serve as staff members, including but not limited to school teachers and educators, as well as the review and supervision of curricula developed by the District of Columbia, schools and teachers as well as those who contract with the District.

61. Pursuant to the contractual partnership between DESAP and DCPS they are collectively responsible for all policies and procedures within the school. This

charge and responsibility includes supervision and discipline of teachers, educators, contractors, and administrators, including but not limited to, Defendant Williams.

62. Plaintiff's sexual abuse occurred while Plaintiff was under the control and direction of Defendant Williams, in areas of the school to which Defendant Williams had access by virtue of his employment.  Defendant Williams was bound by the policies of DCPS pursuant to the contract that includes those who contract with the District.

63. Duke Ellington fostered a culture where teachers sexually groomed and abused students over the years.   See the attached police reports. *See* Exhibit B.

64. In 2020, Plaintiff and former Principal Yates had Facebook exchanges where Yates admitted and acknowledged Defendant Williams had been a problem in 2004 but due to confidentially she couldn't give all the details.

65. Despite allegations of Defendant Williams' inappropriate relationship with Plaintiff, Defendant Duke Ellington nevertheless: (a) permitted Defendant Williams to have unsupervised access to various rooms and areas of the school; (b) permitted Defendant Williams to have unsupervised contact with students after school hours; (c) did not competently investigate the complaints of students and others about Defendant Williams' conduct; (d) did not disclose to the students, including Plaintiff, the concerns about Defendant Williams; (e) failed to comply with the duties set forth in District policies and procedures and federal law; (f) failed to remove Plaintiff from Defendant Williams' classes after being made aware of Plaintiff's sexual abuse by Defendant Williams; (g) were deliberately indifferent to the safety, security and well-being of students at Duke Ellington, including but not limited to

Plaintiff; (j) prevented students, including Plaintiff, from receiving an education without a condition of such education being sexual harassment, sexual grooming and sexual abuse; and, (k) promoted school policies that fostered a climate to flourish where innocent students, including Plaintiff, were victims of sexual abuse.

## COUNT I
(Title IX, 20 U.S.C. §1681, et seq. - All Defendants)

66. Plaintiff incorporates her previous allegations as if fully rewritten herein.

67. Title IX of the Education Amendments of 1972 requires that "No person...shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance..."

68. At least by November 15, 2004, Defendants District of Columbia, DCPS, Duke Ellington and Yates (and subsequently Pullens) possessed actual notice of liability under Title IX for teacher-on-student sexual harassment, sexual grooming, sexual discrimination, and sexual abuse.

69. At least by November 15, 2004, Defendants District of Columbia, DCPS, Duke Ellington and Yates (and subsequently Pullens) possessed actual knowledge of Williams' sexual harassment, sexual grooming, sexual discrimination and sexual abuse of students.

70. At least by November 15, 2004, Defendants District of Columbia, DCPS, Duke Ellington and Yates (and subsequently Pullens) possessed actual knowledge that Williams had a high potential to sexually abuse female students.

71. Plaintiff in 2003-2005, was subjected to discrimination in her education at Duke Ellington based on her gender in that she suffered teacher-on-student sexual harassment, sexual grooming and sexual abuse as a condition of her receipt of education at Duke Ellington.

72. Duke Ellington failed to take appropriate corrective action, thereby acting with deliberate indifference to the rights and safety of Plaintiff.

73. Defendants possessed actual knowledge of the allegations of Defendant Williams' sexual harassment, sexual grooming, sexual discrimination, and sexual abuse of students.

74. Defendants District of Columbia, DCPS, Duke Ellington Yates (and subsequently Pullens) possessed actual knowledge that Defendant Williams had ample opportunity to sexually abuse students when there was a noted lack of other faculty present in remote areas of the school or during events after school hours.

75. Plaintiff between 2003-2005, was subjected to discrimination in her education at Duke Ellington based on her gender in that she suffered teacher-on-student sexual harassment, sexual grooming, sexual abuse, and inappropriate contact as a condition of her receipt of an education at Duke Ellington.

76. Defendants District of Columbia, DCPS, Duke Ellington and Yates (and subsequently Pullens) failed to take appropriate corrective action, thereby acting with deliberate indifference to the rights and safety of Plaintiff in one or more of the following ways: (a) failing to report teacher-on-student sexual harassment, sexual grooming and sexual abuse to appropriate authorities; (b)

15

failing to cure or even attempt to cure obvious and known risks to minor female students at Duke Ellington placed under Defendant Williams' supervision and authority; (c) failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify inappropriate conduct that occurred between any student and adult, whether generally or specifically in relation to Defendant Williams; and, (d) allowing Defendant Williams to have unsupervised contact with minor female students, including Plaintiff, without conducting, documenting and concluding a competent investigation into the allegations and specific facts brought to light prior to that time.

77. The deliberate indifference, actions and omissions described above caused Plaintiff to suffer criminal sexual harassment and abuse by Defendant Williams.

78. Title IX requires Defendants DCPS, and Duke Ellington to provide educational opportunity on an equal basis to all students regardless of their gender.

79. Defendants DCPS failed to comply with Title IX in that despite prior allegations of misconduct, Defendants continued to allow Defendant Williams unsupervised access to minor female students and access to certain rooms and areas where Defendant Williams had the privacy to carry out the sexual abuse of minor female students, including Plaintiff.

80. 20 U.S.C. § 1981 affords Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 20 U.S.C. § 1981.

81. As a direct and proximate result of the conduct of Defendants District of Columbia, DCPS, Duke Ellington and Pullens as described herein, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, posttraumatic stress disorder, fatigue, social anxiety, anger, panic attacks, mood disorder, and as a result thereof she has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; and (e) lost wages.

**WHEREFORE**, Plaintiff, Jane Doe, sues the Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

### <u>COUNT II</u>
(42 U.S.C. § 1983- Pullens & Yates)

82. Plaintiff incorporates her previous allegations as if fully rewritten herein.

83. Duke Ellington is a quasi-governmental entity due to its partnership with DCPS (an agency with the District of Columbia) that has a governing interest in its supervisory board.

84. Duke Ellington exists as a public school that has a majority of its funding from the District of Columbia through contracts with DCPS that govern its management and administration.

85. Anti-Sexual Abuse Act of 1994, effective May 23, 1995 (D.C. Law 10-257; D.C. Official Code § 22-3020.51(4)) governed the actions of all educational entities in the District of Columbia including those who contract with the District of Columbia or its agencies until the passage of the School Safety Omnibus Amendment Act of 2018. D.C. ACT 22-624, enacted 2019 and effective School Year 2020. Defendant Yates and subsequently Pullens failed to take any appropriate action to remove the Plaintiff from the scope of immediate danger and forced her to remain in the harmful cone of danger with her alleged abuser in direct violation of these laws.

86. Pursuant to law, all teachers and staff of Duke Ellington are required to act pertaining to the safety and security of students.  Administration is charged with ensuring that all faculty comply with DCPS policies, regulations, and school handbook policy.

87. Defendants Pullens and Yates were acting under the color of these statutes and policies in their capacity as an official(s) with the authority to take action against Defendant Williams.

88. During Plaintiff's abuse by Defendant Williams, Defendants Pullens and Yates knew or reasonably should have known (based on the allegations they had received) that Defendant Williams exhibited dangerous propensities and was a threat of harm to students, including Plaintiff.

89. Upon information and belief, Defendants Pullens and Yates were uniquely aware of Defendant Williams' propensity to commit acts of sexual harassment, sexual

grooming, sexual abuse and/or misconduct against Plaintiff. Therefore, Defendant Williams' continued misconduct – and the harm that was likely to result from that misconduct – was foreseeable.

90. Defendants Pullens and Yates were uniquely aware that Defendant Williams had used Duke Ellington's property to perpetuate acts of sexual harassment, sexual grooming, sexual abuse and misconduct against students to which Defendant Williams had access by and through his employment with the school.

91. Defendants Yates and Pullens turned a blind eye to allegations of sexual harassment, sexual grooming, and sexual abuse, along with ignoring complaints and failing to respond to allegations of misconduct in accordance with the law, Title IX, and DCPS policy, in addition to acting with deliberate indifference to the rights of minor female students, including Plaintiff.

92. Plaintiff was deprived of her constitutional liberty and equal protection interests under the Fourteenth Amendment by Defendants Yates' and Pullens' failure to restrict, reduce, or report Defendant Williams' actions that fostered a hostile educational climate where minor female students, including Plaintiff, were left vulnerable and subject to sexual abuse, sexual grooming and sexual harassment by Defendant Williams, an agent, servant and/or employee of Duke Ellington through the contracts with DCPS. *It is noted that Father Payne did make a report to DC Metropolitan Police Department on November 15, 2004.

93. The conduct of Defendants Yates and Pullens was arbitrary and offensive, shocking the conscience and interfering with minor female students' rights and

liberties granted by the constitution and protected by law, including the Plaintiff's.

94. 42 U.S.C. § 1983 affords Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 42 USC § 1983.

95. As a direct and proximate result of the conduct of Defendants Yates and Pullens as described herein, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, post-traumatic stress disorder, fatigue, social anxiety, anger, panic attacks and as a result thereof she has and will continue to experience to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; and (e) lost wages.

96. The conduct of Defendants Yates and Pullens constituted a violation of trust or confidence, showing complete indifference to or conscious disregard for the safety and well-being of Plaintiff and other minor female students.

97. Justice and the public good require an award of punitive or exemplary damages in such sum which will serve to punish Defendants Yates and Pullens and to deter similar conduct by others.

**WHEREFORE**, Plaintiff, Jane Doe, sues the Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus pre-judgment and post-judgment interest to the

extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

## **COUNT III**
### (42 U.S.C § 1983- Duke Ellington)

98. Plaintiff incorporates her previous allegations as if fully rewritten herein.

99. Duke Ellington is a quasi-governmental entity due to its partnership with the DCPS (an agency with the District of Columbia) that has a governing interest in its supervisory board.

100. Duke Ellington exists as a public school that has a majority of its funding from the District of Columbia through contracts with DCPS that govern its management and administration.

101. Upon information and belief, Duke Ellington receives approximately 75% of its funding via sole source contracts with DCPS.  According to the Kennedy Center – a partner of DESAP – "the school is managed and operated by The Kennedy Center, George Washington University and the Ellington Fund under a contract with District of Columbia Public Schools (DCPS) titled the Duke Ellington School of the Arts Project."

102. Duke Ellington established, through both action and inaction, a widespread policy, practice or custom of allowing sexual harassment, sexual grooming, sexual abuse and misconduct to continue to occur without corrective action.

103. Such policy, practice or custom includes, but is not limited to: (a) failing to report teacher-on-student sexual harassment, sexual grooming and sexual abuse

and to appropriate authorities as required by law and policy; (b) failing to cure or even attempt to cure obvious and known risks to minor female students at Duke Ellington placed under Defendant Williams' supervision and authority; (c) failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify inappropriate conduct that occurred between any student and adult, whether generally or specifically in relation to Defendant Williams; (d) allowing Defendant Williams to have unsupervised contact with minor female students, including Plaintiff, without conducting, documenting and concluding a competent investigation into the allegations and specific facts brought to light prior to that time; (e) allowing Defendant Williams to have unsupervised access to various rooms and areas at Duke Ellington while having absolutely no effective plan for supervision or surveillance of Defendant Williams.

104. Defendants Duke Ellington employed policies, practices and customs which fostered a climate facilitating sexual abuse of minor female students by Defendant Williams.  This evidenced a reckless disregard and/or a deliberate indifference to the consequences that such policies had on minor female students at Duke Ellington, including Plaintiff.

105. Duke Ellington board of Directors (which include DCPS Officials and Defendant Williams) and administrators, had final policymaking authority of Duke Ellington and exercised that granted authority to Defendants Yates and Pullens in particular, in making decisions that perpetuated and/or allowed the sexual

abuse of Plaintiff by Defendant Williams and caused Plaintiff's harm to occur and/or continue.

106. Duke Ellington and all of its faculty are mandated reporters pursuant to D.C. Code Ann. § 4-1321.02, and are required to report allegations and suspicions of child abuse to the Child and Family Services Agency or Metropolitan Police Department. The student handbook fosters a special relationship between Duke Ellington faculty and the students because they are advised that mandatory reporting will occur.

107. The Duke Ellington faculty are mandatory reporters under the law; therefore, they are acting under the color of law in their capacity as educators of the District of Columbia.

