## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, | |
| Plaintiff, | Civil Action No. 1:22-cv-00811-JEB |
| v. | |
| DUKE ELLINGTON SCHOOL OF THE ARTS PROJECT, *et al.*, | |
| Defendants. | |

**DEFENDANT MITZI YATES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Mitzi Yates ("Yates"), by and through her undersigned counsel, hereby respectfully moves this Court to dismiss Plaintiff's Complaint against her in its entirety, with prejudice, on the grounds that Plaintiff has failed to state a claim upon which relief can be granted. The grounds for this Motion are set forth more fully in Yates' Memorandum in Support of her Motion to Dismiss, filed contemporaneously herewith.

Respectfully submitted,

By:   /s/ Anessa Abrams
Anessa Abrams (D.C. Bar No. 448789)
aabrams@fordharrison.com

**FORDHARRISON LLP**
2000 M Street, N.W., Suite 505
Washington, DC  20036
Telephone: (202) 719-2000
Facsimile: (202) 719-2077

*Attorneys for Defendant Mitzi Yates*

WSACTIVELLP:13167531.1

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on this 27th day of June, 2022, I electronically filed the foregoing **DEFENDANT MITZI YATES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Court using the CM/ECF system which will then send electronic notification of the filing to the following:

Dawn Jackson
JACKSON & ASSOCIATES LAW FIRM, LLC
1300 Caraway Court, Suite 100
Largo, Maryland
djackson@jacksonassociateslawfirm.com

Howard Haley
THE HALEY FIRM, PC
7600 Georgia Avenue NW, #416
Washington, DC 20012
haleyfirm@gmail.com
*Attorneys for Plaintiff*

James A. Wiley
Burth G. Lopez
OFFICE OF THE ATTORNEY GENERAL
FOR THE DISTRICT OF COLUMBIA
Civil Litigation Division
400 6th Street NW
Washington, DC 20001
jim.wiley@dc.gov
burth.lopez@dc.gov
*Attorneys for Defendants District of Columbia and*
*District of Columbia Public School System*

Nat P. Calamis
Samantha Lewis
CARR MALONEY P.C.
2020 K Street NW, Suite 850
Washington, DC 20006
nat.calamis@carrmaloney.com
samantha.lewis@carrmaloney.com
*Attorneys for Defendant Duke Ellington*
*School of The Arts Project*

WSACTIVELLP:13167531.1

Anessa Abrams
FORDHARRISON LLP
2000 M Street, N.W., Suite 505
Washington, DC 20036
aabrams@fordharrison.com
*Attorneys for Rory Pullens*

                                        /s/ Anessa Abrams
                                        Anessa Abrams

WSACTIVELLP:13167531.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JANE DOE, | |
| Plaintiff, | Civil Action No. 1:22-cv-00811-JEB |
| v. | |
| DUKE ELLINGTON SCHOOL OF THE ARTS PROJECT, *et al.*, | |
| Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT MITZI YATES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Mitzi Yates ("Yates") has moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an Order dismissing Plaintiff's Complaint against her in its entirety, with prejudice, on the basis that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Defendant Yates submits this Memorandum of Points and Authorities in support of her Motion.

**BRIEF STATEMENT OF FACTS**[1]

Plaintiff alleges that from 2003 to 2005, while a student at Duke Ellington School of the Arts Project ("Duke Ellington"), she was subjected to "sexual harassment, sexual grooming, sexual abuse, and inappropriate contact" by Defendant Mark Williams ("Williams").  Compl. ¶ 75. Plaintiff alleges that Defendant Yates was employed as Principal/Acting Principal for Duke Ellington during an unspecified period of time.  *Id.* ¶ 14.  Plaintiff contends that all staff, teachers and educators at Duke Ellington are mandatory reporters per the student handbook.  *Id.*  Plaintiff asserts that a student's parent reported the existence of an inappropriate relationship between Defendant Williams and Plaintiff to Defendant Yates.  *See id.* ¶¶ 38-40.  On November 15, 2004,

---

[1] For purposes of this Motion to Dismiss only, Defendant Yates accepts as true the factual allegations set forth in Plaintiff's Complaint.

Defendant Yates reported this information to Father Payne of Duke Ellington, and Father Payne filed a complaint with the Metropolitan Police Department the following day. *See id.* ¶ 40. Defendant Yates placed Defendant Williams on Administrative Leave and an investigation was conducted. *See id.* ¶¶ 41-42.

