UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>  Plaintiff,<br><br>  v.<br><br>DUKE ELLINGTON SCHOOL OF THE ARTS PROJECT, *et al.*,<br><br>  Defendants. | Civil Action No. 22-811 (JEB) |

## MEMORANDUM OPINION

  The Duke Ellington School of the Arts has a storied past as an incubator of artistic talent here in Washington. The events detailed in this lawsuit are not its proudest chapter. Plaintiff Jane Doe alleges that she was sexually abused by her Ellington teacher, Defendant Mark Williams, during several of her high-school years in the early 2000s. She asserts that the D.C. public-school system, Ellington, and its principals failed to prevent this abuse. Nearly two decades later, she filed this action, bringing federal and state-law claims against Williams, Ellington, District of Columbia Public Schools, the District itself, Rory Pullens, and Mitzi Yates. Defendants now separately move to dismiss, contending, among other things, that Plaintiff filed her claims outside the relevant statutes of limitations. Agreeing that Doe is too late, the Court will grant the Motions.

**I. Background**

  Taking the facts in the Complaint as true, as it must at this stage, the Court provides here only a brief overview of Plaintiff's allegations, expanding as necessary in the analysis that follows.

1

The origins of this case lie in Plaintiff's experience at Ellington, which is a public secondary school within the D.C. system; its board includes, among others, DCPS. See ECF No. 1-2 at 1–37 (Compl.), ¶¶ 5–6. Defendant Mark Williams was Ellington's Literary Media Arts Department chair. Id., ¶ 20. Plaintiff, whom the Court has permitted to proceed pseudonymously, sought admission to that department in the spring of 2003 — before her junior year. Id., ¶ 21. Williams accepted her and suggested that she participate in private sessions with him over the summer. Id., ¶¶ 23–24. The Court will spare the reader the lurid details of what followed, but it suffices to say that the relationship led to sexual abuse. Id., ¶¶ 24–36. Williams subjected Plaintiff to continued abuse through the end of her high-school career in 2005. Id., ¶¶ 63, 71. Although school administrators were alerted to the relationship in 2004 and placed Williams on temporary administrative leave, they did not terminate his employment or remove Doe from his classroom. Id., ¶¶ 40–41, 53.

Plaintiff filed this lawsuit on February 17, 2022, against Williams, Ellington, DCPS, the District, Pullens, and Yates. See ECF No. 1-2 at ECF pp. 60–61 (Superior Court Case Information Sheet). She brings eight claims: (1) sex discrimination under Title IX against all Defendants; (2) deprivation of liberty interests and equal protection under § 1983 against Pullens and Yates; (3) deprivation of liberty interests and equal protection under § 1983 against Ellington; (4) negligent hiring, training, supervision, and retention against DCPS and Ellington; (5) intentional infliction of emotional distress against all Defendants; (6) negligence against all Defendants; (7) civil assault and battery against Williams; and (8) gross negligence against the "principals" — Pullens and Yates. See Compl., ¶¶ 66–164.

Plaintiff never filed proof of service as to Williams, and the Court consequently dismissed the case against him without prejudice. See Minute Order of July 22, 2022. In

addition, Doe has stipulated to the dismissal of Pullens.  See ECF No. 34 (Stipulation of Dismissal); Minute Order of July 25, 2022 (dismissing claims against Pullens with prejudice). The remaining Defendants now move to dismiss all counts against them.  See ECF Nos. 12 (DC/DCPS MTD); 15 (Ellington MTD); 28 (Yates MTD).

**II.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted."  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

In evaluating a defendant's motion to dismiss, the court must "treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'"  Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (citation omitted) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)).  The court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the complaint.  Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

"A party may raise a statute of limitations argument in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) 'when the facts that give rise to the defense are clear from the face of the [document].'"  Lloyd v. Ingenuity Prep Public Charter School, 368 F. Supp. 3d 25, 26–27 (D.D.C. 2019) (quoting Smith-Haynie v. District of Columbia, 155 F.3d 575, 578 (D.C.

Cir. 1998)).

**III.     Analysis**

Defendants offer a litany of reasons entitling them to dismissal of Plaintiff's Complaint, but they all have one in common: each argues that this suit is time barred. See ECF No. 31-2 (DC/DCPS Supplemental Argument) at 2–4; Ellington MTD at 4–9; Yates MTD at 3–7. The Court begins and ends there.