108. Pursuant to Anti-Sexual Abuse Act of 1994, effective May 23, 1995 (D.C. Law 10-257; D.C. Official Code § 22-3020.51(4)) and School Safety Omnibus Amendment Act of 2018. D.C. ACT 22-624, all educational entities in the District of Columbia were charged with the duty to protect all students from any potential sexual abuse.  They were effectively mandated agents of the District of Columbia as a condition of their existence within the city's border.  Every action or failure to act under these statutes were actions under the color of law.

109. Plaintiff was deprived of her constitutional liberty interest and equal protection under the Fourteenth Amendment by Duke Ellington by Duke Ellington's creation and promotion of policies, customs, or practices that fostered a climate to flourish where minor female students, including Plaintiff, were left vulnerable

to and actually were subject to sexual abuse by Defendant Williams, an agent, servant and/or employee of Duke Ellington.

110. Duke Ellington's conduct was arbitrary and offensive, shocking the conscience and interfering with minor female students', including Plaintiff's, rights and liberties granted by the Constitution and protected by law.

111. 42 U.S.C. § 1983 affords Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 42 U.S.C § 1983.

112. As a direct and proximate result of the conduct of Duke Ellington as described herein, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, posttraumatic stress disorder, mood disorder, fatigue, social anxiety, anger, panic attacks and as a result thereof she has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of normal life; (d) medical and counseling expenses; and (e) lost wages.

113. The conduct of Duke Ellington constitutes a violation of trust or confidence, showing complete indifference to or conscious disregard for the safety and well-being of Plaintiff and other minor female students.

114. Justice and the public good require an award of punitive or exemplary damages in such sum that will serve to punish Duke Ellington and to deter like conduct.

**WHEREFORE**, Plaintiff, Jane Doe, sues the Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus pre-judgment and post-judgment interest to the

extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

## COUNT IV
(Negligent Hiring, Training, Supervision and Retention- DCPS and Duke Ellington)

115. Plaintiff incorporates her previous allegations as if fully rewritten herein.

116. While Duke Ellington actually employed Defendants Williams, Pullens and Yates, DCPS instituted and mandated the policy that governed their employment via the contracts which bound the school.

117. At all times material, Defendants DCPS and Duke Ellington owed a duty to the public and specifically to Plaintiff, Jane Doe, to employ qualified and competent teachers and educators to work within its schools. This duty is even greater in the context of a public school where parents have a trust and faith in the leaders, a reliance on those who are chosen to lead, and the school acts *in loco parentis*.

118. There are no records that indicate that Defendant Williams was ever a licensed teacher in the District of Columbia.

119. There are no records that indicate that Defendant Williams was ever subjected to any background check in the District of Columbia.

120. Accordingly, there are reports that educators in the arts departments of Duke Ellington are not required to have background checks or licenses to teach students at Duke Ellington.

121. At all times material, Defendants DCPS and Duke Ellington owed a duty to the public and specifically Plaintiff to supervise its employees, servants, and/or agents with access to its minor female students, including Plaintiff.

122. At all times material, Defendant DCPS and Duke Ellington owed a duty to properly and effectively supervise its faculty and staff, including Defendant Williams.

123. At all times material, Defendants DCPS and Duke Ellington owed a duty to the public and Plaintiff to make an appropriate investigation of its employees, servants, and/or agents who were in or would be placed in a position to come in contact with minor female students of DCPS and Duke Ellington.

124. At all times material, Defendants DCPS and Duke Ellington owed a duty to Plaintiff, to terminate any and all employees, servants and/or agents that it knew or should have known, had engaged or sought to engage in inappropriate communication and/or unlawful sexual activities with its minor female students.

125. At all times material, Defendants DCPS and Duke Ellington owed a duty to the public and Plaintiff to train its employees, servants and/or agents to identify when an inappropriate sexual relationship with a minor female student is ongoing or is potentially sought and report it accordingly.

126. At all times material, Defendants DCPS and Duke Ellington owed a duty to the public and the Plaintiff to thoroughly investigate any and all reports of inappropriate sexual relationships between students and faculty members or staff.

26

127. Defendants knew, or in the exercise of reasonable care should have known, that by allowing Defendant Williams to have unfettered access to female students, privacy in his classroom, and no supervision, female students at Duke Ellington were at grave risk for sexual abuse.

128. At all times material, Defendants DCPS and Duke Ellington breached its duty to Plaintiff in the following ways:

a. Failing to hire competent and qualified employees, servants and/or agents without proclivities to engage in inappropriate sexual conduct against/with its minor female students;

b. Failing to hire competent and qualified employees, servants and/or agents with knowledge and training needed to accurately identify sexual predators like Defendant Williams and act accordingly;

c. Failing to investigate the fitness for employment of Defendant Williams;

d. Failing to train its employees, servants and/or agents to identify and report when a member of the Duke Ellington staff is engaging in unlawful sexual behavior with its minor female students;

e. Failing to supervise Defendant Williams in a proper manner to prevent any inappropriate sexual conduct toward its minor female students including Plaintiff;

f. Failing to train its employees, servants and/or agents to identify when an inappropriate sexual relationship with another employee, servant and/or agent and a minor female student is ongoing and report it accordingly;

g. Failing to terminate or reassign those employees, servants and/or agents who were aware of the actions of Defendant Williams against Plaintiff and others but did nothing to stop or report it;

h. Failing to terminate and/or provide remedial measures to ensure the safety of students once Defendant Duke Ellington knew or should have known of

27

Defendant Williams' propensities for inappropriate contact with female students;

i. Failing to properly investigate and reasonably warn students once Defendant Williams' propensities were made abundantly clear when he was accused of having a sexual relationship with Plaintiff;

j. Failing to procure or develop policies and procedures to prohibit sexual relationships between agents or employees and minor students.

129. As a direct and proximate result of Defendant DCPS and Duke Ellington's negligence, Defendant Williams committed sexual battery on Plaintiff, causing her serious and permanent injuries.

130. As a direct and proximate result of the negligence of DCPS and Duke Ellington, Plaintiff was sexually battered, raped, traumatized, and caused to suffer mental pain and suffering, psychological injuries, and the loss of capacity for the enjoyment of life.

131. As a further direct and proximate cause of the negligence of Defendants DCPS and Duke Ellington, Plaintiff has incurred in the past medical and psychological expenses for the treatment of her injuries and will continue to incur such expenses in the future.

132. As a further direct and proximate cause of the negligence of Defendants DCPS and Duke Ellington, it is expected that the Plaintiff will also incur lost future earning capacity as a result of these acts. All of said damages are chronic, permanent and, thus, continuing in nature.

**WHEREFORE**, Plaintiff, Jane Doe, sues the Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus pre-judgment and post-judgment interest to the

extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

## COUNT V
### (Intentional Infliction of Emotional Distress – All Defendants)

133. Plaintiff incorporates her previous allegations as if fully rewritten herein.

134. To establish a claim for Intentional Infliction of Emotional Distress Plaintiff must assert that the Defendants conduct was outrageous, that the conduct was intentional, and that the plaintiff suffered emotional distress as a result.

135. While acting as an agent, employee, staff, administrator, representative, and/or servant of the Defendants Duke Ellington and DCPS, Defendant Williams committed sexual misconduct and sexually assaulted Plaintiff his minor female student.

136. After being notified of Defendant Williams' sexual abuse of Plaintiff, Defendant Yates and Pullens willfully and knowingly failed to report the allegations of sexual abuse to the appropriate agencies as required by law and Title IX.

137. Defendants knowingly, intentionally, and continuously placed Plaintiff Jane Doe in classes with her abuser Defendant Williams allowing him further access to abuse her.

138. Moreover, after being informed of the abuse, Defendant Yates and Pullens, as faculty members tasked with facilitating student emotional development, not only failed to report as mandated but also failed to simply speak with Plaintiff

regarding the allegations of sexual abuse or arrange for counseling to ensure her mental well-being.

139. Defendant Williams' sexual assault and continuous harassment of Plaintiff and Defendant Yates' and Pullens' failure to report were intentional, willful and constitute outrageous behaviour.

140. As a direct and proximate result of Defendants' outrageous conduct, Plaintiff has suffered severe emotional distress with physical manifestations, which will be substantiated by her medical records and the testimony of medical professionals.

**WHEREFORE**, Plaintiff, Jane Doe, sues the Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus punitive damages, pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

## COUNT VI

(**Negligence** - Against All Defendants)

141. Plaintiff incorporates her previous allegations as if fully rewritten herein.

142. At all times material, Defendants DCPS and Duke Ellington, were required to comply with Anti-Sexual Abuse Act of 1994, effective May 23, 1995 (D.C. Law 10-257; D.C. Official Code § 22-3020.51(4)) and subsequently, School Safety Omnibus Amendment Act of 2018. D.C. ACT 22-624, enacted 2019 and effective School Year 2020. It appears that the Defendant Duke Ellington employed a new

Title IX Coordinator who has implemented new training and education of faculty, staff, and students after reports surfaced in 2022.

143. At all times material, Defendants DCPS and Duke Ellington, were required to comply with Title IX and ensure that no student was discriminated against on the basis of gender and that all received an equal educational opportunity under law.

144. At all times material, Defendants DCPS and Duke Ellington owed a duty to the public and specifically to Plaintiff, Jane Doe, to employ qualified and competent teachers and staff to work within its schools.

145. At all times material, Defendants DCPS and Duke Ellington owed a duty to the public and specifically to Plaintiff, Jane Doe, to properly supervise and monitor its teachers, staff, and educators, and their access and interactions with students.

146. At all times material, Defendants DCPS and Duke Ellington owed a duty to the public and Plaintiff to train its employees, servants and/or agents to identify when an inappropriate sexual relationship with a minor female student is ongoing or is potentially sought and report it accordingly.

147. At all times material, Defendants DCPS and Duke Ellington breached its duty to Plaintiff in the following ways:

  a. Failing to hire competent and qualified employees, servants and/or agents without proclivities to engage in sexual battery against its minor female students;

b.  Failing to hire competent and qualified employees, servants and/or agents with knowledge and training needed to accurately identify sexual predators like Defendant Williams and act accordingly;

c.  Failing to investigate the fitness for employment of Defendant Williams;

d.  Failing to train its employees, servants and/or agents to identify and report when a member of the Duke Ellington staff is engaging in unlawful sexual behavior with its minor female students;

e.  Failing to supervise Defendant Williams in a proper manner to prevent the sexual battery against its minor female students including Plaintiff;

f.  Failing to train its employees, servants and/or agents to identify when an inappropriate sexual relationship with another employee, servant and/or agent and a minor female student is ongoing and report it accordingly;

g.  Failing to terminate or reassign those employees, servants and/or agents who were aware of the actions of Defendant Williams against Plaintiff but did nothing to stop or report it;

h.  Failing to terminate and/or provide remedial measures to ensure the safety of students once Defendant Duke Ellington knew or should have known of Defendant Williams' propensities for inappropriate contact with female students;

i.  Failing to properly investigate and reasonably warn students once Defendant Williams' propensities were made abundantly clear when he was accused of having a sexual relationship with Plaintiff;

j.  Failing to procure or develop policies and procedures to prohibit sexual relationships between agents or employees and minor female students.

148. It was foreseeable to Defendants Duke Ellington and DCPS, that Defendant Williams' conduct would cause Plaintiff harm.  Defendants continued to place

32

Plaintiff in Defendant Williams' classes; therefore, causing more harm in direct violation of Title IX.

149. As a direct, foreseeable and proximate result of the negligence of Defendants Duke Ellington, DCPS, Yates, and Pullens, Plaintiff Jane Doe sustained serious injuries, suffered emotional harm and torment and the loss of the capacity for the enjoyment of life, and continues to receive psychological and medical treatment.

**WHEREFORE**, the Plaintiff Jane Doe sues Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

## <u>COUNT VII</u>
(Civil Assault and Battery- Williams)

150. Plaintiff incorporates her previous allegations as if fully rewritten herein.

151. The elements of an assault are (1) of an intentional act (2) to cause an apprehension of harmful or offensive contact that causes (3) apprehension of such contact in the victim.

152. The elements of battery are: (1) an act by a defendant; (2) an intent to cause harmful or offensive contact on the part of the defendant; and (3) harmful or offensive contact to the victim.

153. Defendant Williams, without privilege to do so, committed an assault and a battery upon Plaintiff as described above when he had sexual contacts with the Plaintiff.

154. Plaintiff was a minor who was unable to provide consent under law.

155. As a direct and proximate result of Defendant Williams' assault and battery, Plaintiff has suffered the damages outlined above.