Plaintiff asserts the following causes of action against Defendant Yates: (1) Count I – Violation of Title IX, 20 U.S.C. § 1681 *et seq.*; (2) Count II – Violation of 42 U.S.C. § 1983 ("Section 1983"); (3) Count V – Intentional Infliction of Emotional Distress; (4) Count VI – Negligence; and (5) Count VIII – Gross Negligence. *See* Dkt. No. 1-2.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to seek dismissal of an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the plaintiff must allege in the complaint "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (The court "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint."). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. When "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.* at 570.

## ARGUMENT

**I.  PLAINTIFF'S COMPLAINT AGAINST YATES MUST BE DISMISSED BECAUSE PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.**

A motion to dismiss based on statute of limitations grounds is appropriate where the allegations of the complaint "'clearly demonstrate all the elements of the statute of limitations defense *and* that the plaintiff has no viable response to the defense.'"  *Doe v. Kipp DC Supporting Corp.*, 373 F. Supp. 3d 1, 7 (D.D.C. 2019) (emphasis in original) (quoting *U.S. ex. rel. Landis v. Tailwind Sports Corp.*, 51 F. Supp. 3d 9, 38 (D.D.C. 2014)).  In the District of Columbia, generally "a claim accrues for purposes of the statute of limitations at the time the injury actually occurs."  *Peart v. Latham & Watkins LLP*, 985 F. Supp. 2d 72, 87 (D.D.C. 2013). If the plaintiff is under 18 years of age at the time the cause of action accrues, the statute of limitations begins to run from the time the plaintiff reaches the age of majority.  *See* D.C. Code § 12-302(a).[2]

Plaintiff attended Duke Ellington for high school from 2001-2005.  *See* Compl. ¶¶ 20, 21, 28, 29.  Plaintiff alleges that Defendant Williams, a teacher at Duke Ellington, groomed, sexually harassed, and sexually abused her, and that she was subjected to "discrimination in her education" from 2003-2005.  *See id.* ¶¶ 21-36, 71, 75.  Plaintiff alleges that in November 2004, the existence of an inappropriate relationship between Defendant Williams and Plaintiff was reported to Defendant Yates.  *See id.* ¶¶ 38, 40.  Defendant Yates reported this information to

---

[2] D.C. Code § 12-301(11), which extends the statute of limitations for claims "arising out of sexual abuse," is inapplicable to Plaintiff's claims against Defendant Yates.  Plaintiff's claims against Defendant Yates do not "arise out of" sexual abuse; rather, her claims against Defendant Yates arise out of Defendant Yates' alleged failure to act.  *See Doe v. Howard Univ.*, 2022 WL 898862, at *8-9 (D.D.C. Mar. 28, 2022) (concluding that the extended statute of limitations does not apply to plaintiff's Title IX claim, as claim did not arise out of sexual abuse but, rather, was premised on Howard University's alleged failures to respond to her complaints).

Father Payne of Duke Ellington, who then filed a complaint with the Metropolitan Police Department.  *See id.* ¶ 40.  Defendant Yates placed Defendant Williams on Administrative Leave.  *See id.* ¶ 41.  Plaintiff's claims against Defendant Yates arise out of Plaintiff's assertion that Defendant Yates failed to take any action related to Defendant Williams' conduct towards Plaintiff.  *See* Compl. ¶¶ 76, 91, 136-139, 161-162.  Given that Duke Ellington is a high school program, Plaintiff presumably reached the age of majority in 2005.

A.      **Plaintiff's Title IX Claim Against Defendant Yates (Count I) is Time-Barred**.

"When a federal action contains no statute of limitations, courts will ordinarily look to analogous provisions in state law as a source of a federal limitations period."  *Doe v. Dep't of Justice*, 753 F.2d 1092, 1114 (D.C. Cir. 1985).  Title IX does not "provide for [a] specific statute[] of limitation[]."  *Doe v. Kipp,* 373 F. Supp. 3d at 8.  Accordingly, federal law requires the court to apply "the local statute of limitation for the most-analogous injury."  *Mwabira-Simera v. Howard Univ.*, 692 F. Supp. 2d 65, 71 (D.D.C. 2010).