There is no dispute here that Plaintiff's claims are subject to one- and three-year statutes of limitations under D.C. law. See Doe v. Howard University, No. 20-1769, 2022 WL 898862, at *8 (D.D.C. Mar. 28, 2022) (noting lack of binding authority but applying one-year SOL to Title IX claims); ECF No. 26 (Pl. Opp. to Ellington MTD) at 14 (agreeing on one-year SOL for Title IX claims); Earle v. District of Columbia, 707 F.3d 299, 305 (D.C. Cir. 2012) (applying three-year SOL for § 1983 claims); Howard University, 2022 WL 898862, at *8 (applying three-year SOL to common-law tort claims). Those statutes of limitation typically begin to run "at the time the injury actually occurs" — in this case, between 2003 and 2005. Colbert v. Georgetown University, 641 A.2d 469, 472 (D.C. 1994) (*en banc*); see Compl., ¶¶ 21, 71. Because Doe was a minor at that time, however, the statutes of limitations here did not begin to run until she reached the age of maturity in 2006. See D.C. Code § 12-302(a)(1); see also Osuchukwu v. Gallaudet University, 296 F. Supp. 2d 1, 2 (D.D.C. 2002); Pl. Opp. to Ellington MTD at 5 (indicating Plaintiff was 16 in 2004). Her claims thus became untimely in 2009 at the latest, and, of course, this suit was not filed until this year. At first blush, then, Plaintiff appears out of luck.

Not to worry, she says: there are two potential routes to redemption. First, Doe contends that the statutes of limitations on her claims did not start to run when the underlying conduct occurred or even when she turned 18. See Pl. Opp. to Ellington MTD at 13–14. Rather, she

4

presses, they began running only when she <u>discovered</u> that the underlying conduct was wrongful, which she asserts was just last year. <u>Id.</u> In other words, she argues that D.C.'s "discovery rule" should toll the statutes of limitations on her claims for a full fifteen years. <u>Cf.</u> <u>Doe v. Kipp DC Supporting Corp.</u>, 373 F. Supp. 3d 1, 8 (D.D.C. 2019) (Title IX and § 1983 claims also subject to D.C. tolling rules). Under that rule, which applies "[w]here the relationship between the fact of injury and the alleged tortious conduct may be obscure," <u>Colbert</u>, 641 A.2d at 472, "a claim 'does not accrue until the plaintiff, exercising due diligence, has discovered or reasonably should have discovered all of the essential elements of her possible cause of action.'" <u>Kipp DC</u>, 373 F. Supp. 3d at 9 (quoting <u>Farris v. Compton</u>, 652 A.2d 49, 54 (D.C. 1994)). If that rule applies here, Plaintiff's claims did not accrue until late 2021, and so her suit is timely. <u>See</u> Pl. Opp. to Ellington MTD at 13–14 (asserting discovery of wrongfulness in fall 2021).

Judge Rudolph Contreras of this district confronted a nearly identical argument a few years ago in <u>Kipp DC</u>. In that case, the plaintiff sought application of the discovery rule to toll the statute of limitations because she did not realize her relationship with a teacher at her middle and high school was abusive until six years after it ended. <u>See</u> 373 F. Supp. 3d at 9. Drawing from D.C. caselaw and the legislative history of a then-recent amendment to the D.C. statute of limitations for claims relating to sexual abuse of a minor, Judge Contreras declined to apply the discovery rule. <u>Id.</u> at 11. The rule, he found, is reserved for cases in which the plaintiffs were unaware of not only the wrongfulness of the conduct, but also the conduct itself — as when a childhood memory of abuse has been fully repressed. <u>Id.</u> at 9–10 (discussing <u>Farris</u>, 652 A.2d at 55, 63–64, and Committee on Public Safety and the Judiciary, Report on Bill 17-55, the "IntraFamily Offenses Act of 2008" at 5 (D.C. 2008),

http://lims.dccouncil.us/Download/18480/B17-0055-CommitteeReport1.pdf).  The discovery rule thus offered that plaintiff no help.

Like Judge Contreras, this Court concludes that Plaintiff's discovery-rule argument finds no purchase.  Although she alleges that she was unaware of the wrongfulness of the conduct underlying her claims, Doe mounts no argument (nor could she) that she was unaware of the conduct itself.  See Pl. Opp. to Ellington MTD at 13–16.  That is insufficient to obtain the protection of the discovery rule.  See Farris, 652 A.2d at 63 n.24 (collecting cases declining to apply discovery rule when plaintiffs were aware of fact of sexual abuse); see also C.B. Harris & Co., Inc. v. Wells Fargo & Co., 113 F. Supp. 3d 166, 171–72 (D.D.C. 2015) (declining to apply D.C. discovery rule where injury "is by nature apparent at the time of the alleged wrongful [conduct], and the relationship between the injury and . . . [conduct] is not obscure"); Cevenini v. Archbishop of Washington, 707 A.2d 768, 771–73 (D.C. 1998) (declining to apply discovery rule where plaintiff was "not actually aware of each essential element of his cause of action" but was aware of  "(1) an injury, (2) its cause, and (3) some evidence of wrongdoing").