**WHEREFORE**, Plaintiff, Jane Doe, sues the Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus punitive damages, pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

## COUNT VIII
(Gross Negligence –Principals)

156. Plaintiff incorporates her previous allegations as if fully rewritten herein.

157. Gross negligence is defined as "such an extreme deviation from the ordinary standard of care as to support a finding of wanton, willful and reckless disregard or conscious indifference for the rights and safety of others." *D.C. v. Walker*, 689 A.2d 40 (D.C. App. 1997).

158. The ordinary standard of care for educators such as Defendant Yates and Pullens is to report any suspicion of child abuse or neglect to either Metropolitan Police Department or Child and Family Services as mandated by DC Code.D.C. Code Ann. § 4-1321.02.

34

159. Further, DC has statutory requirements for all education professionals to safeguard the students and protect them from any form of sexual harm. *See* Anti-Sexual Abuse Act of 1994, effective May 23, 1995 (D.C. Law 10-257; D.C. Official Code § 22-3020.51(4)) and subsequently, School Safety Omnibus Amendment Act of 2018. D.C. ACT 22-624, enacted 2019 and effective School Year 2020.

160. At all times material, Defendants Yates and Pullens, were required to comply with Title IX and ensure that no student was discriminated against on the basis of gender and that all received an equal educational opportunity under law.

161. Defendants Yates and Pullens deviated from that standard of care by failing to report Defendant Williams' actions to the authorities and failing to remove Plaintiff from Defendant Williams' classroom and authority and protect her from further sexual abuse by Defendant Williams in direct violation of Title IX.

162. Defendants Yates and Pullens, knowingly and intentionally forced the Plaintiff to attend classes taught by Defendant Williams after they knew or had reason to believe that Defendant Williams was alleged to have committed and continued to commit sexual abuse of a minor Plaintiff.

163. Defendants Yates and Pullens knowing that minor Plaintiff was incapable of defending herself or having the knowledge to get assistance had possibly been or was possibly being abused and their failure to report as mandated was wanton, willful and reckless in disregard of rights and safety of Plaintiff.

164. As a direct and proximate result of Defendant's wanton and reckless conduct, Plaintiff has suffered the damages outlined above.

**WHEREFORE**, Plaintiff, Jane Doe, sues the Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus punitive damages, pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

Respectfully submitted,

_____/S/_____

Dawn Jackson, Esq. (Bar No. 485118)
Jackson & Associates Law Firm, LLC
1300 Caraway Court
Suite 100
Largo, MD 20774
301 883 0800 Tel.
301 883 0801 Fax
djackson@jacksonassociateslawfirm.com
**Counsel for Plaintiff**

_____/s/_____

Howard Haley, Esq. (Bar No. 999376)
The Haley Firm, PC
7600 Georgia Ave, NW #416
Washington, DC 20012
V: (202) 810-6329
F: (202) 706-7375
HaleyFirm@gmail.com
**Counsel for Plaintiff**

## VERTIFICATION

**I, JANE DOE, HEREBY VERIFY UNDER THE PENALTY OF PERJURY THAT THE INFORMATION CONTAINED IN THIS COMPLAINT IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE AND BELIEF**

_____     _____

**Jane Doe**                                              **Date**

36

## **JURY DEMAND**

Plaintiff demands trial by a jury on all issues so triable.

_____/s/_____
Dawn Jackson (485118)

# EXHIBIT A

Metropolitan Police Department

## Incident-Based Event Report

Washington, D.C.

| TYPE OF REPORT | DATE AND TIME OF EVENT | DATE OF REPORT | TIME OF REPORT | | | BEAT | COMPLAINT NUMBER |
|---|---|---|---|---|---|---|---|

Business Address/School: Duke Ellington School of Arts

Occupation: Student

[Portions of this form are redacted with black boxes.]

IF VICTIM #1 THE REPORTING PERSON IS NO.
ENTER THE NAME, ADDRESS AND PHONE
IF OTHER OF THE REPORTING PERSON.

Name:
Address: Duke Ellington School
Phone-Area Code:

DID THE REPORTED EVENT OCCUR AS A
RESULT OF AN INTRA-FAMILY MATTER?

WAS PD FORM 379A ISSUED?

IS CPO/TPO OUTSTANDING?

IF YES, ENTER CPO/TPO #:

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|

PROBABLE CAUSE OF ABSENCE AND DESTINATION

COMPLAINT NUMBER

IF MISSING PERSON HAS RUN AWAY BEFORE, GIVE DATE AND WHERE LOCATED.    CLASSIFICATION    CLASSIFIED BY
Official
Non-official

PHYSICAL/MENTAL CONDITION (i.e., diabetic)    DESCRIBE ARTICLES OF JEWELRY WORN AND IDENTIFICATION CARRIED    NAME OF PARENT/GUARDIAN

ADDRESS OF PARENT/GUARDIAN    IF JUVENILE, ENTER MOTHER'S MAIDEN NAME    MISSING PERSON SECTION NOTIFIED (Name)

NARRATIVE    Describe event and action taken. If additional narrative space is needed, use PD Form 251-A.

Item Number Continued

On 11.16.04, it was reported that c₁ was in a sexual relationship with
S.L. S.L. is c₁'s school teacher. There were no specific details about
the relationship, only that it was sexual. It is unknown and as is not currently
open.

EVIDENCE TECHNICIAN/CCN #    NAME OF NOTIFICATION NOTIFIED    TELETYPE NOTIFIED (Name)    NOTIFICATION ALSO PENDING UNDERIVED MISSING PERSON LOCATED    TELETYPE #

REPORTING OFFICER'S SIGNATURE    ELEMENT    OTHER POLICE AGENCY    SECOND OFFICER'S NAME    NUMBER    SIGNATURE OF SUPERVISOR    ELEMENT

# EXHIBIT B

2020CRW01471

## Superior Court of the District of Columbia

CRIMINAL DIVISION

AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT          USW NO:

| DEFENDANT NAME: | | | NICKNAME: N/A | | ALIASES: N/A | | CCN: | PDID: None |
|---|---|---|---|---|---|---|---|---|
| SEX: | RACE: | DOB: | HGT: | WGT: | EYES: | COMP: | SCARS, MARKS, TATOOS: None visible | |
| DEFENDANT'S ADDRESS: | | | | | | | HOME PHONE NUMBER: N/A | |
| DEFENDANT'S BUSINESS ADDRESS: | | | | | | | CELLULAR PHONE NUMBER: | |
| COMPLAINANT'S NAME: Minor Victim (16 year old Male) | | | | | | | TELEPHONE NUMBER: On File | |
| LOCATION OF OFFENSE: | | | | | | | DATE OF OFFENSE January 21, 2018 | TIME OF OFFENSE @0010 hours |

CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.

| | | | |
|---|---|---|---|
| __ 00 = Armed and Dangerous | __ 25 = Escape Risk | __ 55 = Alcoholic | __ 20 = Known to abuse drugs |
| __ 05 = Violent Tendencies | __ 30 = Sexually Violent Predator | __ 60 = Allergies | __ 80 = Medication Required |
| __ 10 = Martial Arts Expert | __ 50 = Heart Condition | __ 65 = Epilepsy | __ 90 = Diabetic |
| __ 15 = Explosive Expertise | __ 85 = Hemophiliac | __ 70 = Suicidal | __ 01 = Other – Mental Health Conditions |

GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:

Report:

On October 28, 2019, the Child and Family Services Agency (CFSA) hotline received a report from a Duke Ellington School of Arts staff member. The staff member reported that the school received an anonymous email alleging inappropriate sexual contact between the sender of the email and a current teacher, Mr. ▮▮▮▮

Investigation:

On October 29, 2019, your affiant received the allegation for investigation.

Your affiant elicited assistance in locating all identifiable information pertaining to the email address used to send the email to the school, ▮▮▮▮

On November 13, 2019, your affiant was provided information based on the email request. Your affiant learned that the email was registered to a specific phone number, with a specific IP address. The email address was created on October 22, 2019, which is also the same day that the original email was sent to the school.

Your affiant conducted a search of the registered phone number and learned it was registered to Witness #1. The IP address was also searched and it yielded a location that was ultimately determined to be where the complainant and Witness #1 currently reside.

Your affiant conducted an interview with the reporting person, who stated that upon learning of the allegation, school officials met with the named teacher Mr. ▮▮▮▮ herein referred to as the defendant. The officials advised the defendant of the email and allegations against him but he did not respond.

AFFIANT'S SIGNATURE:

X _____

TO: WARRANT CLERK
PLEASE ISSUE WARRANT FOR:

Charge With: _____

First Degree Sexual Abuse of a Minor
ASSISTANT UNITED STATES ATTORNEY

SUBSCRIBED AND SWORN BEFORE ME THIS
_16_ DAY OF _March_ 20_20_

(JUDGE) DEPUTY CLERK SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

NCIC Approved

2020CRW01471

## Superior Court of the District of Columbia

CRIMINAL DIVISION

**AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT**          USW NO:

| DEFENDANT NAME: | | NICKNAME:<br>N/A | | ALIASES:<br>N/A | | CCN: | PDID:<br>None |
|---|---|---|---|---|---|---|---|
| SEX:    RACE:    DOB: | | HGT: | WGT: | EYES: | COMP: | SCARS, MARKS, TATOOS:<br>None visible | |
| DEFENDANT'S ADDRESS: | | | | | | HOME PHONE NUMBER:<br>N/A | |
| DEFENDANT'S BUSINESS ADDRESS: | | | | | | CELLULAR PHONE NUMBER: | |
| COMPLAINANT'S NAME:<br>Minor Victim (16 year old Male) | | | | | | TELEPHONE NUMBER:<br>On File | |
| LOCATION OF OFFENSE: | | | | | | DATE OF OFFENSE<br>January 21, 2018 | TIME OF OFFENSE<br>@0010 hours |

CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.
___ 00 = Armed and Dangerous   ___ 25 = Escape Risk   ___ 55 = Alcoholic   ___ 20 = Known to abuse drugs
___ 05 = Violent Tendencies   ___ 30 = Sexually Violent Predator   ___ 60 = Allergies   ___ 80 = Medication Required
___ 10 = Martial Arts Expert   ___ 90 = Heart Condition   ___ 65 = Epilepsy   ___ 90 = Diabetic
___ 15 = Explosive Expertise   ___ 85 = Hemophiliac   ___ 70 = Suicidal   ___ 01 = Other = Mental Health Conditions

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

The reporting person and school Principal responded to the anonymous email and requested additional information from the sender. The sender responded that he or she was enrolled at the school during the time of the conduct but did not wish to elaborate any further.

Your affiant requested information regarding Witness #1 from the reporting person, who confirmed that he did attend the school and now attends a university located outside of the District of Columbia.

Your affiant attempted to contact Witness #1 via text message to the registered phone number of the email and also sending an email to the anonymous email address.

The following day, your affiant received a text message from another number, which ~~text message~~ stated that he was the sender of the email and it was not Witness #1. The individual identified himself as the complainant, which was later confirmed through a search of the phone number. The complainant advised that he wished to remain anonymous but was willing to meet in person.

Your affiant searched the defendant's class rosters and identified the complainant as a previous student of the school where ▮▮▮▮▮▮ taught (also during the same time period).

On December 4, 2019, your affiant and another Youth and Family Services Division detective responded to the complainant's school to conduct an interview. The complainant reported that he attended Duke Ellington School of Arts from September 2015 to his graduation in June 2019. The complainant advised that the defendant was the Show Choir Assistant from the complainant's freshman to junior years in high school. The defendant was also the complainant's Sight Signing teacher beginning his junior year of high school, September 2017.