Courts in the District of Columbia have applied different statutes of limitations to claims under Title IX – either a one-year statute of limitations or a three-year statute of limitations.  *See, e.g., Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 238 (D.D.C. 2007) (stating that Title IX claims have a three-year statute of limitations) (citing *Carney v. American Univ.*, 151 F.3d 1090, 1096 (D.C. Cir. 1998)); *Smith v. Howard Univ.*, 2022 WL 1658848, at *3-4 (D.D.C. May 25, 2022) (Title IX claims have a three-year statute of limitations); *Doe v. Howard Univ.*, 2022 WL 898862, at *6-8 (D.D.C. Mar. 28, 2022) (Title IX claims have a one-year statute of limitations, as such claims are most analogous to claims under the D.C. Human Rights Act).

Regardless of which statute of limitations applies, Plaintiff's Title IX claim is untimely. As set forth above, Plaintiff's allegations occurred between 2003 and 2005, while she was a student at Duke Ellington.  *See also* Compl. ¶¶ 68-71.  Thus, applying a one-year statute of

4

limitations, Plaintiff's claim under Title IX was barred on or before 2006.  Applying a three-year statute of limitations, Plaintiff's Title IX claim was barred on or before 2008.  This result is the same even if the statute of limitations first began to run at the time Plaintiff reached the age of majority.  As Plaintiff filed her Complaint in February 2022, Plaintiff's Title IX claim against Defendant Yates is time-barred and must be dismissed.

**B.  Plaintiff's Claim Against Defendant Yates under Section 1983 (Count II) is Time-Barred**.

Similar to claims under Title IX, Section 1983 does not "provide for [a] specific statute[] of limitation[]."  *Doe v. Kipp.* 373 F. Supp. 3d at 8.  This court has found that the appropriate statute of limitations for Section 1983 claims is "that which the State provides for personal-injury torts."  *Morris v. Carter Global Lee, Inc.,* 997 F. Supp. 2d 27, 35 (D.D.C. 2013).  In the District of Columbia, personal injury torts have a three-year statute of limitations.  *Richards*, 480 F. Supp. 2d at 238.  A Section 1983 claim accrues when the alleged wrongful conduct occurs.  *See Munoz v. Bd. of Trs. of Univ. of Dist. of Columbia*, 427 F. App'x 1, 4 (D.C. Cir. 2011) (per curiam).

As stated above, Plaintiff alleges that she was subjected to unlawful discrimination in her education between 2003 and 2005.  *See* Compl. ¶¶ 71, 75.  She further alleges that by at least November 15, 2004, "Defendants District of Columbia, DCPS, Duke Ellington and Yates (and subsequently Pullens)" had knowledge of Defendant Williams' alleged conduct towards her.  *See id.* ¶¶ 68-70.  Plaintiff's claims against Defendant Yates are based on an alleged failure to act as it relates to Defendant Williams' conduct towards Plaintiff.  *See* Compl. ¶¶ 88, 91.  As Plaintiff ceased being a student at Duke Ellington in 2005, Plaintiff's Section 1983 claim against Defendant Yates accrued by the latest 2008 – approximately 13-14 years before Plaintiff filed the

instant lawsuit.  Thus, Plaintiff's Section 1983 claim against Defendant Yates is barred by the statute of limitations and must be dismissed.

### C.   Plaintiff's Claim for Intentional Infliction of Emotional Distress Against Defendant Yates (Count V) is Time-Barred.

Claims for intentional infliction of emotional distress ("IIED") are generally subject to a three-year statute of limitations.  *See Hamilton v. Dist. of Columbia*, 852 F. Supp. 2d 139, 152 (D.D.C. 2012) (citing *Saunders v. Nemati*, 580 A.2d 660, 665 (D.C. 1990) (confirming "an independent action for [IIED], not intertwined with any of the causes of action for which a period of limitation is specifically provided in the other provisions of [D.C. Code §] 12-301, is governed by the general residuary three-year limitation of [D.C. Code §] 12-301(8)")); *see also Willis v. Gray*, 2020 WL 805659, at *11 (D.D.C. Feb. 18, 2020) ("[A] claim of [IIED] is subject to the District's three-year residual limitation period[.]").  Where a plaintiff's IIED claim, however, is intertwined with underlying facts alleging a claim for assault and battery, the statute of limitations is one year.  *See White v. Washington Intern Student Housing*, 2019 WL 1858298, at *6 (D.D.C. Apr. 25, 2019).

All of Plaintiff's claims are premised on Defendant Williams' "sexual harassment, sexual grooming, sexual abuse, and inappropriate contact" towards Plaintiff between 2003 and 2005. Compl. ¶ 75.  Regardless of the statute of limitations applied, Plaintiff's claim is time-barred. Applying a one-year statute of limitations, Plaintiff's claim accrued on or before 2006.  Applying a three-year statute of limitations, Plaintiff's claim accrued on or before 2008.  Either way, the instant lawsuit was filed significantly beyond the statute of limitations, and Plaintiff's IIED claim against Defendant Yates must be dismissed.