In addition, although Doe now maintains that she did not know of potential causes of action at the time, the Complaint contains several allegations that raise questions about whether that ignorance was reasonable.  She alleges, for example, that in 2004 a police report was filed and that Williams was placed on administrative leave as a result of school administrators' learning of his conduct towards Plaintiff.  See Compl., ¶¶ 40–41.  Those are plainly red flags that even a high schooler could understand meant something untoward was afoot.  The Court, accordingly, declines to toll the statutes of limitations on Plaintiff's claims until the date she alleges that she discovered the wrongfulness of Defendants' actions.  Her first argument thus provides no escape from the statutory time bar.

It is not over yet for Plaintiff, however. D.C. law was recently amended to extend the statute of limitations for claims "arising out of sexual abuse that occurred while the victim was under 35 years of age." D.C. Code. § 12-301(11). For those claims, the window for bringing suit closes on "the date the victim attains the age of 40 years, or 5 years from when the victim knew, or reasonably should have known, of any act constituting sexual abuse, whichever is later." Id. If that provision applies, Plaintiff's suit is timely, since she is currently in her mid-30s. See Compl., ¶ 71 (indicating Plaintiff finished high school in 2005).

The parties spill much ink over whether claims against people or entities who did not themselves perpetrate the abuse "aris[e] out of sexual abuse," and each side finds some support in this district's caselaw. Compare Howard University, 2022 WL 898862, at *8–9 (holding that Title IX claims against university did not arise out of sexual abuse to which it allegedly failed to respond), with Kipp DC, 373 F. Supp. 3d at 11 n.5 (noting without deciding that "the plain language of § 12-301(11) strongly suggests that the statutory provision applies to" all claims, including those against a school, based on sexual abuse of student). The Court need not wade into this debate, however, because — though no party mentions it — another provision of D.C. law dictates whether the sexual-abuse extension applies.

That provision is found in the Sexual Abuse Statute of Limitations Amendment Act of 2018, which, as relevant here, amended the statute of limitations for actions "arising out of sexual abuse." Sexual Abuse Statute of Limitations Amendment Act of 2018, D.C. Law 22-311, 66 D.C. Reg. 1398 (Feb. 1, 2019). Prior to that amendment, § 12-301(11) extended the statute of limitations for sex-abuse claims to the later of three years from when the plaintiff knew or should have known of the abuse or seven years from when the plaintiff turned 18. See D.C. Code § 12-301(11) (2017). As just described above, the 2018 amendment extended that time period to the

later of five years from when the abuse was discovered or the plaintiff's 40th birthday. See D.C. Code § 12-301(11) (2021). To guide implementation of this amendment, the Act also contained an applicability section. See D.C. Law 22-311 § 5(a)(1)–(2). That section provides, in relevant part, that "a claim for the recovery of damages that would be time-barred under . . . § 12-301 before the effective date of this act, but that would not be time-barred under the [amended statute], is revived and, in that case, a cause of action may be commenced within 2 years after the effective date of this act." Id. § 5(a)(2) (emphasis added). The Act took effect on May 3, 2019. See D.C. Reg. 5806 (May 10, 2019). What this means is that a claim that would have been time barred under the pre-2019 version of § 12-301(11) is entitled to the post-2019 version's statute-of-limitations extension only if it was filed by May 3, 2021. See Perez v. Kipp DC Supporting Corp., No. 21-929, 2022 WL 474143, at *6 (D.D.C. Feb. 16, 2022) (describing amendments and applicability provision); Newman v. Amazon.com, Inc., No. 21-531, 2022 WL 971297, at *11 (D.D.C. Mar. 31, 2022) (finding claims barred under applicability provision).

Unfortunately for Doe, this is where she trips up. Her claims fall into the category of those potentially revived under § 5(a)(2) of the Act, assuming that they "aris[e] out of sexual abuse." D.C. Code. § 12-301(11). To explain more fully, under the previous version of D.C. Code § 12-301(11), her claims must have been filed by 2013, seven years after she turned 18. Id. (2017); Pl. Opp. to Ellington MTD at 5 (noting Plaintiff was 16 in 2004). They were not. Whether they may be revived, then, turns on whether she filed this suit within two years of May 3, 2019. See D.C. Law 22-311 § 5(a)(2). She did not. The Court is thus constrained to conclude that Doe has no recourse here: all of her claims against all Defendants are time barred. That conclusion in no way sanctions what allegedly occurred here, and it exonerates neither Ellington

8

nor the other Defendants. Yet courts must follow all laws, including applicable statutes of limitations.

## IV. Conclusion

For the foregoing reasons, Defendants' Motions to Dismiss will be granted. A separate Order so stating shall issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: August 5, 2022