AFFIANT'S SIGNATURE:

X _____

TO: WARRANT CLERK
PLEASE ISSUE WARRANT FOR:

_____

Charge With: _____

**First Degree Sexual Abuse of a Minor**
ASSISTANT UNITED STATES ATTORNEY
_Sharon Marcus-Kurn_

SUBSCRIBED AND SWORN BEFORE ME THIS
16 DAY OF March 20___

_Neal E. K____

(JUDGE) ~~DEPUTY CLERK~~ SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

ncic Approved

2020CRW01471

## Superior Court of the District of Columbia

CRIMINAL DIVISION

**AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT**          USW NO:

| DEFENDANT NAME: | NICKNAME: N/A | ALIASES: N/A | | | CCN: | PDID: None |
|---|---|---|---|---|---|---|

| SEX: | RACE: | DOB: | HGT: | WGT: | EYES: | COMP: | SCARS, MARKS, TATOOS: None visible |
|---|---|---|---|---|---|---|---|

| DEFENDANT'S ADDRESS: | HOME PHONE NUMBER: N/A |
|---|---|

| DEFENDANT'S BUSINESS ADDRESS: | CELLULAR PHONE NUMBER: |
|---|---|

| COMPLAINANT'S NAME: Minor Victim (16 year old Male) | TELEPHONE NUMBER: On File |
|---|---|

| LOCATION OF OFFENSE: | DATE OF OFFENSE January 21, 2018 | TIME OF OFFENSE @0010 hours |
|---|---|---|

**CAUTION AND MEDICAL CONDITIONS (CMC)** Select a valid CMC code below for wanted person when using the caution indicator.

| __ 00 = Armed and Dangerous | __ 25 = Escape Risk | __ 55 = Alcoholic | __ 20 = Known to abuse drugs |
|---|---|---|---|
| __ 05 = Violent Tendencies | __ 30 = Sexually Violent Predator | __ 60 = Allergies | __ 80 = Medication Required |
| __ 10 = Martial Arts Expert | __ 50 = Heart Condition | __ 85 = Epilepsy | __ 90 = Diabetic |
| __ 15 = Explosive Expertise | __ 65 = Hemophiliac | __ 70 = Suicidal | __ 01 = Other - Mental Health Conditions |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

The complainant stated that the defendant was his teacher and a mentor to him and that he trusted the defendant, and confided in him about school and personal issues. The complainant advised that in November or December of 2017 things got "more serious" between the two of them and they began to flirt with one another. They would text and talk on the phone as well as message one another on Snap Chat.

The complainant disclosed that in January, 2018, things became physical between the two of them. The complainant, the defendant, and several other students performed at a show at the Kennedy Center, in front of the musical artist Babyface. After the show, the entire group went to watch a movie at the AMC Hoffman Theater in Alexandria, VA.

After the movie was over, the group took several Ubers to go home, and the complainant, the defendant, and the later learned to be Witness #2, shared an Uber. The plan was to drop the complainant off at his house and then the defendant would go home. In the initial interview, the complainant advised that on the way home, and after entering Washington, DC, he reached over and removed the defendant's penis from his pants, and performed oral sex on him. The complainant specifically stated that he gave the defendant "head." The complainant could not recall what, if anything, was said prior to the act or during the act.

In a subsequent interview, the complainant stated that he performed oral sex on the defendant after dropping Witness #2 off at her house and prior to arriving at his residence.

The complainant advised that this was the only sexual act between the two of them but they stayed flirty with one another. He also stated that he did not disclose the act to anyone during the school year except his friend, herein referred to as Witness #3.

AFFIANT'S SIGNATURE:

X _____

TO: WARRANT CLERK
PLEASE ISSUE WARRANT FOR:

Charge With: _____

**First Degree Sexual Abuse of a Minor**

ASSISTANT UNITED STATES ATTORNEY
_Branca Murus Felua_

SUBSCRIBED AND SWORN BEFORE ME THIS
16 DAY OF March 2020

_Neale. K_

(JUDGE) DEPUTY CLERK) SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

_NUC Approve_

**Superior Court of the District of Columbia**   2020CRW01471

CRIMINAL DIVISION

**AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT**         USW NO:

| DEFENDANT NAME: | | NICKNAME:<br>N/A | ALIASES:<br>N/A | | CCN: | PDID:<br>None |
| --- | --- | --- | --- | --- | --- | --- |
| SEX: | RACE:      DOB: | HGT: | WGT: | EYES:      COMP: | SCARS, MARKS, TATOOS:<br>None visible | |
| DEFENDANT'S ADDRESS: | | | | | HOME PHONE NUMBER:<br>N/A | |
| DEFENDANT'S BUSINESS ADDRESS: | | | | | CELLULAR PHONE NUMBER: | |
| COMPLAINANT'S NAME:<br>Minor Victim (16 year old Male) | | | | | TELEPHONE NUMBER:<br>On File | |
| LOCATION OF OFFENSE: | | | | | DATE OF OFFENSE<br>January 21, 2018 | TIME OF OFFENSE<br>@0010 hours |

CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.

| | | | |
| --- | --- | --- | --- |
| ___ 00 = Armed and Dangerous | ___ 25 = Escape Risk | ___ 55 = Alcoholic | ___ 20 = Known to abuse drugs |
| ___ 05 = Violent Tendencies | ___ 30 = Sexually Violent Predator | ___ 60 = Allergies | ___ 80 = Medication Required |
| ___ 10 = Martial Arts Expert | ___ 50 = Heart Condition | ___ 65 = Epilepsy | ___ 90 = Diabetic |
| ___ 15 = Explosive Expertise | ___ 85 = Hemophiliac | ___ 70 = Suicidal | ___ 01 = Other – Mental Health Conditions |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

The complainant stated that in October, 2019, he was with friends in a dorm room, to include Witness #1 and Witness #3, and disclosed what occurred with the defendant. Witness #1 generated an anonymous email address and, along with the complainant, sent an email to the school from Witness #1's laptop.

The complainant was asked when the last time was that he was in contact with the defendant. He advised that he had not spoken with the defendant since graduation in June, 2019, but received a text message and phone call from him on October 23, 2019. This was also the same day that the defendant was advised of the allegation and placed on leave at school. The defendant texted the complainant and asked when he was going to be home from school because he wanted him to record vocals for a few songs the defendant had written. The two began to speak on the phone and, while speaking on the phone, the defendant sent a text message to the complainant asking him if he still had the phone application, Snap Chat, as he wished to ask him a question. When the complainant responded that he did have the application, the defendant sent him a message asking if he had ever told anyone about what occurred between them. The complainant responded that he had not.

The complainant provided your affiant with additional text messages, which occurred after your affiant contacted him in reference to an interview. On November 19, 2019, the complainant texted the defendant and told him that he had to call him later. The defendant responded Ok and asked if something was wrong. The complainant said that there was but could not talk about it at that time. Later in the evening, the complainant called the defendant and told him that he was contacted by your affiant and that he was going to talk to your affiant. The complainant stated that he did not feel as though he could lie about what happened. The defendant asked the complainant to "help him," said that "this could ruin" him, and asked him "not to tell the truth." The complainant said that he was not going to lie but to let him think about it. The following day, the defendant texted the complainant and asked if he was going to call the defendant back, the complainant responded that he was not ready.

TO: WARRANT CLERK
PLEASE ISSUE WARRANT FOR:

Charge With:

**First Degree Sexual Abuse of a Minor**
ASSISTANT UNITED STATES ATTORNEY

*Sharon Marcus*

AFFIANT'S SIGNATURE:

X _____

SUBSCRIBED AND SWORN BEFORE ME THIS
**16** DAY OF **March** 20 **20**

*Neal E. Kra*

(JUDGE) ~~DEPUTY CLERK~~ SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

*ncc approved*

2020CRW01471

## Superior Court of the District of Columbia
### CRIMINAL DIVISION
### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT     USW NO:

| DEFENDANT NAME: | | NICKNAME:<br>N/A | | ALIASES:<br>N/A | | CCN: | PDID:<br>None |
|---|---|---|---|---|---|---|---|
| SEX: | RACE: | DOB: | HGT: | WGT: | EYES: | COMP: | SCARS, MARKS, TATOOS:<br>None visible |
| DEFENDANT'S ADDRESS: | | | | | | HOME PHONE NUMBER:<br>N/A | |
| DEFENDANT'S BUSINESS ADDRESS: | | | | | | CELLULAR PHONE NUMBER: | |
| COMPLAINANT'S NAME:<br>Minor Victim (16 year old Male) | | | | | | TELEPHONE NUMBER:<br>On File | |
| LOCATION OF OFFENSE: | | | | | | DATE OF OFFENSE<br>January 21, 2018 | TIME OF OFFENSE<br>@0010 hours |

CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.

| | | |
|---|---|---|
| __ 00 = Armed and Dangerous | __ 25 = Escape Risk | __ 55 = Alcoholic | __ 20 = Known to abuse drugs |
| __ 05 = Violent Tendencies | __ 30 = Sexually Violent Predator | __ 60 = Allergies | __ 80 = Medication Required |
| __ 10 = Martial Arts Expert | __ 50 = Heart Condition | __ 65 = Epilepsy | __ 90 = Diabetic |
| __ 15 = Explosive Expertise | __ 85 = Hemophiliac | __ 70 = Suicidal | __ 01 = Other – Mental Health Conditions |

### GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:

Your affiant conducted an interview with Witness #3 who reported that in May or June, 2018, he was told by the complainant that he had physical contact with the defendant. The complainant told him that he "did something with ███████" Witness #3 asked him what occurred and the complainant told him that he "gave him head." Witness #3 does not recall speaking with the complainant about it again until toward the end of October, 2019. He stated that he was with the complainant and Witness #1, and another friend, when the complainant disclosed the incident to them. The complainant told the group about "giving head" to "███████" Witness #1 stated that it was not right and they should do something about it. They all decided to make the anonymous email address and send an email to the school.

On February 5, 2020, your affiant received information relating to the defendant's Uber activity during the time frame of the reported abuse. Your affiant located a ride on January 20, 2018, that began at 229 Swamp Fox Road, Alexandria, VA, which is next to the AMC Hoffman Theater, and ended at ███████████████████ which is the defendant's address. The ride began at 11:38PM and ended at 12:27AM on January 21, 2018. A GPS picture was provided with the information that indicates the driver took an exit off of 295 Northbound that would deviate from a direct path to the defendant's residence. The exit would also coincide with the Uber first going to Witness #2's residence and then the complainant's residence before ending at the defendant's residence.

Your affiant confirmed that on January 20, 2018, there was a show at the Kennedy Center and the aforementioned musical artist Babyface was in attendance.

On March 9, 2020, your affiant conducted an interview with Witness #2. Witness #2 stated that she used to be close with the complainant when they were in school but they no longer speak to one another. She reported that the defendant was her 10th and 11th grade Sight Singing teacher as well as the Music Director for Show Choir and Director of Concern Choir, both of which she was a member of.

AFFIANT'S SIGNATURE:

X _____

**TO: WARRANT CLERK**
PLEASE ISSUE WARRANT FOR:

Charge With: _____

**First Degree Sexual Abuse of a Minor**
ASSISTANT UNITED STATES ATTORNEY
_Sharon Marcus-Ku_

SUBSCRIBED AND SWORN BEFORE ME THIS
16 DAY OF March 20 20

_Neale Ku_

(JUDGE) DEPUTY CLERK, SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

_NCIC ARRANGED_

## Superior Court of the District of Columbia
2020CRW01471
### CRIMINAL DIVISION
### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT        USW NO:

| DEFENDANT NAME: | | NICKNAME:<br>*N/A | ALIASES:<br>N/A | | CCN: | PDID:<br>None |
|---|---|---|---|---|---|---|
| SEX: | RACE: | DOB: | HGT: | WGT: | EYES: | COMP: | SCARS, MARKS, TATOOS:<br>None visible |

**DEFENDANT'S ADDRESS:**  HOME PHONE NUMBER:
N/A

**DEFENDANT'S BUSINESS ADDRESS:**  CELLULAR PHONE NUMBER:

**COMPLAINANT'S NAME:**  TELEPHONE NUMBER:
Minor Victim (16 year old Male)  On File

**LOCATION OF OFFENSE:**  DATE OF OFFENSE: January 21, 2018  TIME OF OFFENSE: @0010 hours

**CAUTION AND MEDICAL CONDITIONS (CMC)** Select a valid CMC code below for wanted person when using the caution indicator.

| ___ 00 = Armed and Dangerous | ___ 25 = Escape Risk | ___ 55 = Alcoholic | ___ 20 = Known to abuse drugs |
|---|---|---|---|
| ___ 05 = Violent Tendencies | ___ 30 = Sexually Violent Predator | ___ 60 = Allergies | ___ 80 = Medication Required |
| ___ 10 = Martial Arts Expert | ___ 50 = Heart Condition | ___ 65 = Epilepsy | ___ 90 = Diabetic |
| ___ 15 = Explosive Expertise | ___ 85 = Hemophiliac | ___ 70 = Suicidal | ___ 01 = Other – Mental Health Conditions |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

Witness #2 recalled performing at the Kennedy Center in front of the artist Babyface but at first believed that she went home directly after the show. When asked about a possible trip to the movies in Virginia, she stated that she did not recall if this was the same date not but did not believe so. Witness #2 then looked at pictures and videos on her phone and observed pictures from January 20, 2018, that were marked with the tag AMC Hoffman logo.

Witness #2 stated that she took an Uber home but could not recall if she was in an Uber with the complainant and the defendant.

Your affiant obtained Witness #2's address and found it to be directly on the Uber GPS route provided for the defendant for January 20, 2018. The complainant's residence is approximately 2.4 miles from Witness #2's residence, and would take approximately 10-11 minutes.