D.     **Plaintiff's Claims for Negligence (Counts VI) and Gross Negligence (Count VIII) Against Yates are Time-Barred.**

In Counts VI and VIII of Plaintiff's Complaint, respectively, Plaintiff asserts a claim for negligence and gross negligence against Defendant Yates.  Negligence claims are subject to a three-year statute of limitation. *See Doe,* 373 F. Supp. 3d at 12 (citing D.C. Code § 12-301(8)).  As set forth above, Plaintiff contends that the allegations which form the basis of her Complaint occurred between 2003 and 2005, while she was a high school student attending Duke Ellington.  Accordingly, Plaintiff's negligence and gross negligence claims accrued on or before 2008 – long before Plaintiff filed her lawsuit in February 2022.  Thus, Counts VI and VIII against Defendant Yates are time-barred and must be dismissed.

IV.    **PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM**

A.     **Count I of Plaintiff's Complaint Must Be Dismissed Because There is No Individual Liability under Title IX.**

Plaintiff alleges that by "at least November 15, 2004, Defendants District of Columbia, DCPS, Duke Ellington and Yates (and subsequently Pullens) possessed actual knowledge" concerning Defendant Williams' conduct and his "high potential to sexually abuse female students," and that "Defendants District of Columbia, DCPS, Duke Ellington and Yates (and subsequently Pullens) failed to take appropriate corrective action...."  Compl. ¶¶ 68-70, 76.

Federal courts agree that there is no individual liability under Title IX.  *See Davis Next Friend LaShonda D. v. Monroe County Bd. of Educ.*, 526 U.S. 629, 636 (1999) (dismissing claims against individual defendants "on the ground that only federally funded educational institutions are subject to liability in private causes of action under Title IX."); *Mwabira-Simera*, 692 F. Supp. 2d at 70  ("[i]ndividuals are not proper defendants under Title IX"); *Campbell v. Dundee Community Schs.*, 661 F. App'x 884, 888 (6th Cir. 2016) ("Title IX does not permit

7

individual liability against school officials for sexual harassment as only recipients of federal

funds can be held liable under Title IX"); *Bose v. Bea*, 947 F.3d 983, 990 (6th Cir. 2020), *cert.*

*denied,* 141 S. Ct. 1051 (2021) ("Title IX imposed liability only for a funding recipient's 'own

official decision[s]' and not 'for its employees' independent actions.'"); *Miotto v. Yonkers Public*

*Schs.,* 534 F. Supp. 2d 422, 426-27 (S.D.N.Y. 2008) (agreeing with federal courts that there is no

individual liability under Title IX); *Smith v. Metro. Sch. Dist. Perry Township,* 128 F.3d 1014,

1018-19 (7th Cir. 1997), *cert. denied,* 524 U.S. 951 (1998) (concluding that Title IX liability

extends to the institution, and cannot be established against the supervisory official "either

individually or officially").  Since Title IX does not provide for individual liability, Plaintiff has

failed to state a claim upon which relief may be granted as to Defendant Yates and Count I of

Plaintiff's Complaint must be dismissed.

> **B.    Count II of Plaintiff's Complaint Must Be Dismissed Because Defendant Yates is not a State Actor for Purposes of Section 1983.**

Section 1983 provides a cause of action against state actors who violate an individual's

rights under federal law. 42 U.S.C. § 1983. "Anyone whose conduct is 'fairly attributable to the

State' can be sued as a state actor under § 1983."  *Filarsky v. Delia*, 566 U.S. 377, 383 (2012).

"A person may be considered a state actor for purposes of section 1983 if he is a willful

participant in joint activity with the State or its agents, if there is such a close nexus between the

State and the challenged action that seemingly private behavior may be fairly treated as that of

the State itself, or where there is a transfer of State authority."  *Edwards v. Okie Dokie*, *Inc.*, 473

F. Supp. 2d 31, 40-41 (D.D.C. 2007) (internal citations omitted); *see also Brown v. Hill*, 174 F.

Supp. 3d 66, 72 (D.D.C. 2016) ("a private party may act under color of state or District of

Columbia law if it is 'a willful participant in joint activity with the State or its agents'") (citations

omitted).  Included in this inquiry is whether any actions by a defendant are "attributable to the District of Columbia itself."  *Id.* at 74.