At the time of the offense, the defendant was 25 years old and in a significant relationship, the complainant's teacher, with the minor complainant, who was 16 years old at the time of the offense.

On March 11, 2020, your affiant presented the complainant a single confirmation photograph which depicted the defendant. This process was conducted via Face Time and audio recorded. Your affiant read the complainant the viewing sheet instructions and then showed him the photograph on the page. Your affiant asked the complainant three questions that are located at the bottom of the page. The complainant responded that he knew the individual in the photograph, has since 2015, and refers to him as ▓▓▓▓ Your affiant asked if this was the same individual with whom he has been speaking to your affiant about and he responded that it is.

Based on the aforementioned set of facts and circumstances, your affiant believes that probable cause exists and respectfully requests a DC Superior Court arrest warrant be issued for the defendant.

**AFFIANT'S SIGNATURE:**

X _____

SUBSCRIBED AND SWORN BEFORE ME THIS
16 DAY OF March 20 20

**TO: WARRANT CLERK**
PLEASE ISSUE WARRANT FOR: _____

Charge With: _____

**First Degree Sexual Abuse of a Minor**
ASSISTANT UNITED STATES ATTORNEY

_____

Neal E. K_____

(JUDGE) DEPUTY CLERK) SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

NCIC APPROVED

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CRIMINAL DIVISION

**COMPLAINT**

DCTN: ................................
Lockup No: ................................
Case No: ................................

District of Columbia ss:

Defendant's Name: ███████████                    ███████████

          (First)        (MI)    (Last)          (PDID)    (CCNO)

Also Known As: _____

         (First)      (Middle)     (Last)

Address: ███████████████████

Between on or about May 1, 2015, and on or about August 30, 2015, within the District of Columbia, ███████, being more than four years older than S. C., a child under sixteen years of age, that is, 15 years of age, and being in a significant relationship with S. C., engaged in a sexual act with that child and caused that child to engage in a sexual act, that is penetration of S. C.'s vulva by ████████ penis. **(First Degree Child Sexual Abuse, in violation of 22 D.C. Code, Section 3008, with Aggravating Circumstances, in violation of 22 D.C. Code Section 3020(a)(2) (2001 ed.)**

Co-Defendants:

_Tilley, Kiel D21701_
               Affiant's Name

Subscribed and sworn to before me this   **23**   day of   **March, 2021**

_____
                          (Judge)  (Deputy Clerk)

### WARRANT

_To The United States Marshal or any other authorized federal officer or the Chief of Police of the District of Columbia:_
    **WHEREAS the foregoing complaint and affidavit supporting the allegations thereof have been submitted, and there appearing probable cause and reasonable grounds for the issuance of an arrest warrant for**     _Mark Walker_
**YOU ARE THEREFORE COMMANDED TO BRING THE DEFENDANT BEFORE SAID COURT OR OTHER PERSON ENUMERATED IN 18 U.S.C. 3041 forthwith to answer said charge.**

Issued _____          _____
                                                Judge - Superior Court of the District of Columbia

Title 16: ☐        Rule 105: ☐   Judge: _____

| Sex: ███ | DOB: ███████ | CCN: ██████ | PDID: |
|---|---|---|---|
| **Papering Officer:** Kiel Tilley | | **Badge No.:** D21701 |
| colspan | | | |

**OFFICER MUST EXECUTE RETURN**

| Officer's Name: | Date / Time: March 23, 2021 |
|---|---|
| AUSA Signature: | Fel. I ☐   AFTC ☐   Fel. II ☐ |

ncic approved/3/23/21

## Superior Court of the District of Columbia
### CRIMINAL DIVISION
### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT          USW NO:

| DEFENDANT NAME: | | NICKNAME: | ALIASES: | | CCN: | | PDID: |
|---|---|---|---|---|---|---|---|
| SEX: | RACE: | DOB: | HGT: | WGT: | EYES: | COMP: | SCARS, MARKS, TATTOOS: |
| DEFENDANT'S ADDRESS: | | | | | HOME PHONE NUMBER: | | |
| DEFENDANT'S BUSINESS ADDRESS: | | | | | CELLULAR PHONE NUMBER: | | |

| COMPLAINANT'S NAME: | TELEPHONE NUMBER: |
|---|---|
| S.C. | On file |

| LOCATION OF OFFENSE: | DATE OF OFFENSE | TIME OF OFFENSE |
|---|---|---|
| | May 2016 | PM Hours |

CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.

| | | |
|---|---|---|
| __ 90 = Armed and Dangerous | __ 25 = Escape Risk | __ 55 = Alcoholic      __ 20 = Known to abuse drugs |
| __ 05 = Violent Tendencies | __ 30 = Sexually Violent Predator | __ 60 = Allergies      __ 80 = Medication Required |
| __ 10 = Martial Arts Expert | __ 50 = Heart Condition | __ 65 = Epilepsy      __ 90 = Diabetic |
| __ 15 = Explosive Expertise | __ 85 = Hemophiliac | __ 70 = Suicidal      __ 01 = Other – Mental Health Conditions |

### GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:

On June 22, 2020, an investigator within DC Public Schools (DCPS) Comprehensive Alternative Resolution and Equity (CARE) team filed a report with the DC Child and Family Services Agency that Witness-1 had filed a complaint against a former teacher. The former teacher was identified as ▇▇▇▇▇▇, who taught at Witness-1's school. The complaint alleged that Witness-1 had been "groomed" by ▇▇▇▇▇ during their time in the school. The grooming behavior resulted in Witness-1 engaging in a sexual act with ▇▇▇▇▇.

In the initial complaint to the CARE team, Witness-1 reported that ▇▇▇▇▇ bought them gifts, meals and a special crystal for their birthday. A personal relationship ensued between the student and ▇▇▇▇▇, which included visits by Witness-1 to the home of ▇▇▇▇▇. On the third visit, Witness-1 reported engaging in sexual intercourse with ▇▇▇▇▇, who told Witness-1 that they should not be engaging in such behavior due to the age of Witness-1. Witness-1 reported that they only engaged in sexual activity ▇▇▇▇▇ on the third visit, the other occasions only involved "hanging out and cuddling."

Witness-1 reported the level of attention shown by ▇▇▇▇▇ was unique and not shown to all students by ▇▇▇▇▇. Witness-1 identified two other students with whom ▇▇▇▇▇ had close, personal relationships with: the complainant and Witness-5.

Your affiant, Detective Kiel Tilley, conducted an interview with Witness-1 in reference to the complaint filed with the CARE team.

Witness-1 identified ▇▇▇▇▇ as the teacher in the complaint and that he was originally the photography teacher, although his roles changed while Witness-1 was a student. Witness-1 described ▇▇▇▇▇ as different from other staff with regard to his vocabulary (using language more age appropriate for students) and due to the amount of personal information he would share with students. Witness-1 reported ▇▇▇▇▇ sought to gain the trust of the

| | |
|---|---|
| **TO: WARRANT CLERK** | **AFFIANT'S SIGNATURE:** |
| PLEASE ISSUE WARRANT FOR: ▇▇▇▇▇ | X _____ |
| Charge With: First Degree Child Sexual Abuse with Aggravating Circumstances | SUBSCRIBED AND SWORN BEFORE ME THIS _____ DAY OF _____ 20 ___ |
| _____   3/23/21 ncic approved | |
| ASSISTANT UNITED STATES ATTORNEY | _____ (JUDGE) DETPUTY CLERK) SUPERIOR COURT OF THE DISTRICT OF COLUMBIA |

# Superior Court of the District of Columbia
## CRIMINAL DIVISION
### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT          USW NO:

| DEFENDANT NAME: | | NICKNAME: | ALIASES: | | CCN: | PDID : |
|---|---|---|---|---|---|---|
| SEX: | RACE: | DOB: | HGT: | WGT: | EYES: | COMP: | SCARS, MARKS, TATTOOS: | |
| DEFENDANT'S ADDRESS: | | | | | HOME PHONE NUMBER: | |
| DEFENDANT'S BUSINESS ADDRESS: | | | | | CELLULAR PHONE NUMBER: | |
| COMPLAINANT'S NAME: S.C. | | | | | TELEPHONE NUMBER: On file | |
| LOCATION OF OFFENSE: | | | | | DATE OF OFFENSE May 2015 | TIME OF OFFENSE PM Hours |

CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.
```
__ 00 = Armed and Dangerous      __ 25 = Escape Risk              __ 55 = Alcoholic        __ 20 = Known to abuse drugs
__ 05 = Violent Tendencies       __ 30 = Sexually Violent Predator __ 60 = Allergies       __ 80 = Medication Required
__ 10 = Martial Arts Expert      __ 50 = Heart Condition          __ 65 = Epilepsy        __ 90 = Diabetic
__ 15 = Explosive Expertise      __ 85 = Hemophiliac             __ 70 = Suicidal        __ 91 = Other - Mental Health Conditions
```
GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:

students and bought gifts for a small number of selected students. Witness-1 reported that ▮▮▮▮ bought general items for the class, but bought very specific items for others. Witness-1 stated the general gifts were intended to distract from the personal gifts provided for certain students. ▮▮▮▮ would buy food, drinks and candy for two female students based on their preference but would then buy general community food for the rest of class.

Witness-1 reported that ▮▮▮▮ would give them money for food and lunch, as well as birthday presents and rock specimens for their birthday. Witness-1 stated this was due to their interest in geology. Witness-1 reported that while ▮▮▮▮ was still their teacher, he would speak of plans post-graduation often to include visits to his house and museums. After Witness-1 graduated, they reported visiting ▮▮▮▮ house and spending time as friends as opposed to a normal teacher-student relationship. Witness-1 reported ▮▮▮▮ house as being located near Turkey Thicket Recreation Center and the Brookland Metro Station. These visits included conversation, drinking and smoking THC cartridges from ▮▮▮▮ vape.

Witness-1 reported this relationship resulted in sexual intercourse on one occasion with ▮▮▮▮ after Witness-1 had graduated; Witness-1 was 17 years of age at that time. Witness-1 reported that ▮▮▮▮ spoke of their age during the act and acknowledging Witness-1's status of a former student, but the sexual act occurred. The complainant stated that they were enthusiastic during the act as Witness-1 "really idolized" ▮▮▮▮ and sought his affection, but regretted the act after its completion. Witness-1 described the act as ▮▮▮▮ "inserting his penis into me."

Witness-1 reported that no sexual acts occurred while Witness-1 was a student, but identified two other students who had similar relationships with ▮▮▮▮. Witness-1 identified Witness-5 as a student that ▮▮▮▮ bought numerous gifts for, and reported that ▮▮▮▮ discussed his relationship with Witness-5 with Witness-1. Witness-1 believed that ▮▮▮▮ also visited Witness-5 after graduation at their college.

TO: WARRANT CLERK
PLEASE ISSUE WARRANT FOR: ▮▮▮▮

Charge With: ___ First Degree Child Sexual Abuse with Aggravating Circumstances

3/23/21 ncic approved

ASSISTANT UNITED STATES ATTORNEY

AFFIANT'S SIGNATURE:
X ▮▮▮▮

SUBSCRIBED AND SWORN BEFORE ME THIS ____ DAY OF _____ 20__

(JUDGE) DETPUTY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## Superior Court of the District of Columbia

CRIMINAL DIVISION

### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT          USW NO:

| DEFENDANT NAME: | | NICKNAME: | ALIASES: | | CCN: | | PDID : |
|---|---|---|---|---|---|---|---|
| SEX: | RACE: | DOB: | HGT: | WGT: | EYES: | COMP: | SCARS, MARKS, TATTOOS: |

| DEFENDANT'S ADDRESS: | HOME PHONE NUMBER: |
|---|---|
| DEFENDANT'S BUSINESS ADDRESS: | CELLULAR PHONE NUMBER: |

| COMPLAINANT'S NAME:<br>S.C. | TELEPHONE NUMBER:<br>On file |
|---|---|
| LOCATION OF OFFENSE: | DATE OF OFFENSE<br>May 2016 | TIME OF OFFENSE<br>PM Hours |

CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.

| | | | | | |
|---|---|---|---|---|---|
| 00 = Armed and Dangerous | 25 = Escape Risk | 55 = Alcoholic | 20 = Known to abuse drugs |
| 05 = Violent Tendencies | 30 = Sexually Violent Predator | 60 = Allergies | 80 = Medication Required |
| 10 = Martial Arts Expert | 50 = Heart Condition | 65 = Epilepsy | 90 = Diabetic |
| 15 = Explosive Expertise | 85 = Hemophiliac | 70 = Suicidal | 01 = Other – Mental Health Conditions |

GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:

Witness-1 also identified the complainant, who directly disclosed a romantic relationship with ▮▮▮▮▮ to Witness-1. The complainant disclosed to Witness-1 that during their sophomore year the complainant developed a romantic relationship with ▮▮▮▮▮, who fell in love with the complainant. The complainant disclosed going to ▮▮▮▮▮ house where they would engage in oral sex, but ▮▮▮▮▮ allegedly did not wish to engage in other acts because of their status as a student. Witness-1 believes these events took place in either 2014 or 2015. The complainant disclosed this in a classroom setting during their senior year, possibly 2016. The complainant began by speaking with a small group of friends but addressed the whole class as the complainant noticed their attention. The complainant stated she wanted to address the rumors about ▮▮▮▮▮ and to confirm them. The complainant stated that ▮▮▮▮▮ would "definitely always love me" and they stopped talking because the complainant's family would not understand.