Defendant Yates was an employee of Duke Ellington, not the District of Columbia, which Plaintiff concedes.  *See* Compl. ¶ 116 ("While Duke Ellington actually employed Defendants Williams, Pullens and Yates . . .").  Duke Ellington is a private corporate entity, governed by a board of directors.  *See* Compl. ¶ 5; *see also* Defendant Duke Ellington's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) at 13 (Dkt No. 15) ("Duke Ellington Mot.").  While Duke Ellington is funded in part by management fees paid by the District of Columbia, Duke Ellington is also reliant on private funding.  Duke Ellington Mot. at 5.  Thus, Duke Ellington is a separate legal entity from the District of Columbia, and accordingly, not a state actor.  *Id.*  Extensive regulation and government funding do not *per se* establish state action.  *Karaahmetoglu v. Res-Care*, 480 F. Supp. 2d 183, 188 (D.D.C. 2007).

As an employee of a non-governmental entity, the alleged actions (or inaction) of Defendant Yates are not subject to Section 1983 liability, as her alleged conduct is not "attributable to the District of Columbia itself."  *Brown*, 174 F. Supp. 3d at 74.  Thus, Plaintiff cannot state a cause of action under Section 1983 against Defendant Yates as Defendant Yates is not a state actor.  Accordingly, Count II against Defendant Yates must be dismissed.

## C.     Count II of Plaintiff's Complaint Must also Be Dismissed Because Defendant Yates Did Not Have Individual Involvement, as Required by Section 1983.

Even assuming *arguendo* for purposes of this motion only that Defendant Yates was a state actor (which Defendant Yates denies), Plaintiff's Complaint fails to allege any specific unconstitutional or improper involvement in the underlying claim by Defendant Yates.  Section 1983 "does not impose liability absent individual involvement in the allegedly illegal conduct."  *Wells v. Hense*, 235 F. Supp. 3d 1, 13 (D.D.C. 2017) (citing *Jones v. Horne*, 634 F.3d 588, 602

(D.C. Cir. 2011); *Jordan v. Dist. of Columbia*, 949 F. Supp. 2d 83, 86–87 (D.D.C. 2013).  An

individual may only be sued in their individual capacity, "if they are directly responsible for the

alleged violations."  *Banks v. York*, 515 F. Supp. 2d 89, 101 (D.D.C. 2007) (quoting *Caldwell v.

Hammonds*, 53 F. Supp. 2d 1, 9 (D.D.C. 1999)).  "Only those who cause a violation of a right

secured by the Constitution are liable." *Hampton v. Comey*, 139 F. Supp. 3d 1, 4 (D.D.C. 2015)

(quoting *Elkins v. Dist. of Columbia,* 690 F. 3d 554, 564 (D.C. Cir. 2012)).

Plaintiff alleges in conclusory fashion that Defendant Yates failed to take appropriate

action to remove Plaintiff from immediate danger and forced her to remain in a cone of danger

with Defendant Williams.  *See* Compl. ¶ 85.  However, Plaintiff does not allege specific

involvement by Defendant Yates which allegedly forced Plaintiff to remain in a cone of danger.

While Plaintiff alleges that Defendant Yates "knew or reasonably should have known (based on

the allegations they had received)" of Defendant Williams' dangerous propensities and that

Defendant Yates turned a "blind eye to allegations of sexual harassment, sexual grooming, and

sexual abuse," *see* Compl. ¶¶ 88-91, at no point does Plaintiff allege that Defendant Yates caused

the alleged harm to Plaintiff.  Plaintiff's allegation that Defendant Yates was aware of Defendant

Williams' misconduct and propensities is incongruent with the factual allegations outlined in the

Complaint.  Plaintiff acknowledges that Defendant Yates reported information she received from

a third-party about an alleged relationship between Plaintiff and Defendant Williams to Father

Payne and that Father Payne reported the allegation to the police.  Plaintiff further admits that

Defendant Yates placed Defendant Williams on administrative leave.  Compl. ¶¶ 38, 40-41.

Plaintiff does not allege that Defendant Yates was privy to ongoing misconduct by Defendant

Williams, or that she played a "personal role in the allegedly unconstitutional acts" by Defendant

Williams.  *See Wells*, 235 F. Supp. 3d. at 13.