Your affiant was able to contact the complainant via telephone in reference to the allegations, who agreed to speak about her time at the school attended by Witness-1 and the complainant. The complainant confirmed that she attended Witness-1's school from 2013-2017. Your affiant explained the scope of the investigation and the complainant stated that they understood why they contact was made. The complainant reported that during high school a person took advantage of the complainant, that person was a visual arts teacher. The complainant reported that at the time, she was 14 years old and the teacher was 33 years old. The complainant identified the teacher as ▮▮▮▮▮.

The complainant reported that ▮▮▮▮▮ began sending the complainant letters and began taking her home from school. ▮▮▮▮▮ also began inviting the complainant over to his home, and on one occasion attempting to have sexual intercourse with the complainant. The complainant reported that she was a virgin at that time. This incident occurred over the summer at his home, in his bedroom. ▮▮▮▮▮ attempted to penetrate the complainant, which frightened the complainant and made the complainant cry. This occurred while the complainant was a student in the summer of 2015 or 2016.

TO: WARRANT CLERK

PLEASE ISSUE WARRANT FOR: ▮▮▮▮▮

Charge With: ▮▮▮▮ First Degree Child Sexual Abuse with Aggravating Circumstances

▮▮▮▮▮   3/23/21 ncic approved

ASSISTANT UNITED STATES ATTORNEY

AFFIANT'S SIGNATURE:

X _____

SUBSCRIBED AND SWORN BEFORE ME THIS
_____ DAY OF _____ 20 ___

_____
(JUDGE) DETPUTY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## Superior Court of the District of Columbia

### CRIMINAL DIVISION

### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT        USW NO:

| DEFENDANT NAME: | | NICKNAME: | ALIASES: | | CCN: | | PDID : |
|---|---|---|---|---|---|---|---|
| SEX: | RACE: | DOB: | HGT: | WGT: | EYES: | COMP: | SCARS, MARKS, TATTOOS: |
| DEFENDANT'S ADDRESS: | | | | | HOME PHONE NUMBER: | | |
| DEFENDANT'S BUSINESS ADDRESS: | | | | | CELLULAR PHONE NUMBER: | | |

| COMPLAINANT'S NAME: | TELEPHONE NUMBER: |
|---|---|
| S.C. | On file |

| LOCATION OF OFFENSE: | DATE OF OFFENSE | TIME OF OFFENSE |
|---|---|---|
| | May 2015 | PM Hours |

**CAUTION AND MEDICAL CONDITIONS (CMC)** Select a valid CMC code below for wanted person when using the caution indicator.

| ___ 00 = Armed and Dangerous | ___ 25 = Escape Risk | ___ 55 = Alcoholic | ___ 20 = Known to abuse drugs |
|---|---|---|---|
| ___ 05 = Violent Tendencies | ___ 30 = Sexually Violent Predator | ___ 60 = Allergies | ___ 80 = Medication Required |
| ___ 10 = Martial Arts Expert | ___ 50 = Heart Condition | ___ 65 = Epilepsy | ___ 90 = Diabetic |
| ___ 15 = Explosive Expertise | ___ 85 = Hemophiliac | ___ 70 = Suicidal | ___ 01 = Other – Mental Health Conditions |

### GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:

The complainant began demonstrating an emotional response to the interview, audibly crying. Your affiant then offered to conduct the interview in person and the complainant agreed. Your affiant met the complainant in person on a later date.

The complainant reported the relationship with ▮▮▮▮ began in 2015 while attending an afterschool program coordinated by ▮▮▮▮ Students would watch movies and do coursework; ▮▮▮▮ also would drive a group of students home after the program each night- dropping the complainant off last of the group. On one such occasion, in May of 2015, before the complainant turned 16, ▮▮▮▮ kissed the complainant.

The complainant reported that this kiss occurred in ▮▮▮▮ vehicle near the complainant's home. The complainant disclosed telling ▮▮▮▮ the complainant had never been kissed before and he replied that he would show her. The complainant described the kiss as "on the mouth with tongue," inside of his red sport utility vehicle. ▮▮▮▮ then drove the complainant home.

▮▮▮▮ began buying the complainant random items at school, prompting classmates to notice. ▮▮▮▮ would also touch the complainant's knee under the table during classes and would routinely meet individually with her to discuss their relationship under the guise of instruction. This relationship, which the complainant described as "romantic," continued for a year.

The complainant reported ▮▮▮▮ summer she visited ▮▮▮▮ home on multiple occasions, describing its location in Northeast DC, near Turkey Thicket Recreation Center (of note ▮▮▮▮ registered DMV address is 0.1 miles from Turkey Thicket Recreation Center). These visits included movies and food, which ▮▮▮▮ would buy for the complainant. ▮▮▮▮ would routinely walk her home from school and they would frequent parks along the

---

**TO: WARRANT CLERK**
PLEASE ISSUE WARRANT FOR: ▮▮▮▮

Charge With:  First Degree Child Sexual Abuse with Aggravating Circumstances

_Assistant Signature_    3/23/21 ncic approved
ASSISTANT UNITED STATES ATTORNEY

**AFFIANT'S SIGNATURE:**
X _____

SUBSCRIBED AND SWORN BEFORE ME THIS
_____ DAY OF _____ 20 ____

_____
(JUDGE) DETPUTY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## Superior Court of the District of Columbia

CRIMINAL DIVISION

**AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT**          USW NO:

| DEFENDANT NAME: | | NICKNAME: | ALIASES: | | CCN: | | PDID: |
|---|---|---|---|---|---|---|---|
| SEX: | RACE: | DOB: | HGT: | WGT: | EYES: | COMP: | SCARS, MARKS, TATTOOS: |

| DEFENDANT'S ADDRESS: | HOME PHONE NUMBER: |
|---|---|
| DEFENDANT'S BUSINESS ADDRESS: | CELLULAR PHONE NUMBER: |

| COMPLAINANT'S NAME: S.C. | TELEPHONE NUMBER: On file |
|---|---|

| LOCATION OF OFFENSE: | DATE OF OFFENSE May 2015 | TIME OF OFFENSE PM Hours |
|---|---|---|

**CAUTION AND MEDICAL CONDITIONS (CMC)** Select a valid CMC code below for wanted person when using the caution indicator.

| ___ 00 = Armed and Dangerous | 26 = Escape Risk | 55 = Alcoholic | 20 = Known to abuse drugs |
|---|---|---|---|
| ___ 05 = Violent Tendencies | 30 = Sexually Violent Predator | 60 = Allergies | 80 = Medication Required |
| ___ 10 = Martial Arts Expert | 50 = Heart Condition | 65 = Epilepsy | 90 = Diabetic |
| ___ 15 = Explosive Expertise | 85 = Hemophiliac | 70 = Suicidal | 91 = Other = Mental Health Conditions |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

way. The complainant's school in 2015 was located in a different location than its current location, allowing the complainant to walk home.

The complainant described one specific day she spent with ████████. On this day, they were discussing their relationship status as ████████ indicated his wishes to marry and meet her family. ████████ discussed how their relationship would look when she turned 18 because he did not want people to know how it began, wanting to be discreet. The complainant then told him that she was a virgin, and she did not want to have intercourse with him. The complainant told ████████ that she did not want to give him her virginity due to his age, position as her teacher, and how she felt it would affect her mentally. ████████ questioned her resistance to having intercourse but acknowledged her concerns.

On the same day, they returned to the home of ████████. Late into the night, they were laying on a futon and were kissing each other. The complainant reported that he "forced himself" upon her by penetrating her vagina with his penis. This occurred inside of ████████ bedroom. The complainant reported that she had recently told ████████ she did not want to engage in vaginal intercourse, as she was a virgin. The complainant stated she was wearing a "blue t-shirt dress" that ████████ removed, as well as his own clothing. ████████ was touching her breasts, vagina, her lips, and neck. The complainant reported they were both nude at this time, with ████████ wearing boxer shorts.

The complainant reported she was "following his lead" during this incident as she was unsure what to do in this situation. The complainant reported that ████████ digitally penetrated her and then penetrated her vagina with his penis. The complainant reported that ████████ had penetrated her for approximately 10 seconds, felt pain, then pushed ████████ off of her. The complainant instantly began crying and described experiencing a "wave of emotions." The complainant questioned why he would penetrate her despite explicitly telling him she did not want that

---

**TO: WARRANT CLERK**
PLEASE ISSUE WARRANT FOR: ████████

Charge With:   First Degree Child Sexual Abuse with Aggravating Circumstances

*Lindsay Suttenberg*                              3/23/21 ncic approved
**ASSISTANT UNITED STATES ATTORNEY**

**AFFIANT'S SIGNATURE:**
X _____

SUBSCRIBED AND SWORN BEFORE ME THIS
_____ DAY OF _____ 20____

_____
(JUDGE) DETPUTY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## Superior Court of the District of Columbia

CRIMINAL DIVISION

### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT         USW NO:

| DEFENDANT NAME: | NICKNAME: | ALIASES: | CCN: | PDID: |
|---|---|---|---|---|
| SEX: ▆ RACE: ▆ DOB: ▆ | HGT: WGT: | EYES: ▆ COMP: ▆ | SCARS, MARKS, TATTOOS: | |
| DEFENDANT'S ADDRESS: | | | HOME PHONE NUMBER: | |
| DEFENDANT'S BUSINESS ADDRESS: | | | CELLULAR PHONE NUMBER: | |
| COMPLAINANT'S NAME:<br>S.C. | | | TELEPHONE NUMBER:<br>On file | |
| LOCATION OF OFFENSE: | | | DATE OF OFFENSE<br>May 2015 | TIME OF OFFENSE<br>PM Hours |

CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.

| | | |
|---|---|---|
| __ 00 = Armed and Dangerous | __ 25 = Escape Risk | __ 55 = Alcoholic | __ 20 = Known to abuse drugs |
| __ 05 = Violent Tendencies | __ 30 = Sexually Violent Predator | __ 60 = Allergies | __ 80 = Medication Required |
| __ 10 = Martial Arts Expert | __ 50 = Heart Condition | __ 65 = Epilepsy | __ 90 = Diabetic |
| __ 15 = Explosive Expertise | __ 85 = Hemophiliac | __ 70 = Suicidal | __ 01 = Other ~ Mental Health  Conditions |

### GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:

to happen, ▆▆▆▆ then held her to attempt to console her, and they both then took a shower together. ▆
▆▆ apologized and took the complainant home after the shower.

The complainant reported this incident, and all the home visits, occurred in the summer of 2015; the complainant would
have been 15-years-old at this time. The complainant disclosed further that on the first visit to ▆▆▆▆▆ home, he
performed oral sex by licking her vagina with his mouth.

The complainant disclosed that she engaged in numerous romantic encounters with ▆▆▆▆ ranging from kissing,
to "feeling her up" in his car and oral sex. Due to the high number of events, the complainant had trouble differentiating
between events. The complainant reported that on one occasion, while ▆▆▆▆ performed oral sex on the
complainant, she reciprocated and performed oral sex on ▆▆▆ in his bedroom.

▆▆▆▆ routinely told the complainant to avoid documenting any evidence of their relationship in writing. ▆▆
▆ told the complainant that she was the youngest girl he had talked to but began talking to a classmate soon after
their relationship ended. The complainant believed this relationship to be romantic and similar to her own and
identified the classmate as Witness-5. The complainant also reported hearing of rumors that other students who were
involved with ▆▆▆ after she graduated, but those rumors could not be substantiated.

The complainant identified Witness-2 and Witness-3 as close friends in which she confided about her romantic
relationship with ▆▆▆. The complainant stated she confided in them while the relationship was active.