To the extent Plaintiff attempts to hold Defendant Yates liable as a school official for alleged unconstitutional actions, such a theory lacks merit.  D.C. Courts have consistently held that officials may not be held liable under a theory of *respondeat superior*.  *See Hampton*, 139 F. Supp. 3d at 5 ("'A supervisor who merely fails to detect and prevent a subordinate's misconduct, therefore, cannot be liable for that misconduct.' …  Rather, the supervisor 'must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.'") (internal citations omitted).  As set forth above, Plaintiff admits that Defendant Yates did not facilitate, condone, approve, or "turn a blind eye" to Defendant Williams' alleged conduct, as Defendant Yates reported the alleged relationship between Plaintiff and Defendant Williams and placed Defendant Williams on administrative leave.  Absent allegations outlining Defendant Yates' personal involvement, in a manner which directly caused the complained constitutional violations, Plaintiff cannot state a claim under Section 1983.  Accordingly, Plaintiff's Section 1983 claim against Defendant Yates must be dismissed.

> **D.**      **Count V of Plaintiff's Complaint Against Yates Must Be Dismissed, as Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress.**

To sustain an intentional infliction of emotional distress ("IIED") claim under District of Columbia law, a plaintiff must allege: "(1) extreme and outrageous conduct on the part of the defendant which (2) either intentionally or recklessly (3) cause[d] the plaintiff severe emotional distress."  *Halcomb v. Woods*, 610 F. Supp. 2d 77, 80 (D.D.C. 2009); *Purcell v. Thomas*, 928 A.2d 699, 711 (D.C. 2007), *cert. denied,* 555 U.S. 819 (2008).  Conduct is "extreme and outrageous" where it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Kerrigan v. Britches of Georgetowne, Inc.*, 705 A.2d 624, 628 (D.C. 1997)

(quoting Restatement (Second) of Torts § 46 cmt. d (1965)).  Courts have noted that "[t]his 'very

demanding standard' is 'only infrequently met.'"  *Holloway v. Howard Univ.*, 206 F. Supp. 3d

446, 453 (D.D.C. 2016) (quoting *Dale v. Thomason*, 962 F. Supp. 181, 184 (D.D.C. 1997)).

Plaintiff's allegations fail to satisfy this exacting standard.

Plaintiff's Complaint establishes that Defendant Yates performed her duty to report.

Plaintiff alleges that a student's parent informed Defendant Yates of an alleged relationship

between Plaintiff and Defendant Williams.  Per the allegations of the Complaint, Defendant

Yates reported the alleged relationship to Father Payne, who immediately informed the D.C.

police.  *See* Compl. ¶¶ 38, 40.  Defendant Yates also placed Defendant Williams on

administrative leave, and an investigation ensued.  *Id.* ¶¶ 41-42.  Thus, as a result of Defendant

Yates' reporting, a complaint was filed with D.C. Police, action was taken against Defendant

Williams and the allegation was investigated.  Given Defendant Yates' actions, Plaintiff simply

cannot establish that Defendant Yates acted in a manner so extreme and outrageous as to go

beyond all possible bounds of decency to be regarded as atrocious and utterly intolerable.  Even

if Defendant Yates had failed to act, which is not the case, courts have held that IIED does not

place liability on a party based on an allegation of a failure to act.  *See e.g., Paavola v. United*

*States*, 459 F. Supp. 3d 21, 42 (D.D.C. 2020) (concluding that failure to "protect the public by

correcting errors and mistakes" and failure to "timely notify the appropriate authorities" of

individual's conduct, escape, or absconded status did not constitute conduct so outrageous or

extreme as to make out a claim for IIED).  Quite simply, Plaintiff's Complaint is devoid of any

factual allegations that Defendant Yates engaged in extreme or outrageous conduct, either

intentionally or recklessly.  Thus, Plaintiff has failed to state a claim for intentional infliction of

emotional distress against Defendant Yates and Count V of the Plaintiff's Complaint must be dismissed.