At the conclusion of the interview, the complainant was presented with a single color photograph of ▆▆▆▆, with
a date of birth of ▆▆▆. The complainant identified ▆▆▆▆ and stated she has known him for 6 years.
Hereinafter, ▆▆▆ shall be referred to as Defendant ▆▆▆.

**TO: WARRANT CLERK**
PLEASE ISSUE WARRANT FOR: ▆▆▆

Charge With:  First Degree Child Sexual Abuse with Aggravating Circumstances

*signature*     3/23/21 ncic approved

ASSISTANT UNITED STATES ATTORNEY

**AFFIANT'S SIGNATURE:**
X *signature*

SUBSCRIBED AND SWORN BEFORE ME THIS
_____ DAY OF _____ 20___

_____
(JUDGE) DETPUTY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## Superior Court of the District of Columbia

### CRIMINAL DIVISION

## AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT          USW NO:

| DEFENDANT NAME: | NICKNAME: | ALIASES: | CCN: | PDID: |
|---|---|---|---|---|
| SEX:    RACE:    DOB: | HGT:    WGT: | EYES:    COMP: | SCARS, MARKS, TATTOOS: | |

| DEFENDANT'S ADDRESS: | HOME PHONE NUMBER: |
|---|---|
| DEFENDANT'S BUSINESS ADDRESS: | CELLULAR PHONE NUMBER: |

| COMPLAINANT'S NAME: S.C. | TELEPHONE NUMBER: On file |
|---|---|
| LOCATION OF OFFENSE: | DATE OF OFFENSE    TIME OF OFFENSE |
| | May 2015    PM Hours |

**CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.**

| | | | |
|---|---|---|---|
| 00 = Armed and Dangerous | 25 = Escape Risk | 55 = Alcoholic | 20 = Known to abuse drugs |
| 05 = Violent Tendencies | 30 = Sexually Violent Predator | 60 = Allergies | 80 = Medication Required |
| 10 = Martial Arts Expert | 50 = Heart Condition | 65 = Epilepsy | 90 = Diabetic |
| 15 = Explosive Expertise | 85 = Hemophiliac | 70 = Suicidal | 01 = Other - Mental Health Conditions |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

The complainant provided personal photographs she had taken of Defendant ████, one of which appears to show him sitting in close proximity to the phone/camera on a park bench and another appears to depict Defendant ████ in a classroom setting with the caption "love of my life." The individual in the pictures appears to be Defendant ████

The complainant also provided screen shots of messages between the complainant's device and "sir leo" and "████." The complainant identified Defendant Walker as the person of which both communication threads were corresponding. Various messages from "sir leo" request photographs and speak of the complainant's features. One message states, "your eyes are amazing, I just wonder how they look after you cry." Another thread discusses Defendant ████ moving to Italy and the complainant accompanying him. Defendant ████ asks, "so you really want to be with me? You want me to wait for you?" The complainant replies "yes & yes," and Defendant ████ responded "I know, it means more now. Especially with you telling me."

The complainant also provided a hand-written letter to your affiant and identified ████████ as its author. The letter discusses the complainant's "beauty" and one line reads, "you exude beauty, sometimes it's overwhelming." The handwriting on the letter appears to be similar with handwriting contained in the employee files completed by ████ during his employment at the complainant's school.

Your affiant had occasion to speak with Witness-2 on a later date. Witness-2 confirmed having a friendship with the complainant and attending the same school from 2013-2017.

Witness-2 reported observing the complainant getting close with a teacher, identified as Defendant ████ who wrote the complainant letters and would buy the complainant small gifts. The complainant began to speak openly about going on "dates" with Defendant ████ as well. The complainant spoke about going to a park with Defendant ████ where they would kiss and do "other stuff." Witness-2 described one incident that the complainant disclosed about Defendant

---

**TO: WARRANT CLERK**
**PLEASE ISSUE WARRANT FOR:** ████████

Charge With:    First Degree Child Sexual Abuse with Aggravating Circumstances

████████    3/23/21 ncic approved

**ASSISTANT UNITED STATES ATTORNEY**

**AFFIANT'S SIGNATURE:**
X ████████

SUBSCRIBED AND SWORN BEFORE ME THIS
_____ DAY OF _____ 20____

_____
(JUDGE) DEPUTY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

# Superior Court of the District of Columbia
## CRIMINAL DIVISION
### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT          USW NO:

| DEFENDANT NAME: | | NICKNAME: | ALIASES: | | CCN: | | PDID: |
|---|---|---|---|---|---|---|---|
| **SEX :** | **RACE:** | **DOB:** | **HGT:** | **WGT:** | **EYES:** | **COMP:** | SCARS, MARKS, TATTOOS: |
| **DEFENDANT'S ADDRESS:** | | | | | HOME PHONE NUMBER: | | |
| **DEFENDANT'S BUSINESS ADDRESS:** | | | | | CELLULAR PHONE NUMBER: | | |

| COMPLAINANT'S NAME:<br>S.C. | TELEPHONE NUMBER:<br>On file |
|---|---|

| LOCATION OF OFFENSE: | DATE OF OFFENSE<br>May 2015 | TIME OF OFFENSE<br>PM Hours |
|---|---|---|

**CAUTION AND MEDICAL CONDITIONS (CMC)** Select a valid CMC code below for wanted person when using the caution indicator.

| ___ 00 = Armed and Dangerous | ___ 26 = Escape Risk | ___ 55 = Alcoholic | ___ 20 = Known to abuse drugs |
|---|---|---|---|
| ___ 05 = Violent Tendencies | ___ 30 = Sexually Violent Predator | ___ 60 = Allergies | ___ 80 = Medication Required |
| ___ 10 = Martial Arts Expert | ___ 50 = Heart Condition | ___ 65 = Epilepsy | ___ 90 = Diabetic |
| ___ 15 = Explosive Expertise | ___ 85 = Hemophiliac | ___ 70 = Suicidal | ___ 01 = Other - Mental Health Conditions |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

Walker lifting the complainant's shirt and touching her breasts in his vehicle.  The complainant also spoke to Witness-2 about staying the night at Defendant ▮▮▮▮ house and describing their relationship as romantic in nature.  Witness-2 believed the relationship ended in 2016 at the request of the complainant.

Witness-2 reported that after the relationship between Defendant ▮▮▮▮ and the complainant ended, he became close with another student who was identified as Witness-5.  Witness-2 reported that Defendant ▮▮▮▮ began a romantic relationship with Witness-5, but it was unclear if their relationship began before Witness-5's graduation.  Witness-2 spoke to Witness-2 of the relationship and reported that Defendant ▮▮▮▮ did not want it to be romantic until after Witness-5 graduated.  Witness-2 reported that Defendant ▮▮▮▮ acted similarly to Witness-5 as he did to the complainant, but Witness-2 had no knowledge of any sexual encounters prior to Witness-5's graduation.

Your affiant had occasion to speak with Witness-3 on a later date.  Witness-3 confirmed attending the same school as the complainant and maintaining a friendship with the complainant and others named in this investigation.  Witness-3 confirmed that Defendant ▮▮▮▮ was a teacher at the school Witness-3 had attended, but Witness-3 reported having no knowledge of a romantic relationship he may have had with any student.

Your affiant had conducted a separate investigation involving the school that employed Defendant ▮▮▮▮ and attended by the above witnesses.  Witness-4 was interviewed in reference to the separate investigation and provided information relating to Defendant ▮▮▮▮.

Witness-4 reported maintaining a relationship with Defendant ▮▮▮▮ after graduating and considered him a friend and mentor.  Witness-4 reported that Defendant ▮▮▮▮ was close with students and would often take groups out for dinner and routinely had students visit his home. Witness-4 reported hearing that Defendant ▮▮▮▮ had been sexually involved with a student before the student graduated.  Witness-4 reported that Defendant ▮▮▮▮ had used his age and

**TO: WARRANT CLERK**
PLEASE ISSUE WARRANT FOR: ▮▮▮▮

Charge With:  First Degree Child Sexual Abuse with Aggravating Circumstances

*Jimmy Simmons*          3/23/21 ncic approved

**ASSISTANT UNITED STATES ATTORNEY**

**AFFIANT'S SIGNATURE:**
X ▮▮▮▮

SUBSCRIBED AND SWORN BEFORE ME THIS
_____ DAY OF _____ 20 ____

_____
(JUDGE) DEPUTY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## Superior Court of the District of Columbia

### CRIMINAL DIVISION
### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT          USW NO:

| DEFENDANT NAME: | | NICKNAME: | ALIASES: | | CCN: | | PDID: |
|---|---|---|---|---|---|---|---|
| **SEX:** | **RACE:** | **DOB:** | **HGT:** | **WGT:** | **EYES:** | **COMP:** | **SCARS, MARKS, TATTOOS:** |
| **DEFENDANT'S ADDRESS:** | | | | | | **HOME PHONE NUMBER:** | |
| **DEFENDANT'S BUSINESS ADDRESS:** | | | | | | **CELLULAR PHONE NUMBER:** | |
| **COMPLAINANT'S NAME:** S.C. | | | | | | **TELEPHONE NUMBER:** On file | |
| **LOCATION OF OFFENSE:** | | | | | | **DATE OF OFFENSE** May 2015 | **TIME OF OFFENSE** PM Hours |

**CAUTION AND MEDICAL CONDITIONS (CMC)** Select a valid CMC code below for wanted person when using the caution indicator.

| | | | |
|---|---|---|---|
| ___ 00 = Armed and Dangerous | ___ 25 = Escape Risk | ___ 55 = Alcoholic | ___ 20 = Known to abuse drugs |
| ___ 05 = Violent Tendencies | ___ 30 = Sexually Violent Predator | ___ 60 = Allergies | ___ 80 = Medication Required |
| ___ 10 = Martial Arts Expert | ___ 50 = Heart Condition | ___ 65 = Epilepsy | ___ 90 = Diabetic |
| ___ 15 = Explosive Expertise | ___ 85 = Hemophiliac | ___ 70 = Suicidal | ___ 01 = Other – Mental Health Conditions |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

status to manipulate the student, who was now coming to terms with the past and addressing what had transpired. Witness-4 stated that Defendant ▇▇▇ had frequently driven this student home as part of their relationship.

Your affiant made contact with Witness-5 in reference to the investigation of Defendant ▇▇▇. Witness-5 affirmed attending the school where Defendant ▇▇▇ was a teacher. Your affiant explained to Witness-5 that the scope of the investigation involved interactions between students and faculty during Witness-5's time at the school.  Upon learning of the scope of the investigation, Witness-5 declined to speak with law enforcement any further.

Your affiant attempted to provide Defendant ▇▇▇ an opportunity to provide a statement in reference to the investigation. Your affiant traveled to the listed residence of Defendant ▇▇▇ and encountered an individual who stated they lived at the location with Defendant ▇▇▇. The individual accepted your affiant's contact information and agreed to provide it to Defendant ▇▇▇. Defendant ▇▇▇ contacted the undersigned via telephone later and stated that due to having faced accusations previously, he was unsure about providing a statement to your affiant. Defendant ▇▇▇ has not yet provided a statement in reference to this investigation.

At the time of the reported offenses, the complainant was 15 years old and Defendant ▇▇▇ was 35 - 36 years old. Defendant ▇▇▇ employee records indicated that he was employed at the complainant's school between 2014 and 2019, when Defendant ▇▇▇ resigned.  The complainant attended the school between 2013 and 2017 and reported that Defendant ▇▇▇ was her visual arts teacher at the school.

Defendant ▇▇▇ was in a significant relationship with the complainant and over the age of 18 when he engaged in sexual acts with the complainant, a child per DC Code. Your affiant believes there to be sufficient probable cause for the arrest of Defendant ▇▇▇ for the appropriate charges.

**TO: WARRANT CLERK**
**PLEASE ISSUE WARRANT FOR:** ▇▇▇

Charge With: First Degree Child Sexual Abuse with Aggravating Circumstances

_signature_          3/23/21          ncic approved
**ASSISTANT UNITED STATES ATTORNEY**

**AFFIANT'S SIGNATURE:**
X _signature_

SUBSCRIBED AND SWORN BEFORE ME THIS
_____ DAY OF _____ 20____

_____
(JUDGE) DETPUTY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

**THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| JANE DOE | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO.: **2022 CA 000814 B** |
| | * | Judge-in-Chambers |
| DUKE ELLINGTON SCHOOL | * | |
| OF THE ARTS PROJECT, *et al.* | * | |
| | * | |
| Defendants. | * | |
| | * | |

**ORDER**

Plaintiff's Motion to Proceed under Pseudonym, having been read, considered and this Court having determined that the request is for good cause;

it is this __16th__ day of __February__, 2022,

It is **ORDERED**, that the Plaintiff's Motion to Proceed under Pseudonym is hereby,

**GRANTED**;

Judge-in-Chambers
Joan Zeldon, Senior Judge

Copies to:

Dawn R. Jackson, Esq.
Duke Ellington School of the Arts
District of Columbia
DC Public School System
Mitzi Yates
Rory Pullens

9

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Jane Doe

Case Number: **2022 CA 000814 B**

vs

Date: 02-17-2022

Duke Ellington School of the Arts Project, et al.