### E.   Count VI of Plaintiff's Complaint Must Be Dismissed, as Plaintiff Fails to State a Claim for Negligence.

To state a claim for negligence, a plaintiff must allege: "(1) the existence of a duty owed by the defendant to the plaintiff, (2) a negligent breach of that duty by the defendant, and (3) an injury to the plaintiff (4) proximately caused by the defendant's breach." *Powell v. Dist. of Columbia*, 602 A.2d 1123, 1133 (D.C. 1992). Plaintiff "must specify a negligent act and characterize the duty whose breach might have resulted in negligence liability." *Simms v. Dist. of Columbia*, 699 F. Supp. 2d 217, 227 (D.D.C. 2010) (citing *Wash. Metro. Area Transit Auth. v. Ferguson*, 977 A.2d 375, 377 (D.C. 2009)). "[A] complaint alleging negligence may not rest on mere 'conclusory assertions' as to the existence of any element of the claim, including duty." *Id.* (citing *Dist. of Columbia v. White*, 442 A.2d 159, 162 (D.C. 1982)). As such, the "plaintiff must allege facts which show that the defendant breached some legally imposed duty owed to the plaintiff." *Id.* Plaintiff has failed to satisfy this standard.

The allegations set forth in Count VI are asserted against DCPS and Duke Ellington. *See* Compl. ¶¶ 142-148. The only allegation in Count VI which references Defendant Yates provides: "[a]s a direct, foreseeable and proximate result of the negligence of Defendants Duke Ellington, DCPS, Yates, and Pullens, Plaintiff Jane Doe has sustained serious injuries …." Compl. ¶ 149. This is nothing more than a legal conclusion. Nowhere in Count VI has Plaintiff alleged that Defendant Yates owed her any duty. *Cf.* Compl. ¶¶ 142-146 (setting forth alleged duty owed by DCPS and Duke Ellington). Moreover, Plaintiff has not alleged that Defendant Yates breached an alleged duty that she allegedly owed to Plaintiff. *See* Compl. ¶ 147 (alleging breach of duty by DCPS and Duke Ellington). Indeed, Plaintiff's Complaint merely packages

the allegations asserted against other defendants and concludes, without factual support, that Defendant Yates caused injury to Plaintiff.  Without any allegation of a duty owed by Defendant Yates, which Defendant Yates allegedly breached, Plaintiff has failed to state a claim for negligence against Defendant Yates.  *See e.g., Sanders v. Wright*, 642 A.2d 847, 850 (D.C. 1994) (The plaintiff must prove that the allegedly negligent conduct "played a substantial part in bringing about the injur[y]… [and the injury] was either a direct result or a reasonably probable consequence of the [conduct].").

Assuming *arguendo* for purposes of this motion only that Plaintiff sufficiently plead a cause of action for negligence against Defendant Yates (which Defendant Yates denies), the allegations of Plaintiff's Complaint demonstrate that Plaintiff cannot establish that Defendant Yates is liable for negligence.  While Plaintiff alleges that all Duke Ellington staff and teachers are mandatory reporters, by Plaintiff's own admission, Defendant Yates satisfied this obligation. Defendant Yates reported the alleged relationship between Plaintiff and Defendant Williams to Father Payne, who filed a police report the following day.  Defendant Yates placed Defendant Williams on administrative leave, and an investigation was conducted.  *Id.* ¶¶ 38, 40-42.  Thus, Defendant Yates did not breach any alleged duty owed to Plaintiff, did not act negligently, and did not proximately cause any alleged injury to Plaintiff.  To the contrary, Plaintiff admits that she denied the alleged relationship when questioned.  *See* Compl. ¶ 42.

Moreover, Plaintiff cannot rely upon an alleged violation of Title IX by Defendant Yates in support of her negligence claim, as "the Supreme Court has repeatedly declined to 'impose Title IX liability under what amount[s] to a negligence standard." *Raihan v. George Washington University*, 324 F. Supp. 3d 102, 110 (D.D.C. 2018) (citing *Davis*, 526 U.S. at 642).

Accordingly, Count VI of Plaintiff's Complaint against Defendant Yates must be dismissed.

### F.    Count VIII of Plaintiff's Complaint Must Be Dismissed, as the District of Columbia Does Not Recognize a Cause of Action for Gross Negligence.

As a general rule, the District of Columbia does not recognize degrees of negligence. *Warner v. Capital Transit Co.*, 162 F. Supp. 253, 256 (D.D.C. 1958); *Hernandez v. Dist. of Columbia*, 845 F. Supp. 2d 112, 115-116 (D.D.C. 2012).  A gross negligence claim is available "only in limited circumstances where gross negligence is a specific element of a claim or defense . . . or for equitable reasons." *Hernandez*, 845 F. Supp. 2d at 116 (citations omitted).  "[W]here there is a statute that precludes liability for ordinary negligence, courts have defined gross negligence as 'such an extreme deviation from the ordinary standard of care as to support a finding of wanton, willful and reckless disregard or conscious indifference for the rights and safety of others.'" *Wells v. Hense*, 235 F. Supp. 3d at 13; *accord Roe v. Doe*, 401 F. Supp. 3d 159, 169 (D.D.C. 2019).  D.C. courts have only distinguished gross negligence as a standalone cause of action when an "[applicable] statute *required* such a distinction, not because the tort of gross negligence is itself a separate basis of liability under District of Columbia law." *Hernandez,* 845 F. Supp. 2d at 116 (emphasis in original).