☑ One of the defendants is being sued
in their official capacity.

| Name: *(Please Print)* Dawn Jackson, Esq. | Relationship to Lawsuit |
|---|---|
| Firm Name: Jackson and Associates Lawfirm | ☑ Attorney for Plaintiff |
| Telephone No.:          Six digit Unified Bar No.: XXX-XXX-XXXX                    485118 | ☐ Self (Pro Se) ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury       ☐ 6 Person Jury       ☑ 12 Person Jury

Demand: $ $10,000,000 _____       Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____       Judge: _____       Calendar #:_____

Case No.:_____       Judge: _____       Calendar#:_____

---

**NATURE OF SUIT:**     *(Check One Box Only)*

**A. CONTRACTS**                    **COLLECTION CASES**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
   Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
   Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
   Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
   Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
   Under $25,000 Consent Denied

---

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

---

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
   Not Malpractice)

☑ 17 Personal Injury- (Not Automobile,
   Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE          IF USED

# Information Sheet, Continued

**C. OTHERS**

☐ 01 Accounting
☐ 02 Att. Before Judgment
☐ 05 Ejectment
☐ 09 Special Writ/Warrants
    (DC Code § 11-941)
☐ 10  Traffic Adjudication
☐ 11 Writ of Replevin
☐ 12 Enforce Mechanics Lien
☐ 16 Declaratory Judgment

☐ 17 Merit Personnel Act (OEA)
    (D.C. Code Title 1, Chapter 6)
☐ 18 Product Liability

☐ 24 Application to Confirm, Modify,
    Vacate Arbitration Award (DC Code § 16-4401)
☐ 29 Merit Personnel Act (OHR)
☐ 31 Housing Code Regulations
☐ 32 Qui Tam
☐ 33 Whistleblower

**II.**

☐ 03 Change of Name
☐ 06 Foreign Judgment/Domestic
☐ 08 Foreign Judgment/International
☐ 13 Correction of Birth Certificate
☐ 14 Correction of Marriage
    Certificate
☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
☐ 27 Petition for Civil Asset Forfeiture (Currency)
☐ 28 Petition for Civil Asset Forfeiture (Other)

☐ 15 Libel of Information
☐ 19 Enter Administrative Order as
    Judgment [ D.C. Code §
    2-1802.03 (h) or 32-151 9 (a)]
☐ 20 Master Meter (D.C. Code §
    42-3301, et seq.)

☐ 21 Petition for Subpoena
    [Rule 28-I (b)]
☐ 22 Release Mechanics Lien
☐ 23 Rule 27(a)(I)
    (Perpetuate Testimony)
☐ 24 Petition for Structured Settlement
☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

☐ 09 Real Property-Real Estate
☐ 12 Specific Performance
☐ 04 Condemnation (Eminent Domain)
☐ 10 Mortgage Foreclosure/Judicial Sale
☐ 11 Petition for Civil Asset Forfeiture (RP)

☐ 08 Quiet Title
☐ 25 Liens: Tax / Water Consent Granted
☐ 30 Liens: Tax / Water Consent Denied
☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

**02-17-2022**
_____
Date

CV-496/ June 2015



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Jane Doe
_____
                                    Plaintiff

                    vs.                                    Case Number    **2022 CA 000814 B**
                                                                         _____

Duke Ellington School of the Arts Project
_____
                                    Defendant

**SUMMONS**

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either
personally or through an attorney, within twenty one (21) days after service of this summons upon you,
exclusive of the day of service. If you are being sued as an officer or agency of the United States Government
or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your
Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The
attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed
to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue,
N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on
Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on
the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer,
judgment by default may be entered against you for the relief demanded in the complaint.

Dawn Jackson, Esq.
_____              Clerk of the Court
Name of Plaintiff's Attorney

1300 Caraway Court, Ste. 100                By _____
Address                                                          Deputy Clerk
Upper Marlboro, MD  20774

301-883-0800                                Date    **2/25/2022**
Telephone
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오.      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU
ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT
MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE
COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR
REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS
ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME_.

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the
Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500
Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

                                See reverse side for Spanish translation
                                Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                      Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Jane Doe
_____
                                    Demandante

        contra

Duke Ellington School of the Arts Project        Número de Caso: _____
_____
                                    Demandado

**CITATORIO**

Al susodicho Demandado:

        Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

        A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Dawn Jackson, Esq.                              *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante

1300 Caraway Court, Ste. 100          Por: _____
_____
Dirección                                        Subsecretario
Upper Marlboro, MD  20774
_____

301−883−0800                          Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

만일 번역이 필요하시면 (202)879-4828 로 전화주십시오          የאማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

        IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

        Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                      Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Jane Doe
_____
                                    Plaintiff
                    vs.

Rory Pullens                                    Case Number   **2022 CA 000814 B**
_____
                                    Defendant

**SUMMONS**

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Dawn Jackson, Esq.
_____
Name of Plaintiff's Attorney                         _Clerk of the Court_

1300 Caraway Court, Ste. 100                  By _____
Address                                                          Deputy Clerk
Upper Marlboro, MD 20774

301-883-0800                                  Date   **2/25/2022**
Telephone
如需翻译，请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주세요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                         Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Jane Doe
_____
                                    Demandante
              contra

Rory Pullens                                    Número de Caso: _____
_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Dawn Jackson, Esq.
_____
Nombre del abogado del Demandante                    *SECRETARIO DEL TRIBUNAL*

1300 Caraway Court, Ste. 100
_____         Por: _____
Dirección                                                        Subsecretario
Upper Marlboro, MD  20774
_____

301-883-0800
_____         Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202)879-4828 로 전화주십시오      የትርጉም እርዳታ ለማግኘት (202) 879-4828  ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                        Super. Ct. Civ. R. 4

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Jane Doe
_____
                              Plaintiff

                  vs.

                                                    Case Number    **2022 CA 000814 B**
Mitzi Yates
_____
                              Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Dawn Jackson, Esq.
_____
Name of Plaintiff's Attorney

1300 Caraway Court, Ste. 100                    By _____
Address
Upper Marlboro, MD  20774                                           Deputy Clerk

301-883-0800                                     Date    **2/25/2022**
_____
Telephone
如需翻译, 请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오.          የአማርኛ ትርጉም ለማግኘት (202) 879-4828  ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME_.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Jane Doe
_____
                    Demandante
        contra

Mitzi Yates                                    Número de Caso: _____
_____
                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Dawn Jackson, Esq.                                    *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante

1300 Caraway Court, Ste. 100            Por: _____
_____                              Subsecretario
Dirección
Upper Marlboro, MD 20774

301-883-0800                              Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy goi (202) 879-4828

만약에 번역을 원하시면 (202)879-4828 로 전화주십시오      若需翻译 (202) 879-4828      የአማርኛ ትርጉም ከፈለጉ (202) 879-4828  ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                    Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
Telephone: (202) 879-1133 Website: www.dccourts.gov

Jane Doe
_____
                                    Plaintiff
                vs.

Mark A. Williams                                    Case Number   **2022 CA 000814 B**
_____            _____
                                    Defendant

**SUMMONS**

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either
personally or through an attorney, within twenty one (21) days after service of this summons upon you,
exclusive of the day of service. If you are being sued as an officer or agency of the United States Government
or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your
Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The
attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed
to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue,
N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on
Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on
the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer,
judgment by default may be entered against you for the relief demanded in the complaint.

Dawn Jackson, Esq.
_____
Name of Plaintiff's Attorney

1300 Caraway Court, Ste. 100                By  _____
Address                                                         Deputy Clerk
Upper Marlboro, MD  20774

301-883-0800                               Date   **2/25/2022**
Telephone
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU
ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT
MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE
COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR
REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS
ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME_.

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the
Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500
Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

                        See reverse side for Spanish translation
                        Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                         Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Jane Doe
_____
                    Demandante

            contra

Mark A. Williams                                   Número de Caso: _____
_____
                    Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Dawn Jackson, Esq.                              *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante

1300 Caraway Court, Ste. 100                Por: _____
_____                          Subsecretario
Dirección
Upper Marlboro, MD  20774
_____

301-883-0800                                Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

만일 번역을 원하시면 (202) 879-4828 로 전화주십시오         የአማርኛ ትርጉም አስፈልጎት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                          Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Jane Doe
_____
                          Plaintiff

                vs.

                                          Case Number   **2022 CA 000814 B**
District of Columbia Public School System
_____
                          Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Dawn Jackson, Esq.                                     _Clerk of the Court_
_____
Name of Plaintiff's Attorney                    By _____

1300 Caraway Court, Ste. 100                                        Deputy Clerk
_____
Address
Upper Marlboro, MD 20774

301-883-0800                              Date   **2/25/2022**
_____
Telephone
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오.    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME_.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                          Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

Jane Doe
_____
                              Demandante
        contra

District of Columbia Public School System     Número de Caso: _____
_____
                              Demandado

## CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Dawn Jackson, Esq.                                    *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante

1300 Caraway Court, Ste. 100          Por: _____
_____
Dirección                                                       Subsecretario
Upper Marlboro, MD  20774

301-883-0800                               Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy goi (202) 879-4828

만약에 번역을 원하시면 (202) 879-4828 로 전화를 주십시오.          ያማርኛ ትርጉም ከፈለጉ (202) 879-4828  ይደውሉ

    IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

    Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Jane Doe
_____
                                          Plaintiff
                          vs.

                                                      Case Number   **2022 CA 000814 B**
District of Columbia                                               _____
_____
                                          Defendant

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Dawn Jackson, Esq.
_____                    _Clerk of the Court_
Name of Plaintiff's Attorney

1300 Caraway Court, Ste. 100                    By _____
_____
Address                                                        Deputy Clerk
Upper Marlboro, MD 20774

301-883-0800                                        Date   **2/25/2022**
_____                         _____
Telephone
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오.    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME_.

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                        Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Jane Doe
_____
                                    Demandante
            contra

District of Columbia                            Número de Caso: _____
_____
                                    Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Dawn Jackson, Esq.                                 *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante

1300 Caraway Court, Ste. 100            Por: _____
_____
Dirección                                              Subsecretario
Upper Marlboro, MD  20774
_____

301-883-0800                              Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

만일 번역을 원하시면 (202)879-4828 로 전화주십시요          ከText (202) 879-4828  ይደውሉ

**IMPORTANTE:** SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

JANE DOE
    Vs.                                                      C.A. No.       2022 CA 000814 B
DUKE ELLINGTON SCHOOL OF THE ARTS PROJECT et al

## INITIAL ORDER AND ADDENDUM

**Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby** ORDERED **as follows:**

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

**Chief Judge Anita M. Josey-Herring**

Case Assigned to: Judge ROBERT R RIGSBY
Date:       February 25, 2022
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

10:00 am, Friday, May 27, 2022
Location:  Courtroom 320
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

           CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides, "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

**Civil Remote Hearing Instructions for Participants**

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option1:  (AUDIO ONLY/Dial-in by Phone):**

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

> * *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise.  If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the Audio Alternative

**Option 2: (LAPTOP/ DESKTOP USERS 1):**

> Open Web Browser in Google Chrome and copy and paste following address from the next page:
> https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3: (LAPTOP/ DESKTOP USERS 2):**

> Open Web Browser in Google Chrome and copy and paste following address
> https://dccourts.webex.com   Select **Join**, enter the Meeting ID from the next page

AUDIO ALTERNATIVE**:**  Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window.  Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video.



**Option 4: (Ipad/SMART PHONE/TABLET):**

> * Go to App Store, Download WebEx App (Cisco WebEx Meetings)
> * Sign into the App with your Name and Email Address
> * Select Join Meeting
> * Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
> * Click join and make sure your microphone is muted and your video is unmuted (if you need to be
> * seen). If you only need to speak and do not need to be seen, use the audio only option.
> * When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

**For Technical Questions or issues Call: (202) 879-1928, Option #2**

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).** After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom.  Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | **WebEx Direct URL** | **WebEx Meeting ID** |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

CAIO-60

| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
|---|---|---|---|
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |

CAIO-60