Plaintiff's Complaint is devoid of any allegations that the statutes upon which she relies in support of Count VIII require "gross negligence." *See* Compl. ¶¶ 156-164.  In Count VIII, Plaintiff asserts that D.C. Code Ann. § 4-1321.02 and D.C. Official Code § 22-3020.51(4) create a duty which if violated constitute gross negligence.  *Id.* at ¶¶ 158-59.  However, neither statute requires gross negligence as a specific element of a claim or defense nor for equitable reasons.  Similarly, Plaintiff has not alleged that Title IX or the School Safety Omnibus Amendment Act of 2018 (which Plaintiff alleges was enacted in 2019 and effective for School Year 2020, when

15

Plaintiff was no longer at Duke Ellington) requires "gross negligence."  *See* Compl. ¶¶ 159-160.

Indeed, "the Supreme Court has repeatedly declined to 'impose Title IX liability under what

amount[s] to a negligence standard."  *Raihan,* 324 F. Supp. 3d at 110 (citing *Davis*, 526 U.S. at

642).

Accordingly, Count VIII must be dismissed.  *See e.g., Roe v. Doe*, 401 F. Supp. 3d at

168-69 (declining to apply a gross negligence standard to a defendant because no applicable

statute specifically necessitated the standard);  *Bradley v. Nat'l Collegiate Athletic Assoc.*, 249 F.

Supp. 3d 149, 169, 186 (D.D.C. 2017) (dismissing plaintiff's gross negligence claim as

duplicative and because it lacked reference to any statutory claim or defense requiring gross

negligence); *Search v. Uber Technologies, Inc.*, 128 F. Supp. 3d 222, 237 (D.D.C. 2015)

(dismissing plaintiff's gross negligence claim because plaintiff "does not identify any relevant

statutory claim or defense requiring a showing of gross negligence … Plaintiff thus cannot look

to D.C. law for a separate cause of action for gross negligence.").

## **CONCLUSION**

For the reasons set forth above, Defendant Mitzi Yates respectfully requests that the

Court grant her Motion to Dismiss and dismiss Plaintiff's Complaint against her in its entirety,

with prejudice.

Respectfully submitted,


By:   /s/ Anessa Abrams
Anessa Abrams (D.C. Bar No. 448789)
aabrams@fordharrison.com

**FORDHARRISON LLP**
2000 M Street, N.W., Suite 505
Washington, DC  20036
Telephone: (202) 719-2000
Facsimile: (202) 719-2077

*Attorneys for Defendant Mitzi Yates*

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 27th day of June, 2022, I electronically filed the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MITZI YATES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Court using the CM/ECF system which will then send electronic notification of the filing to the following:

Dawn Jackson
JACKSON & ASSOCIATES LAW FIRM, LLC
1300 Caraway Court, Suite 100
Largo, Maryland
djackson@jacksonassociateslawfirm.com

Howard Haley
THE HALEY FIRM, PC
7600 Georgia Avenue NW, #416
Washington, DC 20012
haleyfirm@gmail.com
*Attorneys for Plaintiff*

James A. Wiley
Burth G. Lopez
OFFICE OF THE ATTORNEY GENERAL
FOR THE DISTRICT OF COLUMBIA
Civil Litigation Division
400 6th Street NW
Washington, DC 20001
jim.wiley@dc.gov
burth.lopez@dc.gov
*Attorneys for Defendants District of Columbia and*
*District of Columbia Public School System*

Nat P. Calamis
Samantha Lewis
CARR MALONEY P.C.
2020 K Street NW, Suite 850
Washington, DC 20006
nat.calamis@carrmaloney.com
samantha.lewis@carrmaloney.com
*Attorneys for Defendant Duke Ellington*
*School of The Arts Project*

18

Anessa Abrams
FORDHARRISON LLP
2000 M Street, N.W., Suite 505
Washington, DC  20036
aabrams@fordharrison.com
*Attorneys for Defendant Rory Pullens*

   /s/ Anessa Abrams     
Anessa Abrams

WSACTIVELLP:13189397